E-FILED
Friday, 01 April, 2016  09:58:07 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **MARY MADISON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**KENCO LOGISTIC SERVICES, et. al.,** )<br>)<br>**Defendants.** ) | **Case No. 15-cv-2290-CSB-EIL** |

### MEMROANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, KENCO LOGISTIC SERVICES, and KELVIN WALSH, by and through their counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move this Honorable Court to partially dismiss *with prejudice* Plaintiff's Complaint for the reasons set forth in this Memorandum of Law as well as the accompanying Motion to Dismiss.  In support thereof, Defendants state as follow:

### INTRODUCTION

Defendants request dismissal of several of Plaintiff's claims that are improperly included in this discrimination complaint without any legal basis to support them. First, Plaintiff has checked off the box for age discrimination on her *pro se* complaint, but age discrimination is outside the scope of what was alleged in her Illinois Department of Human Rights and cross-filed Equal Employment Opportunity Commission charge. Additionally, all of Plaintiff's state law tort claims, alleging: conspiracy, aiding and abetting, as well as intentional and willful interference are improperly tacked onto this employment discrimination lawsuit and should be dismissed. Plaintiff's claim for civil conspiracy must be dismissed because Plaintiff fails to plead the elements of a conspiracy. Furthermore, the claim of conspiracy is barred by the intra-

corporate conspiracy doctrine and preempted by the Illinois Human Rights Act. Similarly, Plaintiff's claim of aiding and abetting must be dismissed because there is no separate cause of action in Illinois for "aiding and abetting" and even if Plaintiff were alleging that Defendants "aided and abetted" in a separate tort, this would be preempted by the Illinois Human Rights Act. Plaintiff's claim of willful and intentional interference must be dismissed because the tort of interference requires the existence of a contractual relationship and Plaintiff has failed to plead any elements to support this claim. Finally, Defendants request dismissal of Defendant Kelvin Walsh with prejudice, because Plaintiff cannot bring an employment discrimination claims against an individual; furthermore, Walsh was not named in the underlying IDHR charge.

Accordingly, for the reasons stated herein, Defendants respectfully request that this Court dismiss Plaintiff's claims for age discrimination, conspiracy, aiding and abetting and intentional and willful interference as well as any claims against the individual defendant Kelvin Walsh because all of these allegations fail to state a claim pursuant to Fed. Civ. Pro. 12(b)(6) or are otherwise barred and, taking Plaintiff's facts as true, Plaintiff has not alleged facts that could support a basis to proceed with these claims.

## FACTS[1]

Plaintiff Mary Madison was hired on or about May 13, 2013 to work as a Quality Engineer for Kenco (*See,* Complaint at ¶4). Plaintiff worked at the Manteno, Illinois facility where Kenco performed services for Mars, Inc. (Complaint at ¶4; *see also,* Charge of Discrimination attached as Ex.1 to Complaint). Kenco acted as an agent of Mars (Complaint at ¶8). During her employment, Plaintiff was supervised by Kelvin Walsh, a white male, who was the General Manager (Complaint at ¶9). Madison feels that she was not given proper work

---

[1] For purposes of a 12(b)(6) Motion to Dismiss, Defendants accept Plaintiff's facts as true. Defendants reserve the right to contest any of these facts at a later date, should Defendants' Motion to Dismiss be denied.

instructions, goals and assignment information from Walsh after being hired (*See,* Complaint at ¶13). Plaintiff continued to have problems in her working relationship with Walsh and felt she was being treated differently than others (Complaint at ¶26-29). On June 25, 2013 Madison reported to Human Resources that she believed she was being treated differently because of her sex and race (Complaint at ¶33). On July 8, 2013 Walsh and Leonard Szplett, Human Resources Manager, met with Plaintiff and presented her with a Performance Improvement Plan (Complaint at ¶39-40). Madison disagreed with the Performance Improvement Plan and felt that it did not give Plaintiff a reasonable plan for how to comply (Complaint at ¶47, 54). Thereafter, Plaintiff continued to feel she was being treated unfairly and in an abusive manner (Complaint at ¶58-60). Approximately one month after receiving the Performance Improvement Plan, on August 9, 2013, Madison was terminated for the stated reason of failing to meet the expectations laid out in the Performance Improvement Plan (Complaint at ¶94). On August 29, 2013 Madison filed a charge of discrimination with the Illinois Department of Human Rights alleging gender discrimination, race discrimination and retaliation (*See,* Charge of Discrimination attached as Ex. 1 to Complaint).   Plaintiff believes that Kenco and their attorneys submitted incorrect information to the Illinois Department of Human Rights during the administrative investigation (Complaint at ¶72-73).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), this Court may grant a motion to dismiss if the Complaint "fail[s] to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  In analyzing this motion to dismiss, the Court must be guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 129 S.

Ct. 1937 (2009). These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts." *Iqbal*, 129 S. Ct. at 1953.

Under *Twombly* and *Iqbal,* to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570.) To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Dismissal is appropriate if the "allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly,* 550 U.S. at 555. "A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A court must analyze whether the non-conclusory factual allegations, if taken as true, set forth facts sufficient to allege each element of the claim and establish a plausible claim for relief. *Iqbal*, 192 S. Ct. at 1950.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider the allegations in the Complaint, as well as documents attached to the motion that are referenced in the Complaint. *See, Titus v. Ill. DOT*, 828 F. Supp. 2d 957, 2011 U.S. Dist. LEXIS 144158 (N.D. Ill. 2011) (citing Fed. R. Civ. P. 10(c)). If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.

## ARGUMENT

### I.    Plaintiff's Claim of Age Discrimination is Barred.

In the context of an employment discrimination case, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. *Cheek v. W. and S. Life Ins. Co.*,

4

31 F.3d 497, 500 (7th Cir. 1994). This rule is meant to afford the EEOC and the employer the opportunity to resolve the dispute through conciliation, and to give the employer notice as to the conduct at issue. *Mazur v. City of Chicago*, 2012 U.S. Dist. LEXIS 5420, *4, 2012 WL 138604 (N.D. Ill. Jan. 18, 2012). While courts may interpret a charge of discrimination generously, particularly when a *pro se* plaintiff is involved, the claims being asserted in a lawsuit must grow out of the allegations in the original administrative charge or be reasonably related to those allegations in order to be considered within the scope of the original charge. *See, Lee v. Gas Tech. Inst.,* 2005 WL 1865985 (N.D. Ill. June 9, 2005)(dismissing a plaintiff's claim of national origin discrimination where the charge only mentions age discrimination, and therefore did not supply any facts that could be found to give rise to a claim of national origin discrimination).

Here, Plaintiff's charge alleged race discrimination, gender discrimination and retaliation but did not allege age discrimination. As a result, the age discrimination claim cannot proceed. Numerous courts in the Northern District have reached the same conclusion and dismissed federal claims of age discrimination that are outside the scope of the administrative charge upon which the lawsuit is based. *See, Jones v. Bremen High Sch. Dist. 228,* 2009 U.S. Dist. LEXIS 43836, 2009 WL 537073 (N.D. Ill. Mar. 4, 2009)(dismissing age discrimination claim that was not included in underlying charge of discrimination); *see also, Smith v. CNA Fin. Corp.,* 2011 U.S. Dist. LEXIS 44268, *22 (N.D. Ill. Apr. 25, 2011)(dismissing age discrimination claim as outside the scope of charge and noting that "[e]ven if it is possible that the alleged age discrimination could have been discovered in the course of the EEOC's investigation, Smith's age-based claim must be dismissed because the administrative charges gave notice only of the race discrimination"). Checking off a complaint box for a new theory of discrimination that was never previously alleged or investigated is insufficient to maintain that claim. As a result,

5

Madison's claim of age discrimination is outside the scope of her underlying charge and must be dismissed with prejudice.

Notably, Plaintiff did not include her birthday on her original IDHR charge, so the face of the original charge attached to Plaintiff's complaint does not even allege that she is over 40, which supports dismissing the age discrimination claim as outside the scope of the charge. Regardless, simply stating that you are over 40 is not sufficient to put the IDHR on notice that a complainant is alleging an age discrimination claim which requires investigation. *See, Harris v. City of Chicago,* No. 07 CV 3982, 2008 U.S. Dist. LEXIS 50606 (N.D. Ill. June 30, 2008) ("To allow a claimant to assert an age discrimination claim simply by filling in his date of birth would thwart one of the primary purposes of an EEOC charge, which is to notify the EEOC or the defendant that age discrimination was an issue to be investigated and addressed in any conciliation efforts."). In short, the underlying administrative charge did not allege age discrimination, nor did it provide any facts that would have supported a *prima face* case of age discrimination.  Accordingly, Defendants respectfully request that Plaintiff's age discrimination claim be dismissed with prejudice.

## II.    Plaintiff's Claim of Conspiracy is Barred.

### A.  Plaintiff's Claim is Barred by the Intra-Corporate Conspiracy Doctrine.

Plaintiff next alleges that Defendants' decisions to not train Plaintiff properly and terminate her amounted to a conspiracy. This claim fails on its face because it lacks any allegations of an agreement between two or more persons.  *See, Adcock v. Brakegate Ltd.,* 164 Ill.2d 54, 64 (Ill. 1994). All defendants were either Kenco or agents of Kenco, and are therefore not considered separate "persons" for purposes of a conspiracy claim. The intra-corporate conspiracy doctrine provides that, because the acts of an agent are considered to be the acts of

the principal, an agent[2] acting within the scope of his employment cannot conspire with the principal nor with other agents. *See Buckner v. Atl. Plant Maint., Inc.*, 182 Ill.2d 12 (1998); *Bilut v. Northwestern* Univ., 296 Ill.App.3d 42, 49 (1998); *Owens-Corning Fiberglas Corp.*, 291 Ill.App.3d 165, 173, (1997) ("[A] civil conspiracy cannot exist between a corporation's own officers or employees."). Here, all of the named defendants were agents of Kenco at the time of the alleged discrimination that is stated in Plaintiff's complaint. As a result, a conspiracy cannot legally exist between the Defendants.   Defendants respectfully request that this claim be dismissed.

### B.  Plaintiff's Conspiracy Claim is Further Barred by the Illinois Human Rights Act.

Plaintiff's conspiracy claim also fails because it is preempted by the Illinois Human Rights Act.  The language of the Illinois Human Rights Act explicitly limits a court's jurisdiction over civil rights violations to actions that may be brought under the Act. *See,* 775 ILCS 5/8-111(D) (2016). Simply stated, the Illinois Human Rights Act is designed to be the exclusive remedy for Illinois civil rights violations and a plaintiff cannot bring a claim that consists of discrimination theories and simply re-title it as a separate claim, such as a tort. To determine whether a tort law claim is preempted by the Illinois Human Rights Act, Illinois courts look at "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Illinois Human Rights Act itself." *See, e.g., Naylor v. Streamwood Behavioral Health Sys.,* 2012 U.S. Dist. LEXIS 162084, *9 (N.D Ill. Nov. 13, 2012)(dismissing torts of negligence and intentional infliction of emotional distress as preempted by the Illinois Human Rights Act); *Bannon et al. v. University of Chicago*, 503 F.3d

---

[2] While Plaintiff names Mars, Inc. as a separate defendant in this litigation, Plaintiff's complaint alleges that Kenco and Mars had an agency relationship, which would mean Kenco and Mars could not be considered separate parties for purposes of stating a claim for conspiracy (*See,* Complaint at ¶8).

623, 630 (7th Cir. 2007) (discussing when a claim is preempted, and affirming dismissal of intentional infliction of emotional distress claim).

Here, regardless of how many detailed paragraphs Plaintiff's complaint includes about how she believes her manager withheld information from her that she needed in order to do her job, or whether he was rude to her during meetings, or various Kenco employees and agents conspiring against her in different ways during the investigation of her IDHR charge, all of the allegations still boil down to the question of whether or not Plaintiff's termination was discriminatory. As a result, Plaintiff has completely failed to plead any facts to separate the tort claim of conspiracy from the discrimination allegations themselves. Plaintiff has not demonstrated a basis for being able to proceed with a claim of conspiracy that is distinct from his claims of discrimination, and as a result, the Illinois Human Rights Act preempts Plaintiff's claim of conspiracy.

### III.    Plaintiff Fails to State a Claim for Aiding and Abetting.

Plaintiff's *pro se* complaint also lists "aiding and abetting" as an alternative cause of action against Defendants.  However, case law in Illinois is clear that there is no separate tort for "aiding and abetting." *Yates v. John Marshall Law Sch*., 2009 U.S. Dist. LEXIS 39819, *27, 2009 WL 1309516 (N.D. Ill. May 11, 2009)("aiding and abetting" claim does not exist, and therefore was dismissed); *E. Trading Co. v. Refco, Inc.,* 229 F.3d 617, 623 (7th Cir. 2000) ("Law should be kept as simple as possible. One who aids and abets a fraud is guilty of the tort of fraud (sometimes called deceit); nothing is added by saying that he is guilty of the tort of aiding and abetting as well or instead."). Thus, while aiding and abetting could be a viable claim if it was based on an underlying tort itself (such as aiding and abetting fraud or a conspiracy), Plaintiff has not and cannot plead elements to explain any type of tortious conduct that Defendants

allegedly "aided and abetted". If Plaintiff's "aiding and abetting" claim is meant to be tied to the claim of conspiracy, then Plaintiff has not pled sufficient elements of aiding and abetting in a conspiracy, since the conspiracy claim already failed to state a claim for reasons discussed above. To the extent that Plaintiff is arguing that Defendants "aided and abetted" in discrimination, this tort would be preempted by the Illinois Human Rights Act, since it would not be alleging any independent basis for recovery outside of a civil rights violation, and the discrimination laws are the appropriate avenue for that type of relief. *See Naylor,* 2012 U.S. Dist. LEXIS 162084 at *9.  In short, Plaintiff's complaint is nothing more than an employment discrimination complaint, and simply adding additional terms like "aiding and abetting" without citing to any additional conduct does not give Plaintiff an additional claim.

### IV.    Plaintiff Fails to State a Claim for Intentional and Willful Interference

Similar to the claims discussed above, Plaintiff's complaint lists "willful and intentional interference" as a cause of action, but once again does not plead any facts regarding this claim. First, it is difficult to even understand what type of cause of action Plaintiff is pleading. While there is no viable claim in Illinois called "willful interference," there are several types of interference claims that do exist under Illinois law such as interference with contract, or tortious interference with business expectancy. Assuming Plaintiff is trying to plead willful interference with a contract, under Illinois law, the required elements of a claim of tortious interference with a contract are "(1) a valid contract, (2) defendant's knowledge of the existence of the contract, (3) defendant's intentional and malicious inducement of the breach of the contract, (4) breach of contract caused by defendant's wrongful conduct, and (5) resultant damage to the plaintiff." *Fuller v. Chicago Coll. of Osteopathic Med.,* 719 F.2d 1326, 1330 (7th Cir. 1983). A tortious interference with a contract claim requires that a contract exists between the plaintiff and a third

party other than the defendant. *See, Emery v. Northeast Ill. Reg'l Commuter R.R. Corp.,* 2003 U.S. Dist. LEXIS 16403, No. 02 C 9303, 2003 WL 22176077, at *8 (N.D. Ill. Sept. 18, 2003); *Ellsworth v. URS Constr. Servs.,* 2005 U.S. Dist. LEXIS 12383, *19, 2005 WL 608240 (N.D. Ill. Mar. 11, 2005). Here, because the employment relationship was at-will and solely between Plaintiff and Kenco, Plaintiff cannot allege that Defendant interfered with some relationship or agreement between Plaintiff and a third party. Plaintiff's allegations that Defendant took any adverse employment action would not form the basis for a claim of interference because Defendant, as the employer, routinely takes employment actions as to its employees, and has a right to do so, regardless of whether Plaintiff agrees with the reasons for its termination decision. Thus, Kenco is not "interfering" with anything when it terminated Plaintiff's employment because Defendant was merely managing its own internal business decisions.

Alternatively, any tortious interference claim under Illinois law would still be subject to dismissal because it would be preempted by the Illinois Human Rights Act. Plaintiff's tort theories are clearly inextricably intertwined with her discrimination claims. *See Naylor v. Streamwood Behavioral Health Sys.,* 2012 U.S. Dist. At *9 (N.D Ill. Nov. 13, 2012).

For all of these reasons, Defendants request that Plaintiff's claim of willful interference be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

**V.    Individual Defendant Kelvin Walsh Should Be Dismissed With Prejudice.**

Defendant Kelvin Walsh should be dismissed with prejudice from this litigation because he is not a proper party to Plaintiff's lawsuit that arises from allegations of employment discrimination. First and foremost, it is well settled Seventh Circuit law that a manager or other agent of an employer is not considered an "employer" under Title VII. This is because Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or

more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such person…" *See,* 42 U.S.C. §2000e-2(a). The statutory language of Title VII makes clear that the employer is liable for the discriminatory acts of the agents, so individual liability does not exist under Title VII because the individual would not personally meet the definition of an "employer." *See e.g., Walker v. Marion County Sheriff's Dep't.,* 1997 U.S. App. LEXIS 35315, *7-8 (7th Cir. Dec. 11, 1997) (discussing *respondeat superior* liability under Title VII and holding that the plaintiff was precluded from suing the individual defendants named in his suit under Title VII); *see also, Shockley, v. Syoboda,* 342 F.3d 736, 738-39 (7th Cir. 2003)(individual employee cannot be liable under Title VII); *EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1281-82 (7th Cir. 1995); *Geier v. Medstronic. Inc.,* 99 F.3d 238, 244 (7th Cir. 1996). In short, Walsh does not fit within the meaning of an "employer" under Title VII, and for that reason, Plaintiff cannot maintain claims against Walsh under this lawsuit.

As a separate reason why Plaintiff cannot proceed against Defendant Walsh, the charge attached to Plaintiff's complaint was only filed against Kenco and did not name Walsh as a Respondent at the administrative stage. Generally, a plaintiff cannot add parties to a discrimination lawsuit who were not named in the underlying EEOC charge, because they were not put on notice of the allegations and given an opportunity to resolve the matter at the administrative level. *See, Schnellaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir. 1989); *see also, Walker,* 1997 U.S. App. LEXIS at *8, (Because the plaintiff had not named the individual defendants in the underlying administrative charge, they were dismissed).

Defendants respectfully request that Walsh be dismissed *with prejudice* from this lawsuit.

## <u>CONCLUSION</u>

For all the reasons stated above, Defendants respectfully request that this Court grant their Motion to Partially Dismiss and enter an Order dismissing Plaintiff's claims of: age discrimination, conspiracy, aiding and abetting, and intentional and willful interference with prejudice, as well as dismissing individually named Defendant Kelvin Walsh from this litigation *with prejudice* because these claims are barred, and granting such other relief as this Court deems just and proper.

Dated: April 1, 2016

Respectfully submitted,

**KENCO LOGISTIC SERVICES AND
KELVIN WALSH**

By:/___/s/ Jody Wilner Moran_____
    One of its Attorneys

Jody Wilner Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## <u>CETIFICATE OF SERVICE</u>

I, Jody W. Moran, an attorney, hereby certify that on April 1, 2016, I electronically filed a copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail, to the following non-ECF participant:

>Mary Madison (*pro se*)
>9758 South Charles
>Chicago, IL 60643

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

>Thomas R. Davies
>Harry Harmon
>Kimberly J. Overbaugh
>Harmon & Davies, P.C.
>2306 Columbia Avenue
>Lancaster, PA 17603
>tdavies@h-dlaw.com
>rharmon@h-dlaw.com
>koverbaugh@h-dlaw.com

>By: /s/ Jody W. Moran
>　　　One of the Attorneys for the Defendant