## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| MARY MADISON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 15-CV-2290** |
| | ) | |
| KENCO LOGISTICS SERVICES, MARS | ) | |
| INC., and KELVIN WALSH, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Defendant Mars Inc. filed its Motion to Dismiss (#18) on March 21, 2016.

Defendants' Kenco Logistics Services and Kelvin Walsh filed their own Motion to

Dismiss (#23) on April 1, 2016.  Plaintiff filed her Responses (#28), (#29) on April 18,

2016.  For the following reasons, Defendants' Motions to Dismiss (#18), (#23) are

GRANTED in part and DENIED in part.

BACKGROUND

*Pro se* Plaintiff Mary Madison filed her Complaint (#1) on December 8, 2015.  The

complaint alleges that discrimination occurred at the Mars-Manteno Facility at 1125

Sycamore Road in Manteno, Illinois.  Plaintiff alleges Defendants began discriminating

against her around July 2013.  On the form complaint sheet filed by Plaintiff, Plaintiff

checked the following boxes alleging certain types of discrimination: (1) age (in

violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621); (2) race (in

violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e); (3) sex/gender (in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e); (4) conspiracy; (5) intentional willful interference; and (6) aiding and abetting.

Plaintiff checked boxes on the "Facts In Support of Claim" section of the form complaint, alleging that Defendants intentionally discriminated against her by: failing to stop harassment; by retaliating against Plaintiff because she did something to assert rights protected by the laws; by coercing, intimidating, threatening or interfering with Plaintiff's exercise or enjoyment of rights; with respect to the compensation, terms, conditions, or privileges of employment; and hostile and animus work environment based on race, misrepresentation, and intentional infliction of emotional distress. Plaintiff then provided 23 pages of factual allegations detailing her claims.

Plaintiff indicated that she filed charges before the U.S. Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR). The IDHR and EEOC charge, attached as an exhibit to the complaint, names only Defendant Kenco as the respondent, and only alleges discrimination based on sex and race: on July 8, 2013, she was placed on performance improvement plan by Kelvin Walsh, Kenco's general manager, for job performance issues, while similarly situated non-black employees and male employees whose job performance was comparable to hers were not placed on the plan, and that her placement on the plan followed her participation in protected activity within such a period of time as to raise an inference of retaliatory motive.

Plaintiff charged that, on August 9, 2013, she was discharged by Kenco and Walsh with no reason given. She alleged similarly situated non-black male employees whose job performance was comparable to hers were not discharged. She further alleges that this was retaliatory discharge for a complaint she made to Human

2

Resources on June 25, 2013, that she was being treated differently because of her race.

On September 4, 2015, the EEOC sent Plaintiff a copy of her Notice of Right to Sue.

ANALYSIS

Defendants Kenco and Walsh raise several arguments in their motion: (1) Plaintiff's age discrimination claim should be dismissed because it is outside the scope of her initial EEOC charge, and not reasonably connected to any of the facts contained in the underlying charge attached to Plaintiff's suit; (2) the conspiracy claim should be dismissed due to intra-corporate conspiracy doctrine and because it is preempted by the Illinois Human Rights Act (IHRA); (3) the claim of "aiding and abetting" should be dismissed because it too would be preempted by IHRA and does not exist; (4) the willful interference claim is preempted by the IHRA and, additionally, Plaintiff has not pled the elements to state a cognizable claim; and (5) individual Defendant Walsh should be dismissed because Title VII does not allow for claims against individuals.

Defendant Mars, Inc. argues that: (1) Plaintiff failed to exhaust her administrative remedies with regard to the age discrimination claim and Title VII race and gender discrimination claims; (2) Plaintiff has failed to state a claim for race discrimination under 42 U.S.C. § 1981; and (3) Plaintiff has failed to establish the existence of an agency relationship between Mars and Kenco.

In regards to the standard applied to a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6), the Seventh Circuit has recently stated:

> To survive a motion to dismiss under Rule 12(b)(6), the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir.2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands, so they do not help a complaint survive a Rule 12(b)(6) motion. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir.2010).
>
> A pleader's responsibility is to state a claim for relief that is plausible on its face. *Id*. at 404 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must "ask itself could these things have happened, not did they happen." *Id*. (emphasis there). The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations. *Olson*, 784 F.3d at 1099.
>
> In *Swanson*, this Court had occasion to apply current pleading standards to a discrimination claim (under the Fair Housing Act rather than Title VII, but that difference is immaterial here — both statutes forbid discrimination on account of race). A complaint that identified "the type of discrimination" the plaintiff thought occurred, "by whom, ... and when" was "all [the plaintiff] needed to put in her complaint." *Swanson*, 614 F.3d at 405. See also *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781–82 (7th Cir.2007) (religious discrimination plaintiff need only say that the employer held the worker's religion against him).

*Huri v. Office of Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 832-33 (7th Cir. 2015).

*Defendants Kenco and Walsh's Motion to Dismiss (#23)*

1.  <u>Age Discrimination</u>

Defendants argue that Plaintiff's age discrimination claim should be dismissed because it is outside the scope of her initial EEOC charge and is not reasonably connected to any of the facts contained in the underlying charge attached to Plaintiff's suit.  In her Response (#28), Plaintiff concedes that "[d]ue to an error in submission, age was inappropriately filed as a charge and should be dismissed."  Therefore, the court dismisses the ADEA age discrimination claim.

2.  <u>State Conspiracy, Willful Interference, and Aiding and Abetting</u>

Defendants argue that Plaintiff's claims for conspiracy, willful interference, and aiding and abetting should be dismissed because these are tort claims under Illinois law, and would be preempted by the Illinois Human Rights Act.  Defendants argue that the IHRA preempts any supplemental state law claims with respect to civil rights violations, and therefore, this court is without jurisdiction over state law claims alleging conspiracy, willful interference, and aiding and abetting. The court agrees.  One district court to address the issue stated:

> The IHRA states that "[e]xcept otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8–111(D). Specifically, the IHRA preempts state law claims that are, in essence, claims that seek redress for civil rights violations within the meaning of the IHRA. *Geise v. Phoenix Co. of Chi., Inc.*, 159 Ill.2d 507, 516, 203 Ill.Dec. 454, 639 N.E.2d 1273 (1994). In deciding if a claim is properly before the court, it must be determined "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 517, 227 Ill.Dec. 98, 687 N.E.2d 21 (1997). The issue is whether the plaintiff

can "establish the necessary elements of each tort independent of any legal duties created by the [IHRA]." *Naeem v. McKesson Drug, Co.*, 444 F.3d 593, 602 (7th Cir.2006) (quotation marks omitted). If plaintiff is unable to do so, then the common law tort claim is inextricably linked to a civil rights violation and will be preempted by the IHRA. *Maksimovic*, 177 Ill.2d at 518, 227 Ill.Dec. 98, 687 N.E.2d 21. When a claim is preempted by the IHRA, an Illinois state court lacks jurisdiction over it, and thus, so does a federal district court sitting in Illinois which is considering a supplemental state claim. Guy v. State of Ill., 958 F.Supp. 1300, 1312 (N.D.Ill.1997). Instead, such claims proceed in front of the Illinois Human Rights Commission. Id.

*Naylor v. Streamwood Behavioral Health System*, 2012 WL 5499441, at *3 (N.D. Ill. Nov. 13, 2012).

Here, based on arguments made in Plaintiff's response, the conspiracy, aiding and abetting, and willful interference claims would certainly be linked to the alleged civil rights violations: discrimination against Plaintiff based on race and gender. Plaintiff cannot establish the necessary elements of each tort, independent of any legal duties created by the IHRA. See *Naeem*, 444 F.3d at 602. Thus, because Plaintiff could not plead conspiracy, aiding and abetting, or willful interference without reference to the alleged civil rights violations and duties imposed by Title VII, the IHRA preempts these claims, and this court lacks jurisdiction to consider them. See *Naylor*, 2012 WL 5499441, at *4.

3.     Federal Conspiracy Claim and § 1981 Racial Discrimination Claim

Although Plaintiff did not state the legal basis for her conspiracy claim in her Complaint, Plaintiff's Response makes reference at various points to 42 U.S.C. § 1985(3), a federal conspiracy claim. Plaintiff also checked the box for racial discrimination under 42 U.S.C. § 1981. Liberally construing *pro se* complaints, the court finds that, by

6

checking the box for racial discrimination and conspiracy and the boxes stating she was discriminated against via retaliation, coercion, and other terms and conditions of her employment, that Plaintiff has stated a claim for racial discrimination under § 1981 and conspiracy under § 1985(3). See *Rogers v. Community Care Systems*, 2013 WL 4482692, at *3 (C.D. Ill. Aug. 20, 2013); *Abdullahi v. Prada USA Corp.*, 520 F.3d 710, 711-12 (7th Cir. 2008).

Defendants' arguments concerning the intra-corporate conspiracy doctrine or the elements of conspiracy may be raised in a later motion following discovery once the record has been more fully developed.

4.      Individual Defendants

Defendants argue that Kelvin Walsh should be dismissed as individual defendant in the Title VII claims because (1) he is not an "employer" under Title VII and (2) because Plaintiff's EEOC charge was filed only against Kenco, and thus Walsh was not put on notice of the allegations and given an opportunity to resolve the matter at the administrative level.

Plaintiff's complaint states that Walsh was a general manager at Kenco. Under Title VII, the Seventh Circuit has held that individuals, generally, are not proper Title VII defendants. *Showalter v. Richmond*, 2010 WL 746785, at *2 (S.D. Ind. Feb. 26, 2010), citing *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). The focus is on the employer entity as a whole, not on individual managers or supervisors, who are not individually liable for an employer's violations of federal discrimination statutes. *Schandelmeier-Bartels v. Chicago Park District*, 634 F.3d 372, 380 (7th Cir. 2011). Plaintiff

has made no allegation that Walsh is her actual employer or that Walsh owns the businesses in question.  Therefore, Walsh is dismissed from Plaintiff's Title VII race and gender discrimination claims.

Thus, based on the above, the following claims are dismissed: Plaintiff's federal ADEA age discrimination claim; Plaintiff's state conspiracy, aiding and abetting, and willful interference claims; Plaintiff's Title VII race and gender claims against individual Defendant Walsh.  Plaintiff's Title VII race and gender discrimination claim remains pending against Defendant Kenco.  Plaintiff's § 1981 racial discrimination claim and § 1985(3) conspiracy claim remain pending against Defendants Kenco and Walsh.

*Defendant Mars, Inc.'s Motion to Dismiss (#18)*

Defendant Mars, Inc., argues that they should be dismissed from the case because Plaintiff has failed to exhaust her administrative remedies with respect to her claim against Mars for Title VII race and gender discrimination (the claims for age discrimination, as well as "aiding and abetting", willful interference, and state law conspiracy are dismissed for the reasons noted above).  Defendant Mars also argues that Plaintiff has failed to state a claim for race discrimination under § 1981.

1.    § 1981

For the reasons stated above, the court finds that, at this stage of the proceedings, Plaintiff has stated a claim against Defendant Mars for racial discrimination based on § 1981.  Defendant Mars' motion is denied as to that respect.

2.    Title VII Race and Gender Discrimination Claims

Defendant Mars argues that the Title VII race and gender claims against it is barred because Mars was not mentioned anywhere in Plaintiff's original EEOC charge of discrimination. Further, Mars argues that the last alleged date of discrimination noted in the EEOC charge was August 9, 2013, thus any charge against Mars would have had to have been filed within the year, and any filing now would be untimely.

> Prior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, 42 U.S.C. § 2000e–5(f)(1), and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir.2008) (citing *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir.2001); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989)). This requirement "gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir.2005) (citation omitted). With this two-fold purpose in mind, we have recognized an exception to the rule that a party not named in the EEOC charge is not subject to suit under Title VII where the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]" *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) (citations omitted).

*Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013).

Here, Plaintiff did not name Mars in her EEOC charge. There is no mention of Mars anywhere in the charge. Further, Plaintiff has made no allegation in her Complaint that the *Eggleston* exception applies and that Mars had been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. See *Eggleston*, 657 F.2d at 905. Further, in order to have met the required timing with

9

respect to any discrimination claims against Mars, Plaintiff would have had to file her charges against Mars well over a year ago. In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely. *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). Plaintiff did not do so. Because Plaintiff failed to exhaust her administrative remedies against Mars, the Title VII race and gender claims against Defendant Mars are dismissed.

IT IS THEREFORE ORDERED:

(1)     Defendants Kenco and Walsh's Motion to Dismiss (#23) and Defendant Mars' Motion to Dismiss (#18) are GRANTED in part and DENIED in part. The state conspiracy, willful interference, and aiding and abetting claims are dismissed against ALL Defendants. The ADEA age discrimination claim is dismissed against ALL Defendants. The Title VII race and gender discrimination claims are dismissed against all Defendants EXCEPT Kenco. Thus, the §§ 1981 racial discrimination and 1985(3) conspiracy claims remain pending against ALL Defendants and the Title VII race and gender claims remain pending against Defendant Kenco only.

(2)     This case is referred to Magistrate Judge Eric I. Long for further proceedings in accordance with this order.

ENTERED this <u>3rd</u> day of <u>May</u>, 2016.

s/ COLIN S. BRUCE
U.S. DISTRICT  JUDGE

10