IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.: 15-cv-02290-CSB-EIL |
| | ) | |
| v. | ) | Honorable Magistrate Judge Eric I. Long |
| | ) | |
| KENCO LOGISTICS SERVICES, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### DEFENDANT MARS, INC.'S OPPOSITION TO
### MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendant Mars, Incorporated, ("Defendant" or "Mars") by and through its undersigned attorneys, responds to Plaintiff Mary Madison's Motion for Entry of Default Judgment as follows:

On August 23, 2016, Plaintiff Mary Madison filed a Motion for Entry of Default Judgment and an Affidavit in Support of this Motion. Madison correctly notes that her complaint was served upon Mars on or about March 1, 2016 and that the Court had indicated that an answer was due on March 22, 2016. She incorrectly notes that Mars filed a dispositive Motion on March 31, 2016; the Motion was filed on March 21, 2016. Following the Order issued by Judge Bruce on May 3, 2016, only Plaintiff's Sections 1981 and 1985 remained pending against Mars.

As the Court is aware, this case is one of three virtually identical matters filed by *pro se* plaintiffs against Kenco Logistic Services, several current or former employees of Kenco and Mars. The plaintiffs have been approaching their cases in very similar ways. The Court has

scheduled several status conferences to be held back to back to back on the cases. Most recently, at the status conferences held on July 21, 2016 there was discussion at each conference about the filing of amended complaints. It is the recollection of the undersigned and his co-counsel, Kimberly Overbaugh, that Plaintiff Madison indicated that she would be filing an amended complaint and that she was reminded by the Court that it had to be filed by September 1, 2016 in accordance with the scheduling order.

Based on her representations and consistent with the approach taken in the other cases, where the Court set a deadline for the responsive pleading after reviewing the amended complaint, Mars counsel thought it was agreed upon that no answer would be filed until those steps had been taken. To date, no amended complaint has been filed. Instead, Plaintiff filed this Motion and is seeking relief which is inconsistent with her remaining claims.

It is respectfully suggested Mars failure to file an Answer to the complaint resulted from, at most, a misunderstanding regarding the agreed upon process to address this unusually pled complaint and certainly does not indicate a willful disregard of any legal obligation. We think it is also clear that the averments set forth in Mars Motion to Dismiss for Failure to State a Claim establish that Mars has a meritorious defense to the remaining portions of Plaintiff's complaint. In addition, the Court can review the Answers filed by Mars in the *Nathan E. Doss v. Kenco, et al.,* 15-cv-02287 and *Morris Tyson v. Kenco, et al.*, 15-cv-02288 matters for a further showing of the existence of a meritorious defense.

The 7th Circuit, like most courts, "has a well-established policy favoring a trial on the merits over a default judgment." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Company*, 726 F.2d 1202, 1205 (7th Cir. 1984) In connection with an action to set aside a default judgment,

the court stated, "[t]he philosophy of modern federal procedure favors trial on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action and where the default has not been willful." *A.F. Dormeyer Company v. M.J. Sales & Distributing Co.,* 461 F.2d 40, 43 (7th Cir. 1972)

In *Ellingsworth v. Chrysler*, 665 F.2d 180,185 (7th Cir. 1981) the Court stated that "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proved unavailing."   Utilizing the tests established by these cases, Mars would be entitled to relief even if a default judgment had already been entered.

For all of the foregoing reasons, it is respectfully suggested that the Court deny Plaintiff's Motion For Entry of Default Judgment.  Mars is in the process of preparing its Answer to the complaint and anticipates filing it within the next few days.

Respectfully submitted,

Dated: 8/26/2016

S/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236

Attorneys for Defendant,
Mars, Incorporated

**CERTIFICATE OF SERVICE**

        The undersigned, one of the attorneys of record herein in this matter, certify that on August 26, 2016, the aforementioned Defendant Mars, Incorporated's Opposition to Default Judgment was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail:

        Mary Madison
        9758 South Charles
        Chicago, IL  60643


        Jody W. Moran, Esq.
        Julia Pearce Argentieri, Esq.
        Jackson Lewis
        150 North Michigan Ave., Suite 2500
        Chicago, IL  60601
        MoranJ@jacksonlewis.com
        julia.argentieri@jacksonlewis.com


        S/ Thomas R. Davies
        Thomas R. Davies, Esq.
        Kimberly J. Overbaugh, Esq.
        HARMON & DAVIES, P.C.
        2306 Columbia Ave.
        Lancaster, PA 17603
        Tel. (717) 291-2236
        Fax (717) 291-2236