IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.: 15-cv-02290-CSB-EIL |
| | ) | |
| v. | ) | Honorable Magistrate Judge Eric I. Long |
| | ) | |
| KENCO LOGISTICS SERVICES, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANT MARS, INC.'S ANSWER TO COMPLAINT**

Defendant Mars, Incorporated, ("Defendant" or "Mars") by and through its undersigned attorneys, responds to Plaintiff Mary Madison's Complaint, filed on August 25, 2016, as follows:

## I. PARTIES

1.    Admitted.

2.    Admitted upon information and belief.

3.    Admitted in part, denied in part. Admitted upon information and belief that Kenco Logistics is a Tennessee Limited Liability Company with a street address of 2001 Riverside Drive, Chattanooga, TN 37406 and a phone number of (473)756-5552. Denied that Mars, Incorporated's street address and phone number are the same as that of Kenco referred to above. By way of further response, the street address of Mars, Incorporated is 6885 Elm Street, McLean, Virginia 22101. The phone number for the Mars, Incorporated office in McLean, Virginia is (703) 821-4900. After reasonable investigation, Defendant denies having knowledge sufficient to answer the remaining allegations set forth in Paragraph 3, therefore said allegations are denied. Strict proof at the time of trial, to the extent admissible, is demanded.

4.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 4, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

5.      Denied.  The allegation contained in Paragraph 5 is denied to the extent that Plaintiff is referring to Defendant, Mars, Incorporated as Plaintiff was never employed by Mars, Incorporated.  Strict proof at the time of trial, to the extent admissible, is demanded.  By way of further response, it is Mars' understanding that Plaintiff was an employee of Defendant Kenco.

6.      Denied.  The allegation contained in Paragraph 6 constitutes a conclusion of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

## II.      JURISDICTION

7.      Denied.  The allegations contained in Paragraph 7 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

8.      Denied.  Denied that Plaintiff has filed a charge before the Equal Employment Opportunity Commission (EEOC) against Mars, Incorporated with respect to this claim for employment discrimination.  Strict proof at the time of trial, to the extent admissible is demanded.

9.      Denied.  Denied that Plaintiff has filed a charge before the Illinois Department of Human Rights (IDHR) against Mars, Incorporated with respect to this claim for employment discrimination.  Strict proof at the time of trial, to the extent admissible is demanded.

10.     Denied.  Denied that Plaintiff has received a Right to Sue Notice with respect to any claim for employment discrimination against Mars, Incorporated.  Strict proof at the time of trial, to the extent admissible, is demanded.

11.     Denied.  The allegations in Paragraph 11 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible is demanded.

12.     Denied.  Plaintiff refers to an attachment, later referenced on Page 10 of ECF #38 beginning with Paragraph 1 titled "Exhaustion of Administrative Remedies" through Paragraph 101, to which Defendant has responded accordingly below.  Paragraph 12 does not assert any separate facts, therefore no response is required.  To the extent that a response is required, such allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

13.     Denied.  The allegations in Paragraph 13 constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.  It is denied that Plaintiff is entitled to any relief in this matter.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff's introductory statement constitutes a conclusion of law to which no response is required.  To the extent that a response is required, said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

1.     Denied.  Defendant denies that Plaintiff has filed any charge, timely or otherwise, at any time against Mars, Incorporated with either the Illinois Department of Human Rights or the Equal Employment Opportunity Commission.

2.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 2, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

3.      Admitted in part, denied in part.  Defendant denies that Plaintiff has exhausted all administrative remedies with respect to his claims against Mars, Incorporated.  Strict proof at the time of trial, to the extent admissible, is demanded.  Admitted that no administrative prerequisites are required before a plaintiff files a complaint pursuant to the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the remaining allegations set forth in Paragraph 3, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

## FACTUAL ALLEGATIONS

4.      Denied.   The allegation that Kenco acted as an agent of Mars is denied as a conclusion of law to which to response is requires.  To the extent that a response is required, said allegations are denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the remaining allegations set forth in Paragraph 4, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

5.      Admitted upon information and belief.

6.      Admitted.

7.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 7, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

8.     Denied.   The allegation that Kenco acted as an agent of Mars is denied as a conclusion of law to which to response is required.   To the extent that a response is required, said allegations are denied.

9.     Admitted upon information and belief.

10.     Denied.   The allegation that Kenco acted as an agent of Mars is denied as a conclusion of law to which to response is requires.  To the extent that a response is required, said allegations are denied.

11.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 11, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

12.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph12, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

13.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 13, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

14.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 14, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

15.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 15, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

16.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 16, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

17.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in Paragraph 17, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

18.     The allegations set forth in this paragraph are a series of general statements about the importance of sanitation in food handling facilities and it is unclear how these are related to the claims, but they are Admitted.

19.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

20.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

21.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

22.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

23.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

24.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

25.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

26.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

27.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

28.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

29.      Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

30.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

31.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

32.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

33.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

34.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

35.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

36.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

37.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

38.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

39.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

40.    As with many of the allegations in this complaint, it is not entirely clear what Plaintiff is actually claiming occurred.  Based on Defendant's limited understanding, the allegations are denied because after reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph. Strict proof at the time of trial, to the extent admissible, is demanded.

41.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

42.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

43.    Denied.  It is denied that SHRM establishes any minimum standards for Performance Improvement Plans.  Strict proof at the time of trial, to the extent admissible, is demanded.

44.    Denied.  It is denied that SHRM establishes any minimum standards for Performance Improvement Plans.  Strict proof at the time of trial, to the extent admissible, is demanded.

45.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

46.    Denied.  It is denied that SHRM establishes any minimum standards for Performance Improvement Plans.  With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

47.    Denied.  It is denied that SHRM establishes any minimum standards for Performance Improvement Plans. With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

48.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

49.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

50.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

51.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

52.    Denied.  It is denied that SHRM establishes any minimum standards for Performance Improvement Plans. With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

53.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

54.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

55.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

56.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

57.    Denied.  The allegations in this paragraph are an assortment of conclusions of law and difficult to understand factual averments.  Anything that could be considered a conclusion of law is denied as such.  With respect to the remaining allegations, Defendant denies having

knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

58.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

59.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

60.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

61.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

62.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

63.    Denied.  The allegations in this Paragraph constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

64.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

65.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

66.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

67.     Denied.   The allegations in this paragraph are an assortment of conclusions of law and difficult to understand factual averments.  Anything that could be considered a conclusion of law is denied as such.  With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

68.     Denied.   The allegations in this paragraph are an assortment of conclusions of law and difficult to understand factual averments.  Anything that could be considered a conclusion of law is denied as such.  With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

69.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

70.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

71.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

72.     Denied.  The allegations in this Paragraph constitute conclusions of law to which no response is required.  To the extent that a response is required, said allegation is denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

73.     Denied.  The allegations in this Paragraph are an assortment of conclusions of law and difficult to understand factual averments.  Anything that could be considered a conclusion of law is denied as such.  With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

74.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

75.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

76.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

77.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

78.    Denied.  The allegations in this Paragraph are an assortment of conclusions of law and difficult to understand factual averments.  Anything that could be considered a conclusion of law is denied as such.  With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

79.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

80.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

81.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

82.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

83.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

84.    Denied.  The allegations in this Paragraph are an assortment of conclusions of law and difficult to understand factual averments.  Anything that could be considered a conclusion of law is denied as such.  With respect to the remaining allegations, Defendant denies having

knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

85.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

86.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

87.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

88.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

89.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

90.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

91.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

92.     Denied.  The allegations in this Paragraph are an assortment of conclusions of law and factual averments.  Anything that could be considered a conclusion of law is denied as such. With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

93.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

94.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

95.     Denied.  The allegations in this Paragraph are an assortment of conclusions of law and factual averments.  Anything that could be considered a conclusion of law is denied as such. With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

96.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

97.     Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

98.    Denied.  The allegations in this Paragraph are an assortment of conclusions of law and factual averments.  Anything that could be considered a conclusion of law is denied as such. With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

99.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

100.    Denied.  After reasonable investigation, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied.  Strict proof at the time of trial, to the extent admissible, is demanded.

101.    Denied.  The allegations in this Paragraph are an assortment of conclusions of law and factual averments.  Anything that could be considered a conclusion of law is denied as such. With respect to the remaining allegations, Defendant denies having knowledge sufficient to answer the allegations set forth in this Paragraph, therefore said allegations are denied  Strict proof at the time of trial, to the extent admissible, is demanded.

## AFFIRMATIVE DEFENSES

102.    Mars hereby incorporates its responses to Paragraphs 1 through 101 of Plaintiff's Complaint as if fully stated herein.

103.    Plaintiff has failed to exhaust his administrative remedies.

104.    Plaintiff has failed to state a claim for which relief may be granted.

105.    Plaintiff has failed to mitigate his damages.

106.    Plaintiff failed to timely report any alleged violations to representatives of the Mars.

107.    Mixed motive defense.  Without admitting that any improper motive played a role, Mars would have made the same decision even if it had not allowed the alleged improper motive to play a role.

108.    Plaintiff's claims are barred by the applicable Statutes of Limitations.

109.    Plaintiff's claims are barred by the Doctrine of Latches.

110.    Mars acted reasonably and in good faith, and not in willful violation of the civil rights statutes at issue in this action; accordingly, Plaintiff is barred from recovering punitive or liquidated damages.

111.    Mars expressly reserves the right to assert additional affirmative defenses and revise the defenses asserted herein as it learns additional relevant facts during the course of this litigation.

WHEREFORE, Defendant Mars, respectfully requests Plaintiff's Complaint be dismissed with prejudice, and for any additional relief deemed just and appropriate.

Respectfully submitted,

Dated: 9/2/2016

S/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236

Attorneys for Defendant,
Mars, Incorporated

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys of record herein in this matter, certify that on September 2, 2016, the aforementioned Defendant Mars, Incorporated's Answer to Complaint was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail:

Mary Madison
9758 South Charles
Chicago, IL  60643


Jody W. Moran, Esq.
Julia Pearce Argentieri, Esq.
Jackson Lewis
150 North Michigan Ave., Suite 2500
Chicago, IL  60601
MoranJ@jacksonlewis.com
julia.argentieri@jacksonlewis.com


<u>S/ Thomas R. Davies</u>
Thomas R. Davies, Esq.
Kimberly J. Overbaugh, Esq.
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236