E-FILED
Monday, 19 September, 2016  05:20:13 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

**2:15-cv-02290-CSB-EIL** Madison v. Kenco Logistic Services LLC et al
Colin Stirling Bruce, presiding
Eric I. Long, referral
**Date filed:** 12/08/2015
**Date of last filing:** 09/15/2016

# Related Transactions

*Note: Each selected transaction in this case is shown below in a box with any other transactions to which it is related.*

| Doc. No. | Event Name | Event Filed | Event Terminated |
|---|---|---|---|
| 1 | 🌐 Complaint | 12/08/2015 | |
| 32 | Answer to Complaint *Kenco* | 05/17/2016 | |
| 35 | Answer to Complaint *HARS* | 09/02/2016 | |

| | | | |
|---|---|---|---|
| 3 | 🌐 Order | 12/11/2015 | |

| | | | |
|---|---|---|---|
| 3 | 🌐 Set/Reset Deadlines: | 12/11/2015 | |

| | | | |
|---|---|---|---|
| 4 | 🌐 Remark | 12/31/2015 | |

| | | | |
|---|---|---|---|
| 5 | 🌐 Order on Motion for Leave to Proceed in forma pauperis | 01/04/2016 | |
| 2 | Motion for Leave to Proceed in forma pauperis | 12/08/2015 | 01/04/2016 |

| | | | |
|---|---|---|---|
| 6 | 🌐 Summons Issued | 01/04/2016 | |

| | | | |
|---|---|---|---|
| 7 | 🌐 Notice of Appearance of Attorney | 01/26/2016 | |

| | | | |
|---|---|---|---|
| 8 | 🌐 Summons Returned Executed (21 days to answer) | 01/28/2016 | |

| | | | |
|---|---|---|---|
| 10 | 🌐 Order | 02/03/2016 | |

| | | | |
|---|---|---|---|
| 10 | 🌐 Set/Reset Hearings | 02/03/2016 | |

| | | | |
|---|---|---|---|
| | | 02/03/2016 | |

| | | | |
|---|---|---|---|
| | 🌐 **Order on Motion for Extension of Time to Answer** | | |
| 9 | Motion for Extension of Time to File Answer | 02/01/2016 | 02/03/2016 |

| | | |
|---|---|---|
| 11 | 🌐 **Notice of Appearance of Attorney** | 02/04/2016 |

| | | |
|---|---|---|
| 12 | 🌐 **Notice of Appearance of Attorney** | 03/07/2016 |

| | | |
|---|---|---|
| 13 | 🌐 **Notice of Appearance of Attorney** | 03/07/2016 |

| | | |
|---|---|---|
| 14 | 🌐 **Notice of Appearance of Attorney** | 03/07/2016 |

| | | |
|---|---|---|
| 15 | 🌐 **Notice of Appearance of Attorney** | 03/07/2016 |

| | | |
|---|---|---|
| 16 | 🌐 **Notice of Appearance of Attorney** | 03/07/2016 |

| | | |
|---|---|---|
| 17 | 🌐 **Notice (Other)** | 03/21/2016 |

| | | | |
|---|---|---|---|
| 19 | 🌐 **Memorandum in Support of Motion** | 03/21/2016 | |
| 18 | Motion to Dismiss for Failure to State a Claim | 03/21/2016 | 05/03/2016 |

| | | | |
|---|---|---|---|
| 20 | 🌐 **Notice (Other)** | 03/21/2016 | |
| 18 | Motion to Dismiss for Failure to State a Claim | 03/21/2016 | 05/03/2016 |

| | | |
|---|---|---|
| 21 | 🌐 **Summons Returned Executed (21 days to answer)** | 03/24/2016 |

| | | |
|---|---|---|
| 22 | 🌐 **Notice (Other)** | 04/01/2016 |

| | | | |
|---|---|---|---|
| 24 | 🌐 **Memorandum in Support of Motion** | 04/01/2016 | |
| 23 | Motion to Dismiss | 04/01/2016 | 05/03/2016 |

| | | | |
|---|---|---|---|
| 25 | 🌐 **Notice (Other)** | 04/01/2016 | |
| 23 | Motion to Dismiss | 04/01/2016 | 05/03/2016 |

| | | | |
|---|---|---|---|
| | 🌐 **Order on Motion for Extension of Time to File Response/Reply** | 04/04/2016 | |
| 18 | Motion to Dismiss for Failure to State a Claim | 03/21/2016 | 05/03/2016 |

| 23 | Motion to Dismiss | 04/01/2016 05/03/2016 |
| 26 | Motion for Extension of Time to File Response/Reply | 04/04/2016 04/04/2016 |

| 27 | **Report of Rule 26(f) Planning Meeting** | 04/18/2016 |

| 28 | **Response to Motion** | 04/18/2016 |
| 23 | Motion to Dismiss | 04/01/2016 05/03/2016 |

| 29 | **Response to Motion** | 04/18/2016 |
| 18 | Motion to Dismiss for Failure to State a Claim | 03/21/2016 05/03/2016 |

| | **Setting Rule 16 Scheduling Conference** | 04/19/2016 |

| 30 | **Scheduling Conference** | 04/26/2016 |

| 30 | **Set/Reset Motion and R&R Deadlines/Hearings** | 04/26/2016 |

| | **Set/Reset Hearings** | 04/26/2016 |

| 31 | **Order on Motion to Dismiss for Failure to State a Claim** | 05/03/2016 |
| 18 | Motion to Dismiss for Failure to State a Claim | 03/21/2016 05/03/2016 |

| 31 | **Order on Motion to Dismiss** | 05/03/2016 |
| 23 | Motion to Dismiss | 04/01/2016 05/03/2016 |

| 32 | **Answer to Complaint** | 05/17/2016 |
| 1 | Complaint | 12/08/2015 |

| | **Status Conference - Referral Judge** | 07/21/2016 |

| | **Set/Reset Hearings** | 07/21/2016 |

| 34 | **Response to Motion** | 08/26/2016 |
| 33 | Motion for Default Judgment | 08/23/2016 08/29/2016 |

| | **Order on Motion for Default Judgment** | 08/29/2016 |

| 33 | Motion for Default Judgment | 08/23/2016 | 08/29/2016 |

| 35 | Set/Reset Deadlines | 08/31/2016 |

| 35 | Answer to Complaint | 09/02/2016 |
| 1 | Complaint | 12/08/2015 |

| 36 | Motion for Leave to File | 09/06/2016 |
| 37 | Response to Motion | 09/15/2016 |

| 37 | Response to Motion | 09/15/2016 |
| 36 | Motion for Leave to File | 09/06/2016 |

Docket Report ...

EXHIBIT B

E-FILED
Tuesday, 23 August 2016 03:34:35 PM
Clerk, U.S. District Court, ILCD

**FILED**

AUG 2 3 2016

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

**MARY MADISON**

        Plaintiff,

    v.

**MARS, INC.**

        Defendants.

**Case No. 15-cv-02290-CSB-EIL**

**Magistrate Honorable Judge Eric I. Long**

---

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

---

Plaintiff, Mary Madison, requests that entry of judgment by default be entered against defendant, MARS, Inc. pursuant to Federal Rule of Civil Procedure 55(b). In support of this request plaintiff(s) relies upon the record in this case and the affidavit submitted herein.

Dated this 18th day of, August 2016.

Mary Madison
9758 South Charles
Chicago, IL 60643

Plaintiff,

v.

MARS, INC.

Defendant.

Case No. **15-cv-02290-CSB-EIL**

Magistrate Honorable Judge Eric I. Long

---

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

I, Mary Madison, being duly sworn, state as follows:

1.    I am the plaintiff in the above-entitled action and I am familiar with the file, records and pleadings in this matter.

2.    The summons and complaint were served upon the defendant on or about March 1, 2016.

3.    An answer to the complaint was due on or about March 22, 2016. A dispositive motion was filed on or about March 31, 2016. An order was entered May 3, 2016. No response was served within the time allowed by law nor have the defendant sought additional time within which to respond.

4.    The default of defendant(s) was entered on August 18, 2016.

5.    As required by the Service members Civil Relief Act of 2003, I have confirmed that the defendant(s) is (are) not currently in active military service.

6.    To my best information and belief, defendant(s) is (are) not an infant or incompetent person.

7.    The claim of the plaintiff(s) is for:

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

WHEREFORE, Plaintiff MARY MADISON prays for judgment as follows:

A.  A declaratory judgment that Defendant MARS, violated Madison's right to be free from discrimination in the workplace pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981; 42 U.S.C. §1981A.

B.  The entry of an injunction ordering Defendant MARS, INC. to make MADISON whole with full back pay, benefits and front pay.

C.  An award to MADISON for compensatory damages in an amount to be shown for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

D.  An award to MADISON for exemplary and/or punitive damages in excess of 2M or at the discretion of the judge;

E.  An award to MADISON of reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provide in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e-5(k), 42 U.S.C. §1981A, 42 U.S.C.§1988 and as provided under state law;

F.  An award of interests on any awards at the highest rate allowed by law;

G.  Be given a Positive Hire Status;

H.   Be given Positive Job References;

I.   Have her Applicable Taxes Paid, such as but not limited to: State, Federal, FICA, etc...;

J.   Be given Any Benefits (Insurance), 401K, Bonuses, etc... commensurate with the forward pay;

K.   Reformation of employee relations;

L.   Consent Decree to higher minorities, including, but not limited to: women and African Americans, in upper-level management and C-Suite positions;

M.   Investment in underserved and underprivileged inner city communities;

    A.   After school programs
    B.   Community Centers
    C.   Fine Arts
    D.   Community Kitchens

N.   Diversity and sensitivity training for all employees;

O.   A letter of apology and;

P.   Such other and further relief as this Court deems just and appropriate.

Sworn to and subscribed before
me this 18 day of August, 2016.

Mary Madison

Notary Public _____ My Commission Expires 11/14/17

"OFFICIAL SEAL"
TINA TOLIVER
Notary Public, State of Illinois
My Commission Expires 11/14/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON

        Plaintiff,

      v.                        Case No. 15-cv-02290-CSB-EIL

MARS, INC.                   Magistrate Honorable Judge Eric I. Long

        Defendants.

---

## ENTRY OF DEFAULT

---

Plaintiff, Mary Madison, request that the clerk of court enter default against defendant(s), MARS, Inc. pursuant to Federal Rule of Civil Procedure 55(b). It appearing from the record that defendant(s) have failed to appear, plead or otherwise defend, the default of defendant(s) (name) is hereby entered pursuant to Federal Rule of Civil Procedure 55(b).

Dated this 18th day of August, 2016.

                                        Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON

              Plaintiff,

      v.                            Case No. 15-cv-02290-CSB-EIL

MARS, INC.                          Magistrate Honorable Judge Eric I. Long

              Defendants.

---

## CERTIFICATE OF SERVICE

---

The undersigned, Mary Madison, hereby certifies that on this 18$^h$ day of August, 2016, he caused a copy of the foregoing a copy of the Motion for Entry of Default, Affidavit in Support of Motion for Entry of Default and proposed Entry of Default to be placed in a postage-paid envelope addressed to the defendant(s), at the address(es) stated below, which is (are) the last known address(es) of said defendant(s), and deposited said envelope(s) in the United States mail.

Addressee:

Kimberly J. Overbaugh
Thomas R. Davies
Harmon & Davies, P.C.
2306 Columbia Ave
Lancaster, PA 17603


                                    _____
                                       Mary Madison

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARY MADISON | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.: 15-cv-02290-CSB-EIL |
| | ) | |
| v. | ) | Honorable Magistrate Judge Eric I. Long |
| | ) | |
| KENCO LOGISTICS SERVICES, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANT MARS, INC.'S OPPOSITION TO
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Defendant Mars, Incorporated, ("Defendant" or "Mars") by and through its undersigned
attorneys, responds to Plaintiff Mary Madison's Motion for Entry of Default Judgment as
follows:

On August 23, 2016, Plaintiff Mary Madison filed a Motion for Entry of Default
Judgment and an Affidavit in Support of this Motion.   Madison correctly notes that her
complaint was served upon Mars on or about March 1, 2016 and that the Court had indicated that
an answer was due on March 22, 2016.  She incorrectly notes that Mars filed a dispositive
Motion on March 31, 2016; the Motion was filed on March 21, 2016.  Following the Order
issued by Judge Bruce on May 3, 2016, only Plaintiff's Sections 1981 and 1985 remained
pending against Mars.

As the Court is aware, this case is one of three virtually identical matters filed by *pro se*
plaintiffs against Kenco Logistic Services, several current or former employees of Kenco and
Mars. The plaintiffs have been approaching their cases in very similar ways.  The Court has

scheduled several status conferences to be held back to back to back on the cases. Most recently, at the status conferences held on July 21, 2016 there was discussion at each conference about the filing of amended complaints. It is the recollection of the undersigned and his co-counsel, Kimberly Overbaugh, that Plaintiff Madison indicated that she would be filing an amended complaint and that she was reminded by the Court that it had to be filed by September 1, 2016 in accordance with the scheduling order.

Based on her representations and consistent with the approach taken in the other cases, where the Court set a deadline for the responsive pleading after reviewing the amended complaint, Mars counsel thought it was agreed upon that no answer would be filed until those steps had been taken. To date, no amended complaint has been filed. Instead, Plaintiff filed this Motion and is seeking relief which is inconsistent with her remaining claims.

It is respectfully suggested Mars failure to file an Answer to the complaint resulted from, at most, a misunderstanding regarding the agreed upon process to address this unusually pled complaint and certainly does not indicate a willful disregard of any legal obligation. We think it is also clear that the averments set forth in Mars Motion to Dismiss for Failure to State a Claim establish that Mars has a meritorious defense to the remaining portions of Plaintiff's complaint. In addition, the Court can review the Answers filed by Mars in the *Nathan E. Doss v. Kenco, et al.,* 15-cv-02287 and *Morris Tyson v. Kenco, et al.*, 15-cv-02288 matters for a further showing of the existence of a meritorious defense.

The 7th Circuit, like most courts, "has a well-established policy favoring a trial on the merits over a default judgment." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Company*, 726 F.2d 1202, 1205 (7th Cir. 1984) In connection with an action to set aside a default judgment,

the court stated, "[t]he philosophy of modern federal procedure favors trial on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action and where the default has not been willful." *A.F. Dormeyer Company v. M.J. Sales & Distribuing Co.,* 461 F.2d 40, 43 (7th Cir. 1972)

In *Ellingsworth v. Chrysler*, 665 F.2d 180,185 (7th Cir. 1981) the Court stated that "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proved unavailing."   Utilizing the tests established by these cases, Mars would be entitled to relief even if a default judgment had already been entered.

For all of the foregoing reasons, it is respectfully suggested that the Court deny Plaintiff's Motion For Entry of Default Judgment.  Mars is in the process of preparing its Answer to the complaint and anticipates filing it within the next few days.

Respectfully submitted,

Dated: 8/26/2016

S/ Thomas R. Davies
Thomas R. Davies, Esq. PA #35260
Kimberly J. Overbaugh, Esq. PA #85610
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236

Attorneys for Defendant,
Mars, Incorporated

3

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein in this matter, certify that on August 26, 2016, the aforementioned Defendant Mars, Incorporated's Opposition to Default Judgment was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via first-class regular mail:

> Mary Madison
> 9758 South Charles
> Chicago, IL  60643


> Jody W. Moran, Esq.
> Julia Pearce Argentieri, Esq.
> Jackson Lewis
> 150 North Michigan Ave., Suite 2500
> Chicago, IL  60601
> MoranJ@jacksonlewis.com
> julia.argentieri@jacksonlewis.com


> S/ Thomas R. Davies
> Thomas R. Davies, Esq.
> Kimberly J. Overbaugh, Esq.
> HARMON & DAVIES, P.C.
> 2306 Columbia Ave.
> Lancaster, PA 17603
> Tel. (717) 291-2236
> Fax (717) 291-2236