E-FILED
Monday, 19 September, 2016  05:22:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE No. 15-cv-02290-CSB-EIL |
| | ) |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) |
| | ) |
| DEFENDANTS. | ) |

FILED
SEP 19   2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## MOTION TO STRIKE DEFENDANT MARS' ANSWER

**NOW COMES** Plaintiff, ("Plaintiff"), Mary Madison, pro se, who moves this Court pursuant to Fed. R. Civ. P. 6 and 12 to strike the Answer filed on behalf of defendants MARS, Inc. filed on September 2, 2016 as untimely and for her good cause shown in support of her motion Plaintiff states the following; THAT:

1. Plaintiff filed this matter to preserve her rights following the issuance of Right to Sue letter from the Equal Employment Opportunity Commission on December 7, 2015.

2. Plaintiff believes DEFENDANT MARS INCORPORATED is liable just as DEFENDANTS KENCO LOGISTIC SERVICES, LLC and Kelvin Walsh are.

3. This forum and matter is governed by the Federal Civil Rules of Procedure

4. The summons and complaint were issued on January 4, 2016

5. Defendant MARS was served on March 1, 2016.

6. Once a plaintiff asserts a claim for relief, the defendant must timely file an answer or otherwise plead in response.

7. The defendant must timely file an answer or otherwise plead in response even after the defendant has answered, but the plaintiff later files an amended complaint under Rule 15.

8. Failure to answer a complaint—original or amended—will result in default.

9. Defendant did not file a motion extend the time to answer the original complaint.

1 0. Rule 12(a)(4) extends the time to answer the original complaint when the defendant files a motion under Rule 12(b).

1 1. On March 21, 2016, Defendant entered its first motion to Dismiss under Rule 12.

1 2. On April 19, 2016, a Rule 16 conference transpired.

1 3. Defendant Mars did not participate in this Rule 16 conference.

1 4. On May 3, 2016 an order was entered by the court regarding Defendants KENCO and MARS motions to dismiss.

1 5. According to Rule 12(b), if the court denies the motion or "postpones its disposition until trial, the responsive pleadings must be served within fourteen days after the notice of the court's action."

1 6. Defendants, KENCO and MARS', responsive pleadings were due on May 17, 2016.

1 7. Defendant, KENCO, timely filed its pleadings on May 17, 2016. Exhibit A

1 8. Defendant, MARS, did not file its pleading on May 17, 2016.

1 9 . Defendant, MARS, pursuant to Rule 37, began engaging Plaintiff in discovery, on or about August 8, 2016, without being at issue with Plaintiff.

2 0 . On August 23, 2016, Plaintiff moved for entry of default due to Defendants failure to answer or otherwise defend against the lawsuit.

2 1 . On August 26, 2016, Defendant, MARS, filed an Opposition to Plaintiff's Motion for entry of Default Judgment.

2 2 . Defendant alleged in its Opposition to Plaintiff's Motion for entry of Default Judgment that there were three virtually identical matters filed against Kenco Logistics, several current and former employees and MARS.

2 3 . Defendant alleged in its Opposition to Plaintiff's Motion for entry of Default Judgment that Plaintiff had agreed to file an amended complaint on July 21, 2016.

    a.    Defendant's responsive pleading/answer was due on May 17, 2016, two (2) months and some days prior, to any conversation about an amended pleading on July 21, 2016.

2 4 . Defendant also alleged in its Opposition to Plaintiff's Motion for entry of Default Judgment that Plaintiff had deceived Defendant and had not yet filed an amended complaint.

    a.    Plaintiff's amended complaint was not due until September 1, 2016, according to the April 26, 2016 briefing schedule.

2 5 . Defendant also alleged in its Opposition to Plaintiff's Motion for entry of Default Judgment that the court had set a deadline for the responsive pleadings after reviewing the amended complaint.

2 6 . The Honorable Court had not set a time in which an answer was due for Madison's amended complaint, which was yet not due.

27. Upon information and belief the Court set a deadline for the responsive pleadings for only DOSS and TYSON on July 21, 2016.

28. Defendant also alleged in its Opposition to Plaintiff's Motion for entry of Default Judgment that the court can review the Answers filed by Mars in the DOSS and Tyson matters against Defendants.

29. Defendant unequivocally established with the court in its Opposition to Plaintiff's Motion for entry of Default Judgment that it was aware of the deadlines set by the court.

30. DOSS and TYSON filed their amended complaints respectively on June 30, 2016.

31. According to Rule 15(a)(3) does, and under that Rule state, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

32. In keeping with Rule 15, Defendants answer or pleading for DOSS and TYSON were due on July 14, 2016.

33. Defendant, MARS, was again in default on July 15, 2016 for both DOSS and TYSON.

34. With regard to Doss, Defendant, KENCO, filed a motion for an extension of time to answer on July 5, 2016.

35. Defendant, MARS, did not file a motion to enlarge its time to answer or otherwise plead DOSS' amended complaint.

36. Neither did Defendant, MARS, file a motion to enlarge its time to answer or otherwise plead DOSS' original complaint that was due on July 5, 2016 because of the court holiday on July 4, 2016.

3 7 . An order was given by the Court on June 20, 2016 regarding DOSS' original complaint.

3 8 . According to Rule 12(b), if the court denies the motion or "postpones its disposition until trial, the responsive pleadings must be served within fourteen days after the notice of the court's action."

3 9 . After July 5, 2016, Defendant, MARS, was in default.

4 0 . As of September 16, 2015, Defendant, MARS, has not filed an answer or otherwise plead to DOSS' original complaint that was due on July 5, 2016, nor moved the court with regards to Rule 12.

4 1 . With respect to TYSON, TYSON timely filed an amended complaint on June 30, 2016.

4 2 . Defendant, MARS, did not answer or otherwise plead to TYSON's June 30, 2016 amended complaint, within the prescribed time to answer or otherwise plead.

4 3 . Neither did, Defendant, MARS, answer or otherwise plead to TYSON's December 7, 2015 original complaint, within the prescribed time to answer or otherwise plead.

4 4 . Neither did, Defendant, MARS, ask the court to enlarge it time to answer TYSON or otherwise plead in any instance; the May 3, 2016 order on the motion to dismiss or the amended complaint of June 30, 2016.

4 5 . The time to answer or otherwise plead was May 17, 2016 and July 14, 2016 respectively.

4 6 . Defendant also defaulted on TYSON, as Defendant did DOSS and MADISON by failing to answer or otherwise plead in accordance with the Federal Civil Rules of Procedure.

4 7 . Even after the court set a deadline for Defendant MARS to answer or otherwise plead, with regard to TYSON's amended complaint, of August 15, 2016, Defendant, MARS, still defaulted.

4 8 . Defendant, MARS, filed an answer to TYSON's original complaint on August 15, 2016.

4 9 . Defendant, MARS, did not file a motion to enlarge its time to file an answer to TYSON's original complaint that was due on May 17, 2016.

5 0 . Defendant, MARS, filed an answer to TYSON's amended complaint on August 26, 2016.

5 1 . Defendant, MARS, did not file a motion to enlarge its time to file an answer to TYSON's original complaint that was ordered due by the court to be due on August 15, 2016.

5 2 . Defendant, MARS, filed an untimely response(s).

5 3 . Defendant also violated the court's order to file an answer or otherwise plead TYSON's amended complaint by August 15, 2016.

5 4 . Defendant also alleged in its Opposition to Plaintiff's Motion for entry of Default Judgment that it thought it was agreed upon that no answer would be filed until those steps had been taken.

5 5 . This is a disingenuous statement of fact made in bad faith.

5 6 . It is improbable that an agreement could be reached, when in fact a conversation did not take place on that day or any other with regards to the timing of Defendant filing an answer in the MADISON matter.

5 7 . The order on Defendant's motion to dismiss was May 3, 2016.

5 8 . Defendant MARS, as suggested in its Opposition to Motion for entry of Default judgment, did not administer the same logic with respect to answering or otherwise pleading the virtually identical cases filed by DOSS, TYSON and MADISON.

|  | Due Date Original Complaint | Date Responded to Original Complaint | Due Date Amended Complaint | Date Responded to Amended Complaint |
|---|---|---|---|---|
| Madison | 5.17.16 | None | 9.20.2016 | ———— |
| Doss | 7.5.16 and 7.14.16 | ———— | 9.15.2016 | 09/15/16 |
| Tyson | 5.17.2016 | 8.15.2016 | 8.15.2016 | 8.26.2016 |

5 9 . Defendant MARS statement to the court that the court can review the Answers filed by Mars in the DOSS and Tyson matters against Defendants for consistency is disingenuous, as the Federal civil rules of procedure govern this form and that there had been no deviation from the procedures.

6 0 . Defendant MARS almost suggest some type of blanket standard and approach that the court had taken with regards to the other cases on July 21, 2016.

6 1 . Furthermore, Defendant MARS also suggests that the approach taken by the court is a type of an atypical divergent "quasi", alternative or new age approach, to the administration of justice by the court; thereby leaving Defendant with a misunderstanding and/or misinterpretation of the law.

6 2 . Defendant MARS was in default for both DOSS and TYSON according to the Federal Civil Rule of Procedure, when the court set the respective deadlines on July 21, 2016 for DOSS and TYSON because Defendant had failed to answer or otherwise plead, within the time allowed.

6 3 . Upon information and belief there has been no order entered by the court absolving Defendant's from the prevailing Federal Civil Rule of Procedure, specifically not to answer Plaintiff's original and/or amended complaint(s).

6 4 . Upon information and belief there has been no order entered by the court modifying the Federal Civil Rule of Procedure with regard to Rule 8, 12, and 15, or the remaining 83 rules and their respective subsections.

6 5 . Each matter is separate and distinct to each Plaintiff.

6 6 . No matters before this court to date have been enjoined.

6 7 . Without first seeking leave of Court, Defendant filed an Answer to Plaintiff's Complaint on September 2, 2016, more than six months after first being notified of Plaintiff's claims.

6 8 . Defendant, MARS, filed its answer on September 2, 2016, one hundred and eight (108) days later than the due date of May 17, 2016.

6 9 . Plaintiff believes Defendant intentionally failed to comply to assert some advantage over Plaintiff.

7 0 . Defendant KENCO understood and complied with the court and its procedures, with regards to Plaintiff.

7 1 . Defendant continues to intentionally and willfully fail to comply to the court and its procedures.

7 2 . Exhibit F to Plaintiff's Response in Opposition to Defendants' Opposition to Motion for Entry of Default Judgment, submitted concurrently herewith.

7 3 . Fed. R. Civ. P. 12(f) empowers a court to strike a defendant's answer when it is filed outside of the time period mandated in Rule 12(a).

7 4 . Fed R. Civ. P. 6(b)(1)(B) provides that a court may, "for good cause" extend the time allowed for completion of certain acts "on motion made after the time has expired if the party failed to act because of excusable neglect."

Defendant admits in their Opposition to the Motion for Entry of Default Judgment that it filed a dipositive motion on March 22, 2106.   With that being said, it establishes the fact that Defendant knew that it must engage in the governing Federal Rules of Civil Procedure, specifically Rule 12.

Rule 12(b) states, if the court denies the motion or "postpones its disposition until trial, the responsive pleadings must be served within fourteen days after the notice of the court's action."

Between the time frame of March 22, 2016 and May 17, 2016, the date the answer or plead otherwise was due, no discussion had ensued between Plaintiff and Defendant, nor Plaintiff, Defendant and the Court with regards to amending the Federal Rules of Civil Procedure.

Defendant would not have had a basis for maladjusted thinking or misinterpretation of the law, as admitted by Defendant in its Opposition to Motion for Entry of Default Judgment, that no discussion of setting deadlines took place until July 21, 2016.

Consequently, there was no variable introduced into the matrix that could have possibly led Defendant to believe that the governing statues were being held in abeyance or modified. Therefore, Defendant's assertion that court's approach of setting deadlines and Plaintiff's alleged commitment to file an amended complaint could not have been a forbearance to Defendant

answering or otherwise pleading for MADISON, DOSS and TYSON, as the discussion relating to the deadlines for DOSS and TYSON and the alleged commitment from MADISON to amend had not been realized nor did Defendant have any foreknowledge or predilection that such would occur.

Consequently, for the Defendant to raise such a disingenuous and unfathomable defense, as a plausible excuse, is unconscionable, unethical and an insult to the intelligence of this court and Plaintiff.

At the point that the discussion deadline occurred relative to DOSS and TYSON, the time frame clearly exceeded what would have been the time to answer or otherwise plead for all of the virtually identical matters before the court {DOSS, TYSON, and MADISON}.

To yet purport, that the court's approach of setting deadlines, after Defendant was already in default, influenced and or skewed Defendant's ability to comply with the court's normal procedures because it was some "quasi" derivant of the Standard Federal Civil Rules of Procedure is reprehensible.

As a subject matter expert in the law and as a matter of ordinary course, as well as, it being a perquisite for matriculation through law school, Defendants are apprised of the Civil Rules of Procedure. To again, suggest anything else is yet another insult to this Court and Plaintiff.

To yet, take another opportunity to disparage Plaintiff, Defendant states that Plaintiff was deceitful in her actions with regards to filing a motion for entry of default judgment. For Defendant to align the intentional and willful actions of blatantly and recklessly failing to comply to the Federal Rules of Civil Procedures, as an inherent adverse character flaw of Plaintiff lacks moxie, integrity, couth and scruples. To assert such a thing, without just cause is defamatory, wicked, reckless, and malicious.

Moreover, it seems as if Defendant continues in the same spirit and manner that brought these and other matters before this court and other tribunals.

Defendant in the present case have presented nothing to indicate the presence of either "good cause" or "excusable neglect" with respect to their failure to defend this action.

Defendant failed to seek leave of Court to file their answer outside of the time mandated by the Rules of Federal Procedure, and as they have failed to present any argument or evidence justifying the granting of such leave, Plaintiff respectfully requests that Defendant's untimely Answer be stricken from the record.

This motion is made in good faith and is not intended to unduly delay these proceedings, be deceptive to the court, or receive unjustly any form of compensation and the relief requested, if not granted, would greatly prejudice Plaintiff.

WHEREFORE, Plaintiff, Mary Madison, prays that the Answer filed on behalf of defendant MARS be permanently stricken from the record with prejudice.

Respectfully submitted,

MARY MADISON
9758 South Charles
Chicago, Il 60643
773.297.9569

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record through a Notice of Electronic Filing generated by the Court's CM/ECF system on this, the 19th day of September, 2016.

Pro Se
MARY MADISON
9758 South Charles
Chicago, Il 60643
773.297.9569