IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-2290-CSB-EIL |
| v. ) | |
| ) | |
| KENCO LOGISTIC SERVICES, et. al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORY 1, AND REQUESTS FOR PRODUCTION 2, 18-22, 31 AND 36**

Defendant, KENCO LOGISTIC SERVICES, LLC ("Kenco"), by and through counsel and pursuant to Federal Rules of Civil Procedure 26 and 37 respectfully submits the following Memorandum in Support of its Motion to Compel complete discovery responses from Plaintiff, and moves this Honorable Court to compel complete responses to Interrogatory 1, and Requests for Production 2, 18-22, 31 and 36. In support thereof, Kenco states as follows:

**INTRODUCTION**

Kenco is entitled to complete discovery responses, and Plaintiff has continued to provide unsubstantiated objections to several requests, despite good-faith attempts to resolve these disputes outside of motion practice. Specifically, Kenco has a legitimate basis for requesting complete information about Plaintiff's income, such as tax returns and W-2/1099 forms (Request No. 31), copies of all non-privileged communications about Kenco or this lawsuit (Request No. 36), and information about Plaintiff's other litigation (Interrogatory No. 1 and Request No. 2). Finally, Plaintiff's responses to Requests 18-22 suggest that Plaintiff is still in the process of locating other documents, which need to be located and produced immediately so that Kenco can review and

1

schedule Plaintiff's deposition and move forward in discovery. For the reasons below, Kenco requests that the Court grant its motion to compel and further award it reasonable fees or some other appropriate discovery sanction based on Plaintiff's refusal to comply with her discovery obligations.

## FACTS

1.  Plaintiff filed an employment discrimination lawsuit against her former employer, Kenco, and other defendants, in December 2015.

2.  On April 11, 2106 Kenco sent a preservation letter to Mary Madison in order to explain her obligations to preserve all communications and other documents that may be of relevance to this litigation. A copy of this letter is attached as *Exhibit A*.

3.  After requesting an extension of time to respond, Plaintiff provided initial discovery responses to Kenco dated August 27, 2016 but received by Kenco on or about September 6, 2016.

4.  A copy of Plaintiff's initial answers to interrogatories are attached as *Exhibit B*.

5.  A copy of Plaintiff's initial responses to Requests for Production are attached as *Exhibit C*.

6.  While Plaintiff produced thousands of pages of documents, she initially provided no written responses to the requests, requiring Kenco to spend significant efforts trying to determine whether any documents or information was missing, and what types of documents had not been produced.

7.  After reviewing the initial documents, Kenco sent a Rule 37 letter to Plaintiff on November 7, 2016. A copy of this letter is attached as *Exhibit D*.

8.  Plaintiff did not respond to Kenco's Rule 37 letter until after Kenco notified the Court that the deadline to respond had passed, and scheduled a telephone status conference.

9.  In accordance with Central District procedures, Kenco scheduled an informal telephone conference with Magistrate Long in an effort to resolve discovery disputes. At that time, Plaintiff stated that she would provide additional responses on or before December 9, 2016.

10. On or about December 9, 2016, Plaintiff mailed supplemental discovery responses to Kenco.

11. A copy of Plaintiff's supplemental answers to Interrogatories are attached as *Exhibit E*.

12. A copy of Plaintiff's supplemental responses to Requests for Production are attached as *Exhibit F*.

13. While Plaintiff has corrected a number of the deficiencies in her earlier answers, a number of issues still remain, including a failure to respond to Interrogatory 1 and Requests for Production 2, 18-22, 31 and 36.

14. Kenco notified the Court of the remaining discovery disputes and was permitted to proceed with a Motion to Compel, rather than attempting to engage in any further informal efforts to resolve discovery disputes.

15. In accordance with Fed. R. Civ. Pro. 37(a)(1) as well as Local Rule 37.3, Counsel for Kenco has engaged in numerous good faith attempts to resolve discovery disputes, assist Plaintiff in

understanding the information that is being requested and why, and explaining why Kenco believes that various types of information are relevant to this litigation.

16.     Kenco requests its reasonable fees associated with this motion to compel, or any other sanction that this Court deems just and proper pursuant to Fed. R. Civ. Pro. 26 and 37 in light of Defendant's continued need to file motions in order to move this case forward and ensure that Plaintiff complies with the Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiff continues to object and refuse to answer several of Kenco's discovery requests which are relevant and proportional to the needs of this litigation.

1.      Plaintiff objects to Interrogatory No. 1 and Request for Production No. 2 wherein Kenco seeks information about other litigation Mary Madison has been involved in. The standard of what is discoverable in litigation is much broader than what may be admissible at trial and, furthermore, because Plaintiff has placed her medical state at issue in this litigation, and is seeking medical damages beyond garden variety emotional distress, it is relevant for Kenco to know what other events may have also contributed to Plaintiff's alleged medical suffering, such as previous encounters with employment discrimination or litigation prior to her employment at Kenco. Courts routinely allow evidence of prior litigation by a plaintiff in order to assess claims of emotional distress. *See Wofford v. Celani*, 2012 U.S. Dist. LEXIS 95708, *6-*7 (N.D. Ill. July 11, 2012) (citing *Sherman v. Chrysler Corp.,* 47 Fed. Appx. 716 (6th Cir. 2002)). Kenco is entitled to information about other litigation involving Mary Madison.  It is improper for Madison to refuse to comply with these requests when she has chosen to file these lawsuits and place her emotional

state at issue. For these reasons, Plaintiff should be required to provide a complete response to Interrogatory No. 1 and Request for Production No. 2.

2.     Plaintiff refused to respond to Request No. 36 where Kenco seeks information regarding Plaintiff's communications related to Kenco or this litigation, including communications with other former Kenco employees who have pending litigation against Kenco, and have been filing virtually identical pleadings in their pending cases (this includes, but is not limited to: Morris Tyson, Mardy Ringo, Edith McCurry, and Vernon Henry). Plaintiff objected to this discovery request and stated that the request is:

> overly broad and unduly burdensome, this request is not easily identifiable as it is not common place to track conversations with friends relatives, strangers co-workers and the like; furthermore, there is no rule or sanction prohibiting any discussion of this matter. Moreover, this request is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

*See Exhibit. F*.

Plaintiff apparently concedes that the information requested is relevant; she claims she cannot produce the requested documents because it would be "unduly burdensome" to print out copies of emails, text messages or other forms of communication. Plaintiff's claim that it is "not commonplace" for her to track such communications cannot pass muster. Kenco sent a preservation letter to her on April 11, 2016 requesting that she preserve the exact types of communications about this lawsuit which Kenco is now seeking.

3.     In response to Request No. 31, Madison states "tax returns not available at this time, will provide at a later time." This response is incomplete and insufficient. While Plaintiff can obviously supplement with future tax returns that have not yet been prepared at a later date, copies of previously prepared and filed tax returns, W-2 forms and 1099 forms or any other sources of income are therefore directly relevant to this litigation and Plaintiff should be required to produce

5

all such documents. If Plaintiff does not have possession of the tax returns, Plaintiff can complete an IRS form 4506 in order to request copies directly from the IRS.

4. In Requests No. 18-22, Kenco requested: all documents related to any claim for damages based on emotional distress (No. 18); all documents related to your allegation that you suffered and will continue to suffer a loss of earnings (No. 19); all documents related to your allegation in Paragraph 13 of the Complaint that you are entitled to compensatory damages in this action (No. 20); all documents relating to your allegation that you are entitled to punitive or exemplary damages in this action (No. 21); and all documents relating to any monetary damages Plaintiff claims to have suffered as a result of Defendant's conduct (No. 22). Plaintiff stated "not available at this time" for each of these requests. If Plaintiff has provided all responsive documents within her possession/control, she needs to clarify that in her responses. If there are other responsive documents which she is still trying to locate or obtain, Plaintiff needs to complete this search immediately so that we may move forward with discovery.

## CONCLUSION

Plaintiff's objections and incomplete answers to Interrogatory No. 1 and Requests for Production 2, 18-22, 31 and 36 are improper and Plaintiff should be required to provide complete responses within ten (10) days. Kenco additionally requests that the Court award attorney's fees or some other reasonable discovery sanction due to Plaintiff's continued refusal to comply with discovery obligations

Kenco respectfully requests that this Honorable Court grant Kenco's Motion to Compel complete responses to Kenco's Interrogatory 1 and Requests for Production 2, 18-22, 31 and 36 and enter an order requiring Plaintiff to provide complete responses, as well as award fees or other reasonable discovery sanctions due to Plaintiff's continued refusal to cooperate in the discovery

process, requiring Kenco to file this Motion, and grant such other relief as this Court deems just and proper.

DATED:  January 4, 2017                         Respectfully submitted,

                                             **KENCO LOGISTICS SERVICES, LLC**

                                             By:  /s/Jody Wilner Moran
                                                   One of its Attorneys

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone:    (312) 787-4949
Facsimile:     (312)787-4995

7

**CERTIFICATE OF SERVICE**

The undersigned attorney, hereby certify that on January 4, 2017, I electronically filed a copy of the foregoing ***Defendant's Memorandum in Support of its Motion to Compel*** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail, to the following non-ECF participant:

> Mary Madison (*pro se*)
> 9758 S. Charles
> Chicago, IL 60603

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

> Thomas R. Davies
> Harry Harmon
> Kimberly J. Overbaugh
> Harmon & Davies, P.C.
> 2306 Columbia Avenue
> Lancaster, PA 17603
> tdavies@h-dlaw.com
> rharmon@h-dlaw.com
> koverbaugh@h-dlaw.com

By: /s/ Jody Wilner Moran
One of the Attorneys for the Defendant