# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,

        Plaintiff,

                                      Case No. 15-ev-2290-CSB-E1L

V.

KENCO LOGISTIC SERVICES, et. al.,

        Defendants.

### PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST SET OF FED. R. CIV. PRO. 33 INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Mary Madison responds to answer in writing, separately and under oath, the following interrogatories within 30 days of receipt of said interrogatories

### INSTRUCTIONS AND DEFINITIONS

In answering these interrogatories, provide all information available to Plaintiff, including information in the possession of Plaintiff's attorneys or former attorneys and any investigators.

As used herein, the following terms shall have the meanings indicated below:

    a.    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

    b.    "Document" means, without limiting the generality of its meaning, all originals (or copies where originals are unavailable) and non-identical copies (where different from originals) of all written, printed, typewritten,

1

        computerized or otherwise recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, e-mails, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, financial statements and projections, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, counseling, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries, any electronically stored information, or papers similar to any of the foregoing, however entitled, denominated or described.

c.       "Electronically stored information" (hereinafter "ESI") shall include all electronic information including, without limitation: internet web pages; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be

kept with the email); instant messages; text messages; voice mail; audio, video, and audiovisual recordings; databases and database Subsets; and other user or machine-created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, and Intranet, archives, discs, CD's, diskettes, portable hard drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, *iPhones, iPads,* tablets, *Blackberries,* pagers, and voicemail systems. All of the ESI requested herein shall, unless specifically instructed otherwise, be produced in its original native format with metadata preserved.

d.  "Communications" shall include all forms of written or verbal interchange, however transmitted, including but not limited to reports, notes, memoranda, letters, agenda, electronic mail, text messages, and other records of communication.

e.  "Plaintiff," "Madison," "you," or "your" means Plaintiff Mary Madison.

f.  "Defendant" means Kenco Logistic Services, LLC or any predecessor company of Kenco by which Plaintiff was employed.

g.  "Complaint" means the Complaint filed by Plaintiff in this action.

INTERROGATORIES

INTERROGATORY NO. 1:

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which Plaintiff has been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that Plaintiff has instituted against any organization or individual, and each judicial or administrative complaint to which Plaintiff has been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

RESPONSE TO INTERROGATORY NO. 1:  **Object with respect to the relevancy of any other matter to this matter.**

INTERROGATORY NO. 2:

Identify each person who supplied information to answer these interrogatories and specify by number those answers to which each such person supplied information.

RESPONSE TO INTERROGATORY NO. 2:  **Myself**

INTERROGATORY NO. 3:

Identify all sources of Plaintiff's income and the amounts of income received from each source from May, 2013 through the present, including but not limited to: (a) income from employment; and (b) any monetary benefits, including but not limited to benefits received from a government, private, or employer-sponsored plan.

RESPONSE TO INTERROGATORY NO. 3:    **Kenco/Mars, Royalties, government assistance**

INTERROGATORY NO. 4:

State whether Plaintiff has been convicted of any crimes during the last 10 years, including any such convictions which have been suspended or expunged, and with respect to each, state: (a) the date or approximate date of the conviction(s); (b) the crime(s) for which Plaintiff was convicted; and (c) the case number(s), court name(s) and address of the court(s) in which Plaintiff was convicted.

RESPONSE TO INTERROGATORY NO. 4:    **N/A**

INTERROGATORY NO. 5:

Identify every individual with personal knowledge of facts pertaining to the allegations in Plaintiff's Complaint and/or who may have discoverable knowledge, information, or data regarding this matter, and state the subject(s) of that knowledge, information, or data.

5

RESPONSE TO INTERROGATORY NO. 5:  **Leonard Szplett, Edith McCurry, and Kelvin Walsh**

INTERROGATORY NO. 6:

Identify each expert retained or contacted by Plaintiff or his agents, and state the subject matter of the expert's proposed testimony, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Identify any report or any written opinion relating to this case prepared by such expert.

RESPONSE TO INTERROGATORY NO. 6: **None at this time**

INTERROGATORY NO. 7:

If you contend that any part of Defendant's First Request for Production of Documents to Plaintiff calls for a document that is privileged in whole or in part, or contend that any document is protected from the discovery process, regardless of its relevance, state with specificity the reason for each such contention, objection, or ground for exclusion and identify the following: author, addressee, date, subject matter, number of pages, attachments or appendices, and the present custodian of each document.

RESPONSE TO INTERROGATORY NO. 7: **None at this time**

INTERROGATORY NO. 8:

Identify every employer by whom Plaintiff has been employed (other than Defendant) from May, 2013 to the present, including each employer's last known address and telephone number. For each such employer state:

(a) The date(s) of each such employment and Plaintiff's job titles and duties;

(b) Plaintiffs compensation during each of the above positions, including without limitation Plaintiff's rate or rates of pay, identifying any raise or raises in pay in connection with any of the positions, with the dates thereof, as well as a description of any employee benefits Plaintiff received in connection with each employment and any other compensation or remuneration Plaintiff received in connection with each employment;

(c) The reason for the termination or conclusion of each employment including, but not limited to, a statement of whether the termination of such employment was voluntary or involuntary;

(d) The identity of each and every document upon which Plaintiff relied in answering, or which contains information requested in, this interrogatory; and

(e) The identity of Plaintiffs last direct supervisor at each position described above.

RESPONSE TO INTERROGATORY NO. 8: **None**

INTERROGATORY NO. 9:

(a) Identify every educational institution Plaintiff attended, starting with high school, (b) state the dates of attendance, (c) state whether Plaintiff received a degree or certificate, and, (d) if so, state the nature and the date of the degree or certificate.

RESPONSE TO INTERROGATORY NO. 9: **Xavier University-B.S. Chemistry, HACCP & SQF Level 3 Certified**

7

INTERROGATORY NO. 10:

Identify every social media site (e.g., Facebook, MySpace, LinkedIn, a blog, etc.) to which you have subscribed and have made comments relating to Kenco, its officers or employees, or any discriminatory treatment you received or perceived, from May, 2013 to the present.

RESPONSE TO INTERROGATORY NO. 10:  **None**

INTERROGATORY NO. 11:

Identify all individuals (other than an attorney) with whom you have discussed this lawsuit or your belief that Kenco discriminated against you, and describe the substance of the conversation:

RESPONSE TO INTERRGATORY 11:  **Edith McCurry, Leonard Szplett, Mary Bunn, Yolanda Smith, Jim Thorn, Kimberly McDaniel, Ahyun Lee**

INTERROGATORY NO. 12:

Identify each and every doctor, health care professional, mental health care professional, psychiatrist, psychologist, therapist, counselor, or social worker whom Plaintiff has consulted or who has examined or treated Plaintiff between May, 2013 and the present, and include: (a) the dates of consultation, examination, and/or period of treatment; (b) the purpose of each consultation, examination, or treatment; (c) whether any written report or memorandum was prepared by such person relative to the consultation, examination, or treatment; (d) the physical location and custodian of the consultation, examination, or treatment records of any such person; and (e) the diagnosis, prognosis, treatment and cost of treatment.

RESPONSE TO INTERROGATORY 12:

**The Center for Religion and Psychotherapy of Chicago**
**30 North Michigan Avenue**
**Suite 1920**
Chicago, Illinois 60602-3605

Rev. Jim Thorn
9256 S. Lafayette
Chicago, IL 60620

**Advocate Health care**
**9730 S. Western**
**Chicago, IL 60643**

Dated: August 27, 2016

Respectfully submitted,

Mary Madison
9758 South Charles
Chicago, Il 60643

I, Mary Madison, the undersigned certifies that on December 9, 2016 true and correct copies of the foregoing **PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** on Defendant Kenco by causing a copy to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

Jody W. Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601