E-FILED
Wednesday, 04 January, 2017 05:04:52 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,

    Plaintiff,

V.

                          Case No. 15-cv-2290-CSB-EIL

KENCO LOGISTIC SERVICES, et. al.,

    Defendants.

## PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Mary Madison, produces to Kenco Logistic Services, LLC ("Defendant" or "Kenco") the following 357 digitized documents for inspection and copying at the offices of Jackson Lewis LLP, 150 North Michigan Avenue, Suite 2500, Chicago, Illinois 60601.

### INSTRUCTIONS AND DEFINITIONS

1.     The terms "Plaintiff," "you" and "your" refer to Plaintiff Mary Madison.

2.     The term "Defendant" means Defendant Kenco Logistic Services and its current or former officers, directors, managers, supervisors, employees, representatives, assigns, agents, attorneys, consultants, divisions, departments, affiliates, and subsidiaries.

3.     The term "Complaint" means the Complaint filed by Mary Madison in the case captioned *Mary Madison v. Kenco Logistic Services, et. al.* Case No. 15-cv-2290-CSB-EIL, in the United States District Court for the Central District of Illinois.

4.     The term "document" means any written, graphic or recorded material of every kind and description, however produced or reproduced, whether draft or final, original or 1

reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, deleted, redrafted, or executed, prepared by or for, or in the possession, custody or control of Plaintiff, her attorneys or other persons acting on Plaintiff's behalf. Without limiting the foregoing, the term "document" includes the following: correspondence, memoranda, electronic mail messages, text messages, instant messages, chat-room messages, social network (e.g., Facebook, Twitter, MySpace, Google+, etc.) messages, computer generated documents, documents maintained on computer or computer disk, tapes, or other electronic storage media, notes, jottings, videos, film impressions, voice mails, recordings or transcriptions of verbal conversations or statements, however made, books, records, reports, surveys, studies, analyses, projections, business forms, labels, papers and forms filed with courts or other governmental bodies, notices, messages, calendar or diary entries, charts, tabulations, contracts, applications, maps, pamphlets, agreements, statistical or informational accumulation including all forms of computer storage and retrieval, transportation logs, appointment books, resolutions, minutes or informal memoranda of meetings, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto) or material similar to any of the foregoing. If you have only maintained any responsive document(s) in electronic format and claim that you are not able to retrieve the data, specify in what format it was/is kept and the current status of the data.

5.     The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including

any and all documents containing, consisting of, or relating or referring, in any way, either **directly or indirectly to, a communication.**

6.  The term "person" refers to and includes a corporation, partnership, joint venture, proprietorship, firm, company, employer, unincorporated association, individual, association of individuals, or any other such entity.

7.  The term "individual" means a natural person.

8.  The term "identify" means:

a.  When used **with reference to** a document, state: (i) the type of document (i.e., **video, letter, memoranda, report, tape printout, etc.); (ii) the date when the document was** prepared; (iii) the name of the individual who drafted or prepared the document; (iv) the present or **last known location of the document or the identity** of the individual **who has custody of the document; and (v) such other information sufficient to enable Defendant to identify the** document, such as the addressee(s), the **approximate length** in pages, persons who received **copies, and a synopsis of its contents.**

b.  **When used with reference to a person, state** its or their: (i) **full name;** (ii) organizational status (i.e., corporation, partnership, etc.); **(iii) nature and character of its or** their **business or organization; (iv) business address and telephone number; (v) last known residential address and telephone number; and (vi) other similar identifying information, with the exception** that if the person to be identified is an individual, then identify as in subparagraph (c).

3

      c. When used with reference to an individual, state his or her: (i) full name; (ii) last known residence address and telephone number; (iii) business address and telephone number; (iv) job title or position; and (v) other similar identifying information.

      d. When used with reference to a communication: (i) if written, identify the document as in subparagraph (a); and (ii) if oral, state the date of the communication and the individuals or persons who sent, received and otherwise had knowledge of the communication, and state the substance thereof.

    9. Whenever appropriate in these Requests, the singular form of a word shall be interpreted as plural and vice versa.

    10. Whenever appropriate in these Requests, the masculine form of a word shall be interpreted as feminine and vice versa.

    11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

    12. The terms "relating to" or "concerning" mean consisting of, referring to, reflecting, supporting, evidencing, contradicting, compromising, or being in any way legally, logically, or factually connected with the matter discussed.

    13. Plaintiff's responses should be organized for production in accordance with Federal Rule of Civil Procedure 34(b) and identified with reasonable particularity by Bates stamp or otherwise.

14. If any document that would have been responsive to the Requests herein has been **destroyed or is no longer in your possession, custody or control**, provide the **following information**:

   a. The date of the document;

   b. **The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;**

   c. The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left your possession, **custody or control; and**

   d. The circumstances surrounding the loss of the document or the reason for its destruction.

15. **If Plaintiff has no documents in his possession, custody, or control which are** responsive to a particular Request, **Plaintiff shall so indicate in** writing.

16. With respect to any document for which a privilege is being asserted, identify **such document by stating:**

   a. **The name, title and job or position of the document's author;**

   b. The name, title and job or position of the document's sender;

   c. The **name, title and job or position of every person** who received or saw the **document or any of its copies;**

   d. The date of the document;

5

  e. The physical description of the document, including size, length, typed or handwritten, etc.;

  f. A brief description of the document's subject matter;

  g. The basis for the privilege asserted; and

  h. The name, title and job or position of all persons on whose behalf the privilege is asserted.

17. With respect to any conversation for which a privilege is being asserted, identify such conversation by stating:

  a. When the conversation occurred;
  b. Where the conversation occurred;
  c. The name, title and job or position of each person who was present at or during the conversation, whether or not such conversation was in person or by telephone;
  d. A brief description of the conversation's subject matter;
  e. The basis for the privilege; and
  f. The name, title and job or position of all persons on whose behalf the privilege is asserted.

18. The Genetic Information Nondiscrimination Act of 2008 ("GINA") prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by law. To comply with this law, we are asking that you not provide any genetic information when responding to these Requests. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family

member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

19. These Requests shall be deemed continuing in nature and further supplemental responses shall be served upon counsel for Defendant if and when Plaintiff obtains additional documents or information relevant to these Requests.

## DOCUMENT REQUESTS

1. All diaries, journals, logs, or other recordings of events in Plaintiff's life from May, 2013 to the present.

2. All documents relating to each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which Plaintiff has been involved.

3. All written or recorded statements of witnesses regarding any of Plaintiff's claims against Defendant.

4. All documents relating to your job performance with Defendant.

5. All documents relating to any action by Defendant that you contend was an unlawful adverse employment action.

6. All documents relating to your allegation that you did not receive proper training.

7. All documents relating to your allegation that the Performance Improvement Plan (PIP) you received was improper.

8. All documents relating to your allegations that you complained to Human Resources about not being treated fairly.

9. All documents related to your allegation that you were retaliated against by Defendant.

10. If you are claiming medical pain and suffering beyond garden variety emotional distress, please provide:

    a. all medical, psychiatric and/or psychological records from May, 2013 to present, relating to you.

    b. All documents relating to your admission to, or treatment at, any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis, since May, 2013.

    c. All documents relating to any medication or medical device prescribed to you since May, 2013, including but not limited to, any documents that reflect the name and dosage of such medication or medical device.

    d. A signed copy of the Medical Authorization Form attached as *Exhibit A*.

11. All documents provided by you or your agents to any expert witness, psychologist, psychiatrist, and/or physician you and your agents have consulted or retained in connection with this action.

12. All documents received from any expert witness, psychologist, psychiatrist, and/or physician you and your agents have consulted or retained in connection with this action.

13. All documents relating to any other employee of Defendant who you contend is similarly situated to you, is not a member of your protected classes *(i.e.,* was non-black, or female) and was treated more favorably than you.

14. All documents relating to any other employee of Defendant who you contend is similarly situated to you, did not engage in any protected activity, and was treated more favorably than you.

15. All documents relating to whether Defendant's stated reasons for terminating you were a pretext for discrimination or retaliation.

16. All documents relating to whether Defendant's stated reasons for taking any action against you that you believe was an unlawful adverse employment action were a pretext for discrimination or retaliation.

17. All documents relating to your allegation that Defendant engaged in willful discrimination or retaliation.

18. All documents relating to any claim for damages based on emotional distress.

19. All documents relating to your allegation that you suffered and will continue to suffer a loss of earnings.

20. All documents relating to your allegation in Paragraph 13 of the Complaint that you are entitled to general and compensatory damages in this action.

21. All documents relating to your allegation that you are entitled to punitive or exemplary damages in this action.

22. All documents relating to any monetary damages Plaintiff claims to have suffered as a result of Defendant's conduct.

23. All documents relating to any non-monetary damages Plaintiff claims to have suffered as a result of Defendant's conduct.

24. All documents that were identified in or are responsive to Defendant's First Set of Interrogatories to Plaintiff.

25. All documents that were reviewed in preparation of Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff.

26. All documents that Plaintiff believes tend to substantiate the allegations asserted in the Complaint.

27. All documents that Plaintiff believes tend to refute the allegations asserted in the Complaint.

28. All documents Plaintiff may offer into evidence or use at trial in this case.

29. To the extent not already encompassed within any of the foregoing document requests, all documents that Plaintiff has provided to third parties that refer or relate to his employment with Defendant, or that otherwise refer or relate to his allegations against Defendant.

30. To the extent not already encompassed within any of the foregoing document requests, all documents that Plaintiff has received from third parties that refer or relate to her employment with Defendant, or that otherwise refer or relate to her allegations against Defendant.

31. All documents containing or referencing income received by Plaintiff for the period commencing on May, 2013 and continuing to the present, including but not limited to Plaintiff's federal and state tax returns for the years 2013 to present, "W-2" forms, and "1099" forms.

32. For the period from May, 2013 through the present, all documents relating to Plaintiffs efforts to obtain employment, including but not limited to employment applications or inquiries Plaintiff has made (including any logs, diaries or any other records of such inquiries kept by Plaintiff or on behalf of Plaintiff) and documents submitted to or received from third parties.

33. All documents you or your agents have submitted to any federal, state or local government agency relating to any of the allegations in the Complaint.

34. **All documents you contend constitute or contain admissions against interest** by Defendant.

35. **All pages of any social media site (e.g., Facebook, MySpace,** Linkedin, a blog, etc.) to which you have subscribed and/or maintained from **May, 2013 to the present and in** which you **discuss anything related** to Defendant, your employment with Defendant, or **your claims against Defendant.**

36. All documents relating to any communications, including electronic, internet or online **communication,** posting, **response** to posting, update, response to update, comment, **response to comment, e-mail, instant message, text message, voice mail message, twitter** message or tweet, between you and any person, including but not limited to your friends, **family,** neighbors, **current or former co-workers, colleagues, acquaintances, and strangers, that** relate to **Defendant, your employment with Defendant, or your claims** against Defendant.

37. **All other documents (not otherwise produced) identified in, or to be identified in,** Plaintiffs disclosures to Defendant under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Dated: **August 27, 2016**                                    **Respectfully Submitted:**
                                                                               Mary Madison

11

CERTIFICATE OF SERVICE

I, Mary Madison, the undersigned certifies that on August 27, 2016, I caused to be served true and correct copy of the foregoing PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF upon Defendant Kenco Logistics by causing a copy to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

Jody W. Moran
Julia P. Argentieri
**Jackson Lewis P.C.**
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601