E-FILED
Wednesday, 04 January, 2017  05:04:52 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,

      Plaintiff,

                                  Case No. 15-ev-2290-CSB-E1L

   V.

KENCO LOGISTIC SERVICES, et. al.,

      Defendants.

## PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST SET OF FED. R. CIV. PRO. 33 INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Mary Madison responds to answer in writing, separately and under oath, the following interrogatories within 30 days of receipt of said interrogatories

### INSTRUCTIONS AND DEFINITIONS

In answering these interrogatories, provide all information available to Plaintiff, including information in the possession of Plaintiff's attorneys or former attorneys and any investigators.

As used herein, the following terms shall have the meanings indicated below:

a.    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

b.    "Document" means, without limiting the generality of its meaning, all originals (or copies where originals are unavailable) and non-identical copies (where different from originals) of all written, printed, typewritten,

1

computerized or otherwise recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, e-mails, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, financial statements and projections, memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, counseling, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting work sheets, diaries, any electronically stored information, or papers similar to any of the foregoing, however entitled, denominated or described.

c.        "Electronically stored information" (hereinafter "ESI") shall include all electronic information including, without limitation: internet web pages; word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be

kept with the email); instant messages; text messages; voice mail; audio, video, and audiovisual recordings; databases and database Subsets; and other user or machine-created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, and Intranet, archives, discs, CD's, diskettes, portable hard drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, *iPhones, iPads,* tablets, *Blackberries,* pagers, and voicemail systems. All of the ESI requested herein shall, unless specifically instructed otherwise, be produced in its original native format with metadata preserved.

d.    "Communications" shall include all forms of written or verbal interchange, however transmitted, including but not limited to reports, notes, memoranda, letters, agenda, electronic mail, text messages, and other records of communication.

e.    "Plaintiff," "Madison," "you," or "your" means Plaintiff Mary Madison.

f.    "Defendant" means Kenco Logistic Services, LLC or any predecessor company of Kenco by which Plaintiff was employed.

g.    "Complaint" means the Complaint filed by Plaintiff in this action.

# INTERROGATORIES

INTERROGATORY NO. 1:

Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which Plaintiff has been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that Plaintiff has instituted against any organization or individual, and each judicial or administrative complaint to which Plaintiff has been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

RESPONSE TO INTERROGATORY NO. 1:  **Object with respect to the fact that this interrogatory is not reasonably calculated to produce any evidence that is admissible at trial.  Furthermore, if any of these matters should exist, none of these matters were a precursor to the disparate and disparaging treatment and impact that began upon hire and if they were to have existed, it implies an immediate bias that perhaps facilitated the discriminate behaviour.**

INTERROGATORY NO. 3:

Identify all sources of Plaintiff's income and the amounts of income received from each source from May, 2013 through the present, including but not limited to: (a) income from employment; and (b) any monetary benefits, including but not limited to benefits received from a government, private, or employer-sponsored plan.

RESPONSE TO INTERROGATORY NO. 3:   **Kenco/Mars-$
Royalties are not income earned base and is not relevant to the mitigation of damages government assistance-approximately 3,000.00**

INTERROGATORY NO. 4:

State whether Plaintiff has been convicted of any crimes during the last 10 years, including any such convictions which have been suspended or expunged, and with respect to each, state: (a) the date or approximate date of the conviction(s); (b) the crime(s) for which Plaintiff was convicted; and (c) the case number(s), court name(s) and address of the court(s) in which Plaintiff was convicted.

RESPONSE TO INTERROGATORY NO. 4:   **None**


INTERROGATORY NO. 5:

Identify every individual with personal knowledge of facts pertaining to the allegations in Plaintiff's Complaint and/or who may have discoverable knowledge, information, or data regarding this matter, and state the subject(s) of that knowledge, information, or data.


RESPONSE TO INTERROGATORY NO. 5:  **Leonard Szplett, Edith McCurry, and Kelvin Walsh**

**Leonard Szplett is knowledgeable about Madison's employment at the Kenco Mars Facility, as well as, the discriminatory treatment imposed upon Madison.**

**Edith McCurry is knowledgeable about Madison's employment at the Kenco Mars Facility, as well as, the discriminatory treatment imposed upon Madison.**

**Kelvin Walsh is knowledgeable about Madison's employment at the Kenco Mars Facility, as well as, the discriminatory treatment imposed upon Madison.**

INTERROGATORY NO. 11:

Identify all individuals (other than an attorney) with whom you have discussed this

lawsuit or your belief that Kenco discriminated against you, and describe the substance of the

conversation:

RESPONSE TO INTERRGATORY 11:  **Edith McCurry, Leonard Szplett, Mary Bunn, Yolanda Smith, Jim Thorn, Kimberly McDaniel, Ahyun Lee, Vernon Henry, Morris Tyson, Nathan Doss, Mardy Ringo.**

The substance of the conversations with the aforementioned persons were about, including but not

limited to: the animus and hostile work environment, the disparaging and disparate treatment and

impact, the violation of my civil rights, the violations of company and public policy, as well as, the

systemic and cross-functional discriminant beahviour's exhibited.

INTERROGATORY NO. 12:

Identify each and every doctor, health care professional, mental health care professional, psychiatrist, psychologist, therapist, counselor, or social worker whom Plaintiff has consulted or who has examined or treated Plaintiff between May, 2013 and the present, and include: (a) the dates of consultation, examination, and/or period of treatment; (b) the purpose of each consultation, examination, or treatment; (c) whether any written report or memorandum was prepared by such person relative to the consultation, examination, or treatment; (d) the physical location and custodian of the consultation, examination, or treatment records of any such person; and (e) the diagnosis, prognosis, treatment and cost of treatment.

RESPONSE TO INTERROGATORY 12:

**The Center for Religion and Psychotherapy of Chicago**
**30 North Michigan Avenue**
**Suite 1920**
Chicago, Illinois 60602-3605

   a.   Primarily, once a week.  From 2013-2015
   b.   Therapy sessions with regard to the employment issues that occurred at the Kenco Mars Facility
   c.   I do not know whether reports were prepared.
   d.   I do not know about their record keeping policies and procedures
   e.   Counseling-psychotherapy
   f.   Cost were waived

**Advocate Health care**
**9730 S. Western**
**Chicago, IL 60643**

   a.   Sometime within 2014 and 2015
   b.   Treatment for cold/flu/
   c.   I do not know whether reports were prepared.
   d.   I do not know about their record keeping policies and procedures
   e.   Prescribed medication and course of treatment
   f.   Insurance covered

Rev. Jim Thorn

9256 S. Lafayette
Chicago, IL 60620

   a.  From 2013-to date; several times a week
   b.  Pastoral Counseling
   c.  I do not know whether reports were prepared.
   d.  I do not know about their record keeping policies and procedures
   e.  Ongoing Pastoral care
   f.  N/a

I, Mary Madison, believe that the foregoing answers are true and correct to the best of my knowledge, information and belief.

Dated: December 8, 2016                Respectfully submitted,

                                        Mary Madison
                                        9758 South Charles
                                        Chicago, Il 60643