IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,

    Plaintiff,

Case No. 15-ev-2290-CSB-EIL

V.

KENCO LOGISTIC SERVICES, et. al.,

    Defendants.



FILED
JAN 20 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

**NOW COMES** Plaintiff, MARY MADISON ("Plaintiff') pro se, and responds to DEFENDANT's Motion to Compel and for her good cause shown in support of her response Plaintiff states the following; THAT

1. **Plaintiff timely answered Defendants Discovery requests.**
2. **Plaintiff timely complied to Defendants additional Discovery requests**
3. **Plaintiff responded within the rationale, beliefs, confounds and abilities of Plaintiff**
4. **Plaintiff raised objections to Defendant's § 1 of its Motion to Compel and continues to do so for the following reasons:**

Plaintiff does not believe that Defendant's request is "reasonably calculated to lead to the discovery of admissible evidence," as none of Plaintiff's possible or alleged litigation would

have precipitated, had a bearing, or been a precursor to the disparate and disparaging treatment and impact imposed upon Plaintiff.

Pointedly, Plaintiff's disparate and disparaging treatment and impact began the first day of her employment when Walsh willfully and intentionally withheld and failed to give Madison the necessary information that was needed to perform the necessary duties and functions of her position.

Madison was contacted by Matt Chick, The Distribution Quality Manager with the Manteno Audit Report from 2012. See Plaintiff's Exhibit EEEE page 2 to the IDHR/EEOC Madison intern followed up with an introduction and follow up questions, as Chick was Madison's counterpart.

Instant, Walsh once again started disparately and disparagingly treating Madison through a harassive, berating, and demeaning email stating that if Madison had of only asked first Walsh could have provided the information ......ultimately making Kenco look like they don't have an understanding... See Plaintiff's Exhibit EEEE page 1 to the IDHR/EEOC

Madison responded to Walsh indicating the number of times and the dates and times that she had requested that information from him. See Respondents Exhibit 24 to the IDHR/EEOC.

By Defendants own evidence and Walsh's own admission he had possession of the information and according to Mars Walsh had the information since 2012. Madison began employment in May of 2013.

Therefore, there is nothing reasonably calculated for the discovery of admissible evidence from any other civil or criminal matter that could be related to any pending claim or used as a

defense. In addition to that, Plaintiff does not believe, particularly in this instance, that any other civil or criminal matter is relevant to any party's claim or defense are in proportionality to the needs of the case. Furthermore, Plaintiff believes that it is distracting from the merits of the litigation.

5. **Section 2- Plaintiff did not refuse to respond to request No. 36**

**According to://www.merriam-webster.com/dictionary/refuse** is defined as- to show or express unwillingness to do or comply with *<refused to answer the question>*

**According to://www.merriam-webster.com/dictionary/respond** is defined as-to say something in return : make an answer *<respond to criticism>*

By the shear definition of the words refuse and respond the statement made by Defendant is simply untrue. Plaintiff gave Defendant an answer, perhaps not to Defendant's liking, but it cannot by virtue of definition be constituted as a refusal.

Furthermore, Defendant goes on to take great liberties in stating what Plaintiff was accused of refusing to have responded to, when it recited what Plaintiff apparently concedes….. This is diametrical, divergent, anomaly or perhaps a miracle.

Specifically, the request stated:

> "All documents relating to any communications, including electronic, internet or online **communication,** posting, **response** to posting, update, response to update, comment, **response to comment, e-mail, instant message, text message, voice mail message, twitter** message or tweet, between you and any person, including but not limited to your friends, **family,** neighbors, **current or former co-workers,**

**colleagues, acquaintances, and strangers, that** relate to **Defendant, your employment with Defendant, or your claims** against Defendant."

Plaintiff has tendered to Defendant any relative documents to emails; furthermore, Plaintiff outside of a business setting does not use email. Emails that were not turned over are attorney client privileged. Plaintiff views it as impersonal and Plaintiff does not care for texting and is not a preferred method of communication. My preferred method of communication is phone of in person. If you read the response it clearly states conversations....Furthermore, the breath, depth and scope of these matters cannot be reduced to acronyms or emojis.

Plaintiff has not denied having communication with any of the persons listed in Defendants request no. 36.

6. Section 3- Response to request No. 31

Plaintiff did indeed state that the "tax returns not available at this time, will provide at a later time." The tax returns that were filed were not available and Plaintiff will retrieve them through a 4506 request. With that being said, it is Plaintiff understands that the information required is earned income and not any other source of income such as, but not limited to: dividends, residual income, royalties and income of that nature. Consequently, Plaintiff raises the issue, as to why Defendant needs to be apprised of Plaintiff's financial makeup, as that information is an overreach to the scope and formula used to calculate damages.

7. Section 4 Requests No. 18-22

Plaintiff is in the process of obtaining the relevant documentation to the aforementioned requests.

This motion is made in good faith and is not intended to unduly delay these proceedings and the relief requested would not cause any prejudice to Defendant, but if denied would greatly prejudice Plaintiff.

**WHEREFORE,** Plaintiff requests that this Honorable Court grant his motion for an extension of time.

Respectfully submitted,
**MARY MADISON**

By: _____

Pro Se

MARY MADISON

9758 South Charles

Chicago, Il 60643

773.297.9569

## CERTIFICATE OF SERVICE

Please take notice that on January 19, 2017 I, Mary Madison, hereby, certify that I did file a Response to Defendants MOTION to Compel with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 15-cv-02290-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

By: _____

Pro Se

MARY MADISON

9758 South Charles

Chicago, Il 60643

773.297.9569