**E-FILED**
Wednesday, 08 February, 2017 11:48:48 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

**MARY MADISON,**

**Plaintiff,**

**v.**

**KENCO LOGISTIC SERVICES, LLC, et al.,**

**Defendants.**

**Case No. 15-2290**

**ORDER**

This case is before the Court on Defendant Kenco Logistic Services, LLC's ("Defendant") Motion to Compel Responses to Interrogatory 1, and Requests for Production 2, 18-22, 31, and 36 (#42). Plaintiff Mary Madison ("Plaintiff") filed a Response to Defendant's Motion to Compel (#45). For the reasons set out below, Defendant's Motion to Compel (#42) is GRANTED in part and DENIED in part.

**I. Background**

Defendant's Motion indicates that, on September 20, 2016, Plaintiff provided discovery responses and document production to Defendant. According to Defendant, Plaintiff failed to provide written responses to the document production requests and has failed to produce a number of essential documents. Defendant also indicates that it has engaged in numerous efforts over the last several months, including mailing a Rule 37 letter, in an attempt to resolve the discovery issues without Court involvement.

On November 28, 2017, at the request of Defendant, the Court held an informal discovery conference in an attempt to resolve the outstanding discovery issues. During this conference, Plaintiff indicated that she understood the need to comply with Defendant's discovery requests and indicated that she would make every effort to do so by December 9, 2016. Defendant notes that while Plaintiff did provide some

supplemental discovery on December 9, 2016, Plaintiff has still failed to provide complete responses to all of Defendant's discovery requests.

**II. Analysis**

Pursuant to Federal Rule of Civil Procedure 26(b), the parties are entitled to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, unless otherwise limited by the Court, regardless of its admissibility at trial. FED. R. CIV. P. 26(b). Rule 37 authorizes a party to move for an order compelling disclosure or discovery after the movant has, in good faith, conferred or attempted to confer with the party who failed to make the disclosure or failed to produce the disputed discovery. FED. R. CIV. P. 37. A district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes. *Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1995). The district court exercises significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-496 (7th Cir. 1996). It may grant or deny the motion in whole or in part. *Id.*

In responding to a request for production of documents, a party must provide written responses to the document production requests as well as the documents themselves. *See Rencher v. AT&T Mobility Servs.*, LLC, 2012 U.S. Dist. LEXIS 70443, * 2 (N.D. Ill. 2012) (granting a motion to compel after the plaintiff provided documents in response to a document production request, but failed to provide any written responses); *See also Transcap Assocs. v. Euler Hermes Am. Credit Indem. Co.*, 2009 U.S. Dist. LEXIS 46382 (N.D. Ill. 2012) (granting in a part a motion to compel based on the defendant's "admitted and unjustified failure" to provide written responses to discovery requests); *Moser v. Gounaris*, 2010 U.S. Dist. LEXIS 99667 (N.D. Ill. 2010) (dismissing a *pro se* plaintiff's case as a sanction for the plaintiff's refusal to produce written discovery responses after the court had specifically admonished the plaintiff that "production of documents does not excuse him from responding to the written discovery propounded by the defendants.")

Defendant's Motion to Compel (#42), indicates that Plaintiff has failed to respond to Interrogatory No. 1 and Request for Production No. 2 (information about other litigation involving Plaintiff), Request No. 36 (communications with Kenco and other former Kenco employees), Request No. 31 (tax returns), and Requests No. 18-22 (documents that support the various damage claims that Plaintiff has asserted in her Complaint). Defendant also asserts that Plaintiff has failed to respond in writing to nearly all of Defendant's document production requests.

Plaintiff's Response regarding Defendant's Interrogatory No. 1 and Document Request No. 2 argues that she believes that Defendant has sought information that "is not reasonably calculated for the discovery of admissible evidence." Plaintiff's Response to Defendant's Motion to Compel, d/e #45, p. 2. Plaintiff also indicates that she believes that these requests are "not relevant to any party's claim or defense." *Id.* at p. 3.

The Court notes that Plaintiff is mistaken in her belief that discovery is limited only to admissible evidence. Rule 26(b) plainly states that relevant information "need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b). Therefore, Plaintiff's contention that these documents are "not admissible" is not a basis for withholding otherwise discoverable documents from Defendant.

As to relevancy, Plaintiff's Complaint asserts that she has suffered mental damages as a result of Defendant's alleged actions. Plaintiff's prior litigation history is relevant and probative of whether Plaintiff's claims of emotional distress may have been caused by other encounters with employment discrimination or other litigation. *See Wofford v. Celani*, 2012 U.S. Dist. LEXIS 95708, *6-*7 (N.D. Ill. 2012). Therefore, Plaintiff's prior litigation history is discoverable and shall be produced.

Regarding Defendant's request No. 36 (information regarding Plaintiff's communications with Kenco and other former Kenco employees), Plaintiff argues that she "provided an answer, perhaps not to Defendant's liking." While the Court recognizes that Plaintiff has objected to this request, the purpose of a motion to compel is not to challenge the response given, "but rather to compel a party to *answer*." *Stewart*

*v. Capital Newspapers, Inc.*, 2010 U.S. Dist. LEXIS 37070 (E.D. Wis. 2010). Plaintiff's answer indicated that the request was "overly broad and unduly burdensome." Thus, Plaintiff does not argue that this information is not relevant, which is the standard applied by Rule 26, but rather that the request would place an undue burden upon her.

The Court agrees with Defendant that Plaintiff's contention that it would be unduly burdensome to print out emails that are covered by the scope of Request No. 36 does not pass muster. Moreover, Plaintiff, in her Response, appears to concede that there are e-mail communications that she has not produced. Plaintiff notes that "e-mails that were not turned over are attorney client privileged." Plaintiff is representing herself in this lawsuit and request No. 36 asks for communications between Plaintiff and Kenco, as well as other former Kenco employees. The attorney client privilege does not apply to communications between a pro se Plaintiff and individuals who are not attorneys. Finally, the Court notes that the communications requested between Plaintiff and other former Kenco employees, namely those former Kenco employees who also have pending litigation against Kenco in this Court and have been filing virtually identical pleadings in all their cases, are particularly relevant considering the Court's orders in those other cases admonishing other pro se plaintiffs for filing pleadings on behalf of other individuals, including Plaintiff Madison.

Plaintiff does not appear to object to Defendant's Request No. 31 (tax returns) outside of the fact that she argues that she will produce them at a later time. While that response may have been sufficient in September, 2016, the time has come for Plaintiff to produce the responsive documents. The same is true for Requests No. 18-22, which Plaintiff also indicates she is "in the process of producing." This case has been delayed several times, and Plaintiff has been given exceptional leeway and several extensions to comply with Defendant's discovery requests. It is now time for Plaintiff to produce full responses to Defendant's discovery requests so this case may move forward.

Finally, the Court notes that Plaintiff is required to provide written responses to Defendant's document production requests, indicating which documents are responsive to each individual request propounded by Defendant. Plaintiff cannot discharge her

obligation to answer discovery simply by sending documents to Defendant with no context and no indication of which documents are responsive to Defendant's specific requests. Plaintiff is required to provide a written explanation to Defendant as to which documents are responsive to each specific discovery request. *Moser*, 2010 U.S. Dist. LEXIS, at * 5.

The Court therefore orders Plaintiff to provide written responses to Defendant's Request for Production of Documents identifying, with specificity, which documents are responsive to each of Defendant's specific document production requests. Plaintiff is further ordered to respond to Defendant's Request for Production No. 2 (information about other litigation involving Plaintiff), Request No. 36 (communication with Kenco and other former Kenco employees), Request No. 31 (tax returns), and Requests No. 18-22 (documents that support the various damage claims that Plaintiff has asserted in her Complaint), as well as Interrogatory No. 1.

To the extent Defendant asks for sanctions in connection with its Motion to Compel, that request is denied. The Court notes that if Plaintiff believes that she has already complied in full with certain document production requests, then Plaintiff's discovery obligation on that particular matter may have already been resolved. Plaintiff, however, is strongly cautioned that her failure to comply with this Order requiring her to provide written responses to Defendant's document production requests, as well as Interrogatory No. 1, and to provide responsive documents to requests number 2, 36, 31, and 18-22, could result in sanctions, up to and including dismissal of Plaintiff's case. *See* FED. R. CIV. P. 37(b)(2)(A)(i-vii); *Moser*, 2010 U.S. Dist. LEXIS, at * 6.

**III. Conclusion**

For these reasons, Defendant's Motion to Compel (#42) is GRANTED in part and DENIED in part. Plaintiff is given fourteen (14) days to produce written responses identifying, with specificity, which documents are responsive to each specific document production request propounded by Defendant. Plaintiff is also given fourteen (14) days to produce documents responsive to Defendant's document production requests

number 2, 31, 36, and 18-22, as well as a written response to Defendant's Interrogatory No. 1. Defendant's request for sanctions is denied.

ENTERED this 8th day of February, 2017.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE