IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION



FILED
APR 26 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

MARY MADISON,

    Plaintiff,

Case No. 15-ev-2290-CSB-EIL

V.

KENCO LOGISTIC SERVICES, et. al.,

    Defendants.

PLAINTIFF'S RESPONSE TO COURT AND DEFENDANT'S MOTION TO COMPEL

**NOW COMES** Plaintiff, MARY MADISON ("Plaintiff') pro se, and responds to DEFENDANT's Motion to Compel and for her good cause shown in support of her response Plaintiff states the following; THAT

1. On April 22, 2017, Plaintiff received the Courts order to respond in the mail.
2. Defendant did not serve Plaintiff a copy of the motion to compel that was filed.
3. Plaintiff did no refuse to sit for a deposition for Defendants.
4. The cover letter to the Notice of Deposition combined another matter at the DOL2016-FDA-4. See Exhibit A
5. Plaintiff indicated that the time Defendant chose was not convenient.
6. Defendant indicated on the record on the status call of April 4, 2017 that there was a conflict with the date and that some emails were going back and forth.

7. Defendant did not indicate that there was a refusal, but a conflict with the date.

8. Defendant at the time of the call was aware that there was an issue with Defendant combining Plaintiff's various matters.

9. Defendant did not contact my legal counsel regarding combining the matters for one (1) deposition. See Exhibit B

10. Defendant issued the notice of deposition by overnight mail several days later after receiving a scheduling order change from the DOL after Defendant had filed a motion on February 24, 2017. See Exhibit C

11. Defendant blatantly mislead the DOL into believing that due to some outstanding discovery issues in the federal court discovery had been delayed.

12. Accordingly the court resolved the outstanding discovery issues by order on February 8, 2017, sixteen days before Defendant filed this disingenuous motion.

13. Defendant also lead the DOL to believe that Plaintiff's attorney had not responded to Defendant; when in fact Defendant had not informed Plaintiff's attorney of an impending motion nor did Defendant serve a copy of the motion as required under 29 CFR Part 18.

14. Defendant served Plaintiff's attorney by email; and email address that was incorrect.

15. Plaintiff nor Plaintiff's attorney had ever given Defendant Plaintiff's Attorney's email address nor was it on the service list.

16. Service by email requires written consent under 29 CFR Part 18.

17. There was no written consent for service by email.

18. Plaintiff's attorney filed an objection to Defendant's motion. See Exhibit D

19. The motion has not been ruled upon.

20. Plaintiff only objected to Defendant's counsel linking the two matters together.

21. Furthermore, Defendant mispresented to this court on the status call that she was trying to figure out how to handle both matters.

22. To Plaintiff it was clear; follow proper protocol.

23. Defendant had no business or right combining the two (2) separate and distinct legal matters into one matter.

24. Defendant has in a gross overreach and blatant mistruth mislead this court into thinking that Plaintiff refused to sit for a deposition and that Plaintiff was directing communications through an attorney who has not filed an appearance in this matter.

25. Plaintiff is directing the appropriate communication to the attorney with respect to the proper forum.

26. Plaintiff is at a disadvantage because Plaintiff does not know what Defendant submitted and cannot authenticate the accuracy of the documentation.

27. In reviewing the notice of deposition, the cover letter attached references both matters.  See Exhibit D Subpart -Exhibit 3

28. Plaintiff emailed Defendant regarding this unethical and uncouth behaviour. See Exhibit E

29. Also, in the email chain contained within Exhibit E on page 2 and 3 it specifically directs communication to Attorney Hoffman and myself from Defendant and directly correlates to Exhibit D Subpart-Exhibit 3.

**30. Consequently, Defendant knew exactly what they were doing when it intentionally mislead the DOL by stating there were unresolved discovery issues in this court that had not been resolved, that we agreed to dovetail the discovery and that my attorney did not respond; Defendant knew exactly what they were doing when Defendant took it upon themselves to synergize these matters and play possum when their conspired schemes began unravel; Defendant knew exactly what it was doing when it filed the motion to compel to the court, with the intent to mislead just days after receiving the expert witness report; Defendant knew that the basis of the motion was a patently false and blatantly misleading; Defendant knew what was being done when Defendant failed to serve me a copy of the motion.**

Plaintiff believes that Defendants and Defendants' counsel continue to conspire against Plaintiff and Plaintiff's protected rights. Plaintiff also believes that Defendant is once again engaging this court to help further its contrived schemes, as it did in its motion to the DOL on February 24, 2017 (See Exhibit C). Plaintiff also believes that Defendant is perpetrating a fraud on the court by inducing the court to compel Plaintiff for a more expeditious deposition to accommodate Defendants failure to procure the necessary discovery within the prescribed time frame allotted by the Department of Labor with the initial time frame allotted from December 16, 2016 to April 4, 2017 and the extended time frame to June 2, 2017.

Plaintiff does not have a problem sitting for a deposition; however, it is not correct to comingle these matters, as they have been filed in two (2) different jurisdictions and from Plaintiff's point of view are not inextricably linked together. Plaintiff does not feel that it is fair or equitable to use this court to aid Defendant in surviving a scheme gone wrong. Therefore,

Plaintiff requests that Defendants' motion be stricken and that Plaintiff be allowed to be deposed after June 2, 2017 and that the court address the Defendants' behavours as it sees fit.

This motion is made in good faith and is not intended to unduly delay these proceedings and the relief requested would not cause any prejudice to Defendant, but if denied would greatly prejudice Plaintiff.

**WHEREFORE,** Plaintiff requests that this Honorable Court grant Plaintiff's motion.

Respectfully submitted,
**MARY MADISON**

By: _____

Pro Se

MARY MADISON

9758 South Charles

Chicago, Il 60643

773.297.9569

# CERTIFICATE OF SERVICE

Please take notice that on April 24, 2017 I, Mary Madison, hereby, certify that I did file a Response to the Court and Defendants MOTION to Compel with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 15-cv-02290-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

By: _____

Pro Se

MARY MADISON

9758 South Charles

Chicago, Il 60643

773.297.9569