UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

MARY MADISON,

    Plaintiff,

v.

KENCO LOGISTIC SERVICES, LLC,
et al.,

    Defendants.

Case No. 15-2290

**ORDER**

    This matter is again before the Court because Plaintiff has refused to provide deposition dates as ordered by the Court. During a status call on April 4, 2017, this Court directed Plaintiff to submit to a deposition in this case. On April 13, 2017, Defendants filed a motion to compel reporting to the Court that Plaintiff had refused to provide dates on which she was available for her deposition. In a text order dated April 17, 2017, this Court ordered Plaintiff to show cause why she should not be sanctioned for refusing to provide dates as ordered by the Court and to provide Defendants with five (5) dates on which she would be available. Discovery in this case closed on April 21, 2017, and has been extended to allow Defendants to depose Plaintiff.

    Instead of complying with this Court's order, Plaintiff complained about Defendants' desire to combine two depositions (this case and a related Department of Labor matter) and refused to provide dates, except to say she would submit to a deposition after June 2.  This is wholly insufficient and fails to comply with the Court's two previous orders.

    The drafters of the Federal Rules of Civil Procedure anticipated litigation wherein one party would refuse to engage in discovery or ignore court orders to comply with discovery requests. Rule 37 authorizes, and in certain circumstances

mandates, consequences for this behavior. Rule 37 first provides for an award of reasonable expenses. When a party's refusal to participate in discovery causes the other party to move to compel compliance, it provides that "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Similarly, the Rule requires sanctions against a party that refuses to comply with a court order relating to discovery. "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(B).

Accordingly, in a separate filing, the Court has submitted a recommendation to Judge Bruce that he sanction Plaintiff $400 to be paid to Defendants Kenco Logistic Services and Kevin Walsh by sending a check or money order to Defendants' counsel of record. This payment is due on or before June 1, 2017. Although the Court recognizes that this amount fails to cover the movant's reasonable expenses incurred in making the motion to compel, the Court has reduced the amount to account for Plaintiff's inability to pay the entire expense.

Regarding Plaintiff's deposition; at the outset of this case, as a courtesy to Plaintiff and consistent with this Court's Local Rules, the Court instructed Defendants to give Plaintiff an opportunity to select dates on which Defendants would depose her. After Plaintiff failed to cooperate with Defendants, the Court directed Plaintiff to cooperate with Defendants in scheduling her deposition. After Plaintiff again failed to cooperate, the Court ordered Plaintiff to give Defendants five dates on which she would be available. Plaintiff again refused. Accordingly, Defendants are relieved of any courtesy to Plaintiff that the Court had requested or that is required by Local Rule.

Defendants may schedule Plaintiff's deposition on any date on which they are available without conferring with Plaintiff. Defendants nevertheless shall provide

Plaintiff with reasonable written notice, as required by Rule 30(b)(1). Given the specific facts of this case and the manner in which it has proceeded (or failed to proceed) to deposition, one week's notice is sufficient. During her deposition, Plaintiff shall answer any questions that are designed to elicit information regarding non-privileged matters that are relevant to any party's claim or defenses in this case.

To be clear, this is not a suggestion; it is an order. If Plaintiff fails to attend her deposition following reasonable written notice or refuses to answer relevant questions, her case will be dismissed pursuant to Rule 37(d).

ENTERED this 27th day of April, 2017.

s/ERIC I. LONG<br>UNITED STATES MAGISTRATE JUDGE