UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MARY MADISON, <br><br> Plaintiff, <br><br> v. <br><br> KENCO LOGISTIC SERVICES, LLC, et al., <br><br> Defendants. | Case No. 15-2290 |

## REPORT AND RECOMMENDATION

This matter is again before the Court because Plaintiff has refused to provide deposition dates as ordered by the Court. For the reasons explained below, the Court recommends that Plaintiff be sanctioned in the amount of $400, to be paid to Defendants Kenco Logistic Services and Kevin Walsh, for her failure to comply with the Court's Order and to cover the expenses incurred by Defendants in filing their Motion to Compel Discovery.

**I. Background**

During a status call on April 4, 2017, this Court directed Plaintiff to submit to a deposition in this case. On April 13, 2017, Defendants filed a motion to compel reporting to the Court that Plaintiff had refused to provide dates on which she was available for her deposition. In a text order dated April 17, 2017, this Court ordered Plaintiff to show cause why she should not be sanctioned for refusing to provide dates as ordered by the Court and to provide Defendants with five (5) dates on which she would be available. Discovery in this case closed on April 21, 2017, and has been extended to allow Defendants to depose Plaintiff.

**II. Analysis**

Plaintiff filed a Response (#54) to the Court's Order to Show Cause on April 26, 2017. Instead of complying with this Court's order, Plaintiff complained about Defendants' desire to combine two depositions (this case and a related Department of Labor matter) and refused to provide dates, except to say she would submit to a deposition after June 2. Plaintiff's Response is wholly insufficient and fails to comply with the Court's two previous orders.

The drafters of the Federal Rules of Civil Procedure anticipated litigation wherein one party would refuse to engage in discovery or ignore court orders to comply with discovery requests. Rule 37 authorizes, and in certain circumstances mandates, consequences for this behavior. Rule 37 first provides for an award of reasonable expenses. When a party's refusal to participate in discovery causes the other party to move to compel compliance, it provides that "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Similarly, the Rule requires sanctions against a party that refuses to comply with a court order relating to discovery. "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(B).

### III. Conclusion

For these reasons, the Court recommends that Plaintiff be sanctioned in the amount of $400, to be paid to Defendants Kenco Logistic Services and Kevin Walsh by sending a check or money order to Defendants' counsel of record. This payment is due on or before June 1, 2017. Although the Court recognizes that this amount fails to cover the movant's reasonable expenses incurred in making the motion to compel, the Court has reduced the amount to account for Plaintiff's inability to pay the entire expenses. The parties are advised that any objection to this recommendation must be filed in

writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc., v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 27th day of April, 2017.

s/ERIC I. LONG<br>UNITED STATES MAGISTRATE JUDGE