IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2290-CSB-EIL |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, et. al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant, Kenco Logistics Services, LLC by and through its undersigned attorneys, files the instant response in opposition to Plaintiff's Motion to Compel, and states as follows:

**A. Plaintiff Failed to Make Reasonable Attempts to Meet and Confer.**

Plaintiff's Motion to Compel should be denied because Plaintiff has not attempted to meet and confer with Defendant in good faith prior to filing the instant motion. Her one sentence email asking Defendants to reconsider its responses without specifying what information or documents she believes Defendant has not turned over is inadequate (*See* Ex. K to Plaintiff's Motion). Fed. R. Civ. Pro. 37(a)(1) requires that "The motion must include a certification that the movant has **in good faith** conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Pro. 37(a)(1) (emphasis supplied).

Although Plaintiff's Motion states that Madison asked Kenco to reconsider their answers Kenco still does not understand which answers Plaintiff is even asking to be reconsidered or what she believes has not been produced. Madison has sent hundreds of discovery requests to both

1

Kenco and Walsh in recent weeks and months, and Kenco has responded to all requests that it reasonably determined fell within the scope of Fed. R. Civ. Pro. 26, without being overly duplicative and harassing in nature. A complete copy of all discovery responses Kenco has provided to Plaintiff are attached as Exhibit A.[1]

If there are specific discovery requests that Madison is asking for Defendant to reconsider, Plaintiff should explain what she is looking for and why she believes she is entitled to it, and Defendant would be happy to discuss that with Plaintiff. Plaintiff has not satisfied her obligations under Fed. R. Civ. Pro. 37(a)(1).

### B. Plaintiff's Motion Should Be Denied.

Putting aside Plaintiff's failure to meet and confer, and turning to the substance of the motion, Plaintiff's motion does not articulate in an intelligible manner what Madison is seeking to compel, or why she believes she is entitled to anything else. In concluding the Motion on page 12, Plaintiff states that she is seeking to compel all documents related to: Plaintiff, her employment, all of Defendant's manuals, policies, protocols, logs, forms and all job descriptions created by Plaintiff during her employment, in addition to other documents (Doc. 58, p. 12).[2] Kenco has produced 1868 pages of documents including: Madison's, personnel file, key emails related to Madison's employment and job performance, documents received from the EEOC/IDHR in response to FOIA request and key Kenco policies. Defendants do not understand what Plaintiff is seeking beyond what has already been produced which makes it difficult to respond in detail to

---

[1] Defendant Walsh has also responded to a separate set of interrogatories.

[2] In reviewing Madison's motion, the only type of specific document mentioned by Plaintiff that appears to be potentially relevant and not already produced is Kenco's insurance declaration page, which Kenco has now bates labeled and produced to Madison via electronic mail on May 26, 2017.

why any particular documents should or should not be produced. On page 9 of the Motion, Plaintiff refers to seeking to compel the "policies, procedures, protocols and forms in their top tier documents in Appendix F, as well as any site manuals, policies, procedures, protocols, and forms contained in Appendix A for the relevant time. These manuals, policies, procedures, protocols and forms govern and outline every action Defendant is to take, enact or has enacted." (Doc. 58, p. 9).

Kenco has already produced all policies that appear to have some logical relationship to the litigation, including: the General Employment Policy, Anti-Harassment Policy and the Performance Management Policy that applies to Exempt Level Employees. Kenco is concerned that Plaintiff is continuing to try to unnecessarily increase litigation costs by adding tens of thousands of pages of useless paper to this litigation consisting of Kenco policies that have nothing to do with this case and which will not shed light on the claims at hand. If Plaintiff truly believes that there is a "smoking gun" in this litigation, as asserted on Page 10 of her motion, Plaintiff should explain what the alleged smoking gun is, and Defendant is more than willing to consider whether additional documents should be produced (but does not believe there are other relevant or otherwise discoverable documents in Kenco's possession). Asking Kenco to produce every log, policy, protocol, procedure and form in its possession is not a targeted request for a "smoking gun" and is more properly characterized as a fishing expedition and an attempt to harass Defendant in violation of Federal Rules. Plaintiff's incoherent motion to compel fails to tie anything she is looking for to how it will advance her claims. Accordingly, Plaintiff's Motion to Compel should be denied.

## CONCLUSION

WHEREFORE, for all the reasons stated herein, Defendant requests that this Court deny Plaintiff's Motion to Compel and grant such further relief as this Court deems just and proper.

Dated: May 26, 2017

                                        Respectfully submitted,

                                        **KENCO LOGISTIC SERVICES, LLC**

                                        By:/   /s/ Jody Wilner Moran
                                                 One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, hereby certify that on May 26, 2017, I electronically filed a copy of the foregoing **Defendant's Response in Opposition to Plaintiff's Motion to Compel** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via electronic mail and U.S. mail to:

        Mary Madison (*pro se*)
        9758 South Charles
        Chicago, IL 60643
        mdj123197@aol.com


        By: /s/ *Jody Wilner Moran*
            One of the Attorneys for Defendant