E-FILED
Friday, 26 May, 2017  01:15:32 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

IN THE UNITED STAPES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,                              )
                                           )
            Plaintiff,                     )
                                           )    Case No. 15-cv-2290-CSB-EIL
        v.                                 )
                                           )
KENCO LOGISTIC SERVICES, et. al.,          )
                                           )
            Defendants.                    )

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO KENCO

Defendant Kenco Logistic Services, LLC ("Kenco"), by its attorneys, Jackson Lewis P.C., for its responses to Plaintiff's Requests for Production, states as follows:

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed R. Civ. P."), Defendant Kenco Logistics Services, LLC ("Defendant"/ "Kenco"), hereby responds and objects to Plaintiff's Requests for Production of Documents as set forth below.

## GENERAL RESPONSES AND OBJECTIONS

Kenco incorporates the following response and objections into each and every REQUEST set forth below:

1.      In answering the following requests, Kenco will ascribe to terms the normal definitions given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2.      Kenco objects to Plaintiff's requests to the extent they purport to impose obligations on Kenco that are broader than required by the Federal Rules of Civil Procedure or applicable local rules.

3.      Kenco objects to Plaintiff's requests to the extent they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Kenco objects to each request to the extent it purports to require it to disclose documents and information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

5.      Where, in response to a particular request, Kenco identifies specific documents that are responsive, Kenco does not thereby represent or warrant that other documents may not also be responsive to the request, or that the documents identified in response to the request are only responsive to the request referenced.

6.      Kenco's investigation of this matter is ongoing.  Kenco therefore reserves the right to supplement its responses to each and every Request for Production (or any portion thereof).

## DOCUMENT REQUESTS

1.      All diaries, journals, logs, or other recordings of events in Defendant's operations from May, 2013 to the present.

**RESPONSE:  Defendant objects to this request because it is overly broad and vague. Without waiving objections, none.**

2.      All documents relating to each and every civil and criminal proceeding, administrative proceeding (including but not limited to OSHA, FDA, and any other governing Regulatory agency), bankruptcy proceeding, and civil suit in which Defendant has been involved.

**RESPONSE: Defendant objects to this request because it is overly broad and not proportional to the needs of this litigation.**

3.      All written or recorded statements of witnesses regarding any of Plaintiff's claims against Defendant.

**RESPONSE: None.**

4.    Any and all commendations, performance management assessments, disciplinary actions, incentives and the like bestowed upon Plaintiff from defendant's records kept as a matter of ordinary business, as well as, in compliance with Defendant's certification and industry standards from May, 2013 to the present.

**RESPONSE: See Madison's personnel file, previously produced and bates labeled Kenco 000001-000040, including her Performance Improvement Plan bates labeled Kenco 000024-000040.**

5.    All documents relating to Plaintiff's job performance with Defendant.

**RESPONSE: See Kenco 00001-00001864, including Plaintiff's personnel file, job description, other documents and communications related to Plaintiff's job performance, and documents received in response to FOIA request from the EEOC related to Madison.**

6.    All documents relating to any action by Defendant took that you contend and legitimizes that there was a lawful employment action taken against Plaintiff.

**RESPONSE:  See Kenco 000001-000040, Madison's personnel file as well as Kenco 001734-001864, performance documents related to Madison.**

7.    All documents relating to Defendant providing and giving training to Plaintiff, including but not limited to: to who provided the training, as well as, the disposition of each training.

**RESPONSE: See Plaintiff's personnel file as well as other performance documents, bates labeled as Kenco 000001-000040 and Kenco 001734-001864.**

8.    Defendant's affirmative action plan

**RESPONSE: Defendant objects to this Request because it is overly broad and seeks information that is irrelevant.**

9.    All documents relating to any action by Defendant deemed necessary to facilitate any employment decision, whether favorable or unfavorable, that was amassed directly or indirectly to any incident, company and public policy infraction and or investigation(s), whether favorable or unfavorable.

**RESPONSE: Defendant objects to this Request because is vague and ambiguous.**

10.    All documents relating to any action by Defendant deemed necessary to facilitate any employment decision, whether favorable or unfavorable, that was amassed directly or indirectly to an incident, company and public policy infraction or investigation(s) Defendant contends that justified and supported a non-pretexted legitimate lawful reason to have placed Plaintiff on a Performance Improvement Plan, as well as, extending to Plaintiff inequitable terms and conditions of employment.

**RESPONSE: Defendant objects to this Request because is vague and ambiguous. Without waiving objections, see Madison's Performance Improvement Plan, bates labeled Kenco 000024-000040.**

11.    All documents relating to any action by Defendant deemed necessary to facilitate any employment decision, whether favorable or unfavorable, that was amassed directly or indirectly to an incident, company and public policy infraction or investigation(s) Defendant contends that justified and supported a non-pretexted legitimate lawful reason to have imposed upon Plaintiff inequitable terms and conditions of employment.

**RESPONSE: Defendant objects to this Request because it is overly broad and vague. Without waiving objections, see all documents produced by Defendant.**

12.    All documents relating to any action by Defendant deemed necessary to facilitate any employment decision, whether favorable or unfavorable, that was amassed directly or indirectly to an incident, company and public policy infraction or investigation(s) Defendant contends that justified and supported a non-pretexted legitimate lawful reason to have terminated Plaintiff.

**RESPONSE: Defendant objects to this Request because it is overly broad and vague. Without waiving objections, see all documents produced by Defendant.**

13.    All documents relating to your Defense that the Performance Improvement Plan (PIP) Plaintiff received was proper.

**RESPONSE: See Madison's Performance Improvement Plan, bates labeled Kenco 000024-000040.**

14.    All documents relating to your Defense that the Performance Improvement Plan (PIP) followed Defendant's policies, procedures, protocols, and forms.

**RESPONSE: See Madison's Performance Improvement Plan, bates labeled Kenco 000024-000040.**

15.    All documents relating to your Defense that the Performance Improvement Plan (PIP) followed Defendant's Quality Management System Documentation Policy-CP.BP.4.2.1.001 and Defendant's Control of Documents Policy- ISOBP4.2.3.001.

**RESPONSE: Madison's Performance Improvement Plan, bates labeled Kenco 000024-000040.**

16.    All documents relating to Plaintiffs allegations that Plaintiff did not complain to Human Resources about not being treated fairly.

**RESPONSE: Defendant objects to this Request because it is overly broad and vague. Without waiving objections, no such documents exist because Plaintiff did not make such a complaint.**

17.    All documents relating to Plaintiffs allegations that Plaintiff did complain to Human Resources about not being treated fairly.

**RESPONSE: Defendant objects to this Request because it is overly broad and vague. Without waiving objections, no such documents exist because Plaintiff did not make such a complaint.**

18.    All documents relating to Plaintiffs allegations that Plaintiff did complain to Corporate about being asked to engage in corporate misconduct.

**RESPONSE: Defendant objects to this Request because it is overly broad and vague. Without waiving objections, no such documents exist because Plaintiff did not make such a complaint.**

19.    All documents related to Plaintiff's allegation that Plaintiff was retaliated against by Defendant.

**RESPONSE: See Madison's personnel file and performance documents bates labeled Kenco 000001-000040 and Kenco 001734-001864 for documents reflecting that Madison's PIP and termination were non-retaliatory.**

20.    All documents related to Plaintiff's allegation that Plaintiff was not retaliated against by Defendant, but sanctioned, or progressively disciplined, or performance managed in a lawful non pretexted and non-discriminant manner according to Defendants company policies, procedures, and protocols listed in Defendant's Appendix F during the relative time.

**RESPONSE: See Madison's personnel file and performance documents bates labeled Kenco 000001-000040 and Kenco 001734-001864 for documents reflecting that Madison's PIP and termination were non-retaliatory.**

21.    Names, contact information, title, position, job function, and geographical location of all persons involved, as well as, the role played by each person in the adverse employment decision affecting Plaintiff, including, but not limited to the protocol, procedure, and policies, relating to the Plaintiff's employment abeyance, return to modified and non-modified work denial, who recommended the adverse employment decision, the metric, matrix, rational or company and public policy used in the recommendation.

**RESPONSE:  Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

22.    All documents provided by you or your agents to any expert witness, psychologist, psychiatrist, and/or physician you and your agents have consulted or retained in connection with this action.

**RESPONSE: Defendant objects to this request because it is vague and ambiguous. Without waiving objections, none.**

23.    All documents received from any expert witness, psychologist, psychiatrist, and/or physician you and your agents have consulted or retained in connection with this action.

**RESPONSE:  None.**

24.    All documents relating to any other employee of Defendants who you contend was/is similarly situated to Plaintiff, that was not a member of Plaintiffs protected classes *(i.e.,* was non-black, or female) and was treated more favorably than Plaintiff

**RESPONSE: None.**

25.    All documents relating to any other employee of Defendants who you contend was/is similarly situated to Plaintiff, that was not a member of Plaintiff's protected classes *(i.e.,* was non-black, or female) and was not treated more favorably than Plaintiff.

**RESPONSE: None.**

26.    All documents relating or in support of your defense against the allegations that Plaintiff was not racially harassed by being subjugated to unequal terms and conditions of employment.

**RESPONSE: See all documents produced by Defendant.**

27.    All documents relating or in support of your defense against the allegations that Plaintiff was not racially harassed by being subjugated to harsher discipline and scrutiny than non-blacks, specifically other non-black mangers or other similarly situated persons at the Mars Manteno Facility.

**RESPONSE: See all documents produced by Defendant.**

28.    All documents relating to any other employee of Defendants who you contend was/is similarly situated to Plaintiff, who did not engage in any protected activity, and was treated more favorably than Plaintiff.

**RESPONSE: None.**

29.    All documents relating to any other employee of Defendants who you contend was/is similarly situated to Plaintiff, who did engage in any protected activity, and was treated more favorably than Plaintiff

**RESPONSE: None.**

30.    All documents relating to whether Defendant's stated reasons for terminating Plaintiff was not a pretext for discrimination or retaliation.

**RESPONSE: See all documents produced by Defendant.**

31.    All documents relating to whether Defendant's stated reasons for taking any action against Plaintiff that Defendant believe was a lawful employment action was not a pretext for discrimination or retaliation.

**RESPONSE: See all documents produced by Defendant.**

32.    All documents from Plaintiff or on Plaintiff's behalf to defendant in support of being racially harassed including reports made from co-workers, to HR, management and the like.

**RESPONSE:  None.**

33.    All documents relating or in support of your defense against the allegations that Plaintiff was not retaliated against by being subjugated to harsher discipline and scrutiny than non-blacks, or non-black managers, or other similarly situated persons at the Mars Manteno Facility.

**RESPONSE: See all documents produced by Defendant.**

34.    All documents relating to your defense that Defendant did not engage in willful discrimination or retaliation.

**RESPONSE: See all documents produced by Defendant.**

35.    All documents from you relating to Plaintiff's allegations about misconduct, disparate and disparaging treatment made to management, including but not limited to Kelvin Walsh, former General Manager of the Mars Manteno facility, Edith McCurry former HR Administrator of the Mars Manteno facility, Leonard Szplett former HR/Accounting and Office Manager of the Mars Manteno Facility, Corporate, Kevin Moses, and the like.

**RESPONSE:  None.**

36.    All documents from you relating to or in support of your defense against the allegation that Plaintiff was not placed on a Performance Improvement Plan in retaliation for complaining about disparate treatment, workplace, public safety and compliance issues and hazards.

**RESPONSE: See all documents produced by Defendant.**

37.    All policies, procedures, and protocols from Defendant relating to or in support of Defendant's defense against the allegation that Plaintiff was not retaliated against.

**RESPONSE: See all documents produced by Defendant.**

38.    All policies, procedures, and protocols from Defendant relating to or in support of Defendant's defense against the allegation that Plaintiff was not discriminated against.

**RESPONSE: See all documents produced by Defendant.**

39.    All policies, procedures, and protocols from Defendant relating to or in support of Defendant's defense against the allegation that Plaintiff was not discriminated against because of Plaintiff's race.

**RESPONSE: See all documents produced by Defendant.**

40.    All policies, procedures, and protocols from Defendant relating to or in support of Defendant's defense against the allegation that Plaintiff was not discriminated against because of Plaintiff's gender.

**RESPONSE: See all documents produced by Defendant.**

41.    All documents that support that Defendant's upper management, beginning at Plaintiff's management level, is racially proportioned to blacks and non-blacks.

**RESPONSE:  Defendant objects to this Request because it is vague as Plaintiff was not a manager, and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

42.    All documents that support that Defendant's upper management, beginning at Plaintiff's management level, is proportioned in gender to males and females.

**RESPONSE: Defendant objects to this Request because it is vague as Plaintiff was not a manager, and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

43.    All documents from you relating to or in support of your defense against the allegation that Defendant did follow company or public policy as it performance management policies, equal terms and conditions of employment, investigation and incident reporting policies, procedures, and protocols.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad.**

44.    All covenants, agreements, contracts, work instructions and the like between Kenco Logistics and MARS, Inc., including but not limited to:
   a.  SOW Requirements
   b.  WERC Best Practices Assessment Documents
   c.  Management agreement between Kenco and MARS, Inc.
   d.  MARS, Inc. Warehouse and distribution manual used in the governance of the Mars Manteno facility
   e.  Mars Manteno operating structure and budget
   f.  Mars and Kenco Termination agreement of 2015

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

45.    All reporting structures and reporting mechanisms of Kenco Logistics to MARS, Inc. including, but not limited to: organizational charts, as well as, the timeline, the name, contact information and position of persons listed within that scheme.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

46.    The names and types of any and all company certifications, endorsements and/or affiliations, such as, but not limited to ISO Certification.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation. .**

47.    The name, address and telephone of Defendant's ISO 9001 registrar.

**RESPONSE: Defendant objects to this Request because it does not seek documents as required by Fed. R. Civ. Pro. 34 and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

48.    Any and all company policy, procedures, form and the like listed on Appendix F from April 2013 to August 2013, including but not limited to each revision, as well as, the other corresponding Appendices, A, B, C, D, & E, including but not limited to each revision, as it relates to Corporate and Mars Manteno site changes that are properly executed according to company policy.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

49.    All documents relating to Defendant's defense against the allegation that Defendant did not follow company and public policy as it relates to intentional, wanton, willful and woeful discrimination or retaliation.

**RESPONSE: See all documents produced by Defendant.**

50.    All documents Defendant has relating to Plaintiff not being entitled to any claim for damages based on emotional distress.

**RESPONSE: See all documents produced by Defendant.**

51.    All documents relating to Defendant's defense against the allegation that Defendant did not administer harsher discipline and scrutiny to African-Americans and others who opposed disparate and disparaging treatment and impact, including, but not limited to Opportunity for Improvement, Performance Management, Performance Improvement Plans, employment abeyance, suspension, termination and the like.

**RESPONSE: See all documents produced by Defendant.**

52.    Any and all Exception forms *CP-QE-4.2.1.001-2* executed from May of 2013 until September 2103, as well as, the supporting business cases, as it relates to Corporate and Mars Manteno site changes that are properly executed according to company policy.

   a.    Exception forms generated at the Mars Manteno facility from April 2013 through September 2013.

   b.    Approved exception forms generated at the Mars Manteno facility April 2013 through September 2013.

   c.    Business cases associated with the approved exception forms generated at the Mars Manteno facility April 2013 through September 2013.

   d.    Associated logs to policy *CP-QE-4.2. 1.001*

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

53.    Any and all Controlled copy distribution forms executed from May of 2013 to September 2013, as it relates to the Mars Manteno Facility that are properly executed according to company policy.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

54.    Any and all incident reports and forms taken, completed and/or effectuated from May of 2013 to September 2013, as it relates to the Mars Manteno Facility.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

55.    The log(s) of all incident reports and forms taken, completed and/or effectuated from December 2013 to September 2013, as it relates to the Mars Manteno Facility.

**RESPONSE: Defendant objects to this Request because it is vague and overly broad and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

56.    My and all complaints filed by other MARS Manteno employees regarding disparate and disparaging treatment and impact.]

**RESPONSE: Defendant objects to this Request because it is vague, overly broad and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

57.    Any and all exit interviews for Mars Manteno employees.

**RESPONSE:** **Defendant objects to this Request because it is overly broad and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

58.    A list of all previous Mars Manteno employees, including name, contact information, title, and the like.

**RESPONSE:** **Defendant objects to this Request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

59.    All documents relating to or in support of your defense that Defendant was compliant with Title VII.

**RESPONSE:** **See all documents produced by Defendant.**

60.    All documents relating to or in support of your defense that Defendant was compliant with 42 U.S.C. 1981 and 1985.

**RESPONSE:** **See all documents produced by Defendant.**

61.    All documents relating to or in support of your defense that Defendant or Defendant's agents did not in any way conspire against Plaintiff's protected rights.

**RESPONSE:** **See all documents produced by Defendant.**

62.    All documents relating to Defendant's defense that Plaintiff has not suffered or will not continue to suffer a loss of earnings.

**RESPONSE:** **See all documents produced by Defendant.**

63.    All documents relating to Defendant's defense that Plaintiff is not entitled to general and compensatory damages in this action.

**RESPONSE:** **See all documents produced by Defendant.**

64.    All documents relating to Defendant's defense that Plaintiff is not entitled to punitive or exemplary damages in this action.

**RESPONSE:** **See all documents produced by Defendant.**

65.    All documents relating to Defendant's defense that Plaintiff has not suffered any monetary damages as a result of Defendant's conduct.

**RESPONSE:** **See all documents produced by Defendant.**

66.    All documents relating to Defendant's defense that Plaintiff has not suffered any non-monetary damages as a result of Defendant's conduct.

**RESPONSE:** **See all documents produced by Defendant.**

67.    All documents that were identified in or are responsive to Plaintiffs First Set of Interrogatories to Plaintiff

**RESPONSE: None, outside of what has already been produced.**

68.    All documents that were reviewed in preparation of Defendant's responses to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE: See all documents produced by Kenco.**

69.    All documents that Defendant believes tend to substantiate Defendant's Defense.

**RESPONSE: See all documents produced by Kenco.**

70.    Any and all written or recorded statements of witnesses regarding any of Plaintiffs claims against Defendant, including, but not limited to those that either support or refute Plaintiff's allegations.

**RESPONSE: None.**

71.    Any and all comparable persons, including temporary and permanent employees, subjected to being denied the opportunity to exercise their protected rights, as well as, the enforcement of company policy after any violation of public and company policy, but not limited to the: date, time, name contact information, title, position, policy effectuated to facility this decision, the decision makers, and the exception form and business case, if applicable, as well as, the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

72.    Any and all comparable persons or employees of the Mars Manteno Facility, including temporary and permanent employees, subjected to adverse employment decisions, being punished, sanctioned, reprimanded, terminated for the exercising any of their protected rights in any capacity, as well as, the enforcement of company policy after any violation of public and/or company policy, including but not limited to the: date, time, name contact information, title, position, policy effectuated to facility this decision, the decision makers, and the exception form and business case, if applicable, as well as, the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

73.    Any and all company policies related to termination.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and not proportional to the needs of the litigation. Without waiving objections, policy CP-HR-6.2.2.009, performance management for exempt employees is bates labeled Kenco 001865-Kenco 001869.**

74.     Any and all company policies related to performance management of any kind.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and not proportional to the needs of the litigation. Without waiving objections, policy CP-HR-6.2.2.009, performance management for exempt employees is bates labeled Kenco 001865-Kenco 001869.**

75.     Any and all company policies related to training.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

76.     Any and all company policies related to Defendant's Quality Management System.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

77.     Any and all organizational charts, including, but not limited to names and titles of persons listed by position, timeline and geographical location.
   a.  Corporate
   b.  Mars Manteno site
   c.  MARS, Inc. North America including distribution Network

**RESPONSE: Defendant objects to this Request because it is vague and incomprehensible and seeks information not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

78.     The Index of Quality Records as it relates to Appendix A, B, C, D, E, & F, according to company policy and ISO 9001:2008 standards.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

79.     The Master list of all controlled documents from Appendix A, B, C, D, E, & F, according to company policy and 150 9001:2008 standards.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

80.     The policy relating to the Distribution of Controlled documents according to company policy and ISO 9001:2008 standards.

**RESPONSE:** Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.

81.     The various Retention times for all Records kept according to ISO 9001:2008 standards and company policy; including but not limited to: policies, procedures, protocols and the like inclusive of titles and document numbers.

**RESPONSE:** Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.

82.     The archive location of all records kept in compliance to Appendix A, B, C, D, E, & F according to ISO 9001:2008 standards and company policy.

**RESPONSE:** Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34 and seeks information that is not relevant to any party's claims or defenses.

83.     All Kenco connection updates from 2013 through September 2013; including but not limited to the catalogued and documented changes.

**RESPONSE:** Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.

84.     The required and company mandated signature verification logs correlated to the policies, protocols and procedures Madison was informed and trained on relevant to all related and imposed policies, procedures, and protocols instituted and the Mars Manteno facility, as well as, other Top Tier documents.

**RESPONSE:** Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.

85.     The policy that relates to the Best Practice Audit assessment of the Mars Manteno Facility from April 2013 through September 2013.

**RESPONSE:** Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.

86.     Any and all the Audit Findings, root cause and corrective actions for Audits of the Mars Manteno Facility.

**RESPONSE:** Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.

87.     Roles and responsibilities of each employee of the MARS, Inc. Manteno facility, as it relates to company policy and in accordance with the ISO 9001:2008 standards.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34 and seeks information that is not relevant to any party's claims or defenses.**

88.     All documents that Defendant believes tend to commemorate, memorialize, reiterate, support, reinforce, or the use of any adjective thereof the allegations asserted in the Complaint.

**RESPONSE: None.**

89.     Any and all persons comparable or not who were given the exception or the opportunity to not be subject to company and public policy, whether temporary or full time employees including, but not limited to the: date, time, name contact information, title, position, policy effectuated to facility this decision, the decision makers, and the exception form and business case, if applicable, as well as, the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

90.     Any and all persons comparable or not subjected, relative to not being afforded the opportunity to have an investigation conducted per company policy, that included the alleged participant, take place before an adverse employment decision was effectuated while being either a temporary or full time tenured or non-tenured employee including, but not limited to: date, time, name, gender, contact information, the decision makers, and the exception form and business case, if applicable, and the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

91.     Any and all comparable persons subjected to the adverse employment decisions of suspension, for committing egregious violations or any violation of company and/or public policy, including but not limited to life threatening actions while being a full time tenured or non-tenured employee including, but not limited to the: date, time, name, race, gender, contact information, title, position, policy effectuated to facility this decision, the decision makers, and the exception form and business case, if applicable and the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

92.     Any and all comparable persons subjected to any adverse employment decision of disciplinary actions, for committing egregious violations or any violation of company and/or public policy, including but not limited to life threatening actions while being a full time tenured or non-tenured employee including, but not limited to the: date,

time, name, race, gender, contact information, title, position, policy effectuated to facility this decision, the decision makers, and the exception form and business case, if applicable and the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

93.     Any and all comparable persons who were subjected to deviation of company policy, as it relates to discipline and the escalation thereof while being a temporary or full time tenured or non-tenured employee including, but not limited to the: date, time, name, race, gender, contact information, title, position, policy effectuated to facility this decision, the decision makers, and the exception form and business case, if applicable and the terms and conditions imposed.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

94.     Any and all other persons having filed informal and formal complaints against Kenco Logistics, MARS, Inc. and/or a combination there of, with any governing agency internally or externally, as well as, the circumstance or bias of each complaint.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

95.     The policy and the form that directly relates to exception and or deviations from the policy, procedure, protocol and the like according to company policy from including but not limited to: any updates in their entirety.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

96.     The policy related to human resource/employment law curriculum and training policy.

**RESPONSE: Defendant objects to this Request because it is vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

97.     A copy of Mars Manteno Special Statement of Understanding and any associated policy and documents related to this SSOU.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

98.     Employment policies, such as but not limited: general employment, harassment, work place violence, performance management, ethics, Opportunity for Improvement, and the like.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

99.     The name of the responsible person for record keeping during the relevant times specific to each appendix, at site and corporate level, as well as, their contact information; including, but not limited to telephone number, email and address.

**RESPONSE: Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34 and seeks information that is not relevant to any party's claims or defenses.**

100.     The name of the Quality Engineer /Coordinator who replaced Plaintiff.

**RESPONSE:  Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34 and seeks information that is not relevant to any party's claims or defenses.**

101.     Kenco Corporate Responsibility report, including but not limited to: 2010 and any new releases relevant to the years 2013 to 2015.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

102.     Copies of the employee New Hire book relative to 2013.

**RESPONSE: Defendant objects to this Request because it is overly broad, and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

103.     Personnel manuals of any sort corporate or site level.

**RESPONSE: Defendant objects to this Request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

104.     Documentation to the geographical location and/or proximity to Mars Manteno of the witnesses proffered by Defendant during the relative times.

**RESPONSE: Defendant objects to this request because it is vague, overly broad and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

105.     All documents Defendant may offer into evidence or use at trial in this case.

**RESPONSE: See all documents produced by Defendant.**

106.    To the extent not already encompassed within any of the foregoing document requests, all documents that Defendant has provided to third parties that refer or relate to Plaintiffs employment with Defendant, or that otherwise refer or relate to Defendant's defense against Plaintiffs allegations against Defendant.

**RESPONSE: See all documents produced by Kenco.**

107.    To the extent not already encompassed within any of the foregoing document requests, all documents that Defendants has received from third parties that refer or relate to Plaintiffs employment with Defendant, or that otherwise refer or relate to her allegations against Defendant.

**RESPONSE: See documents produced by IDHR and EEOC in response to FOIA, Kenco 000041-001724.**

108.    Any and all documents relating to any communications, including electronic, any digitized, internet or online communication, posting, response to posting, update, response to update, comment, response to comment, e-mail, instant message, text messages, voice mail message, Kenco and Mars Computer Servers, Kenco Connection, MARS, Inc. and any of its agents, emails, word processing files, pictures, databases, data files, and archives files, regardless of whether the information is contained on servers, laptop and desktop computers, back-up tapes, home and personal computers, disks, CDs, zip drives, and handheld devices including but not limited to: cellular phones and/or "smart" phones, iPads, Blackberry devices, or any other form of personal electronic device. It also includes all posts, messages or other communications through any form via social media, including but not limited to: Facebook, Twitter message or tweet, LinkedIn, or Snapchat between Defendant, its agents, and any person, including but not limited to MARS, Inc., its agents, its employees, Kenco Logistics, The Kenco Group, Karen Smith, Tammi Fowler, Matthew Chick, Edith McCurry, Leonard Spzlett, Kelvin Walsh, Mike Manzello, Robert Coffey, Michelle Hisey, Paula Hise, Kevin Moses, Trace Clifford, Jason Pendleton, Laveppia Brown, The Illinois Department of Human Rights, EEOC, current or former coworkers, colleagues, acquaintances, and strangers, that relate to Defendant, Plaintiffs employment with Defendant, or in defense or in support against the allegations of Plaintiff's claims against Defendant.

    a.    As well as, other subjects that include, but are not limited to: alleged work place infractions, incidents, inadequacies, ineptness, infractions, misconduct, performance management, policies, procedures, protocols; including but not limited to: Opportunity for Improvement (OFI), disciplinary actions including but not limited to progressive disciplinary steps-verbal, first (1st), second (2nd), Final (P) and termination steps either concert, combination or independently to the aforementioned persons.

    b.    In addition, any emails regarding investigation of any work place infractions by any of the aforementioned persons or other persons involved in said investigations relative to any portion of the investigation frocause analysis to the final disposition to the corrective and preventive actions, as well as, emails from Madison or on the behalf of Madison to any of the aforementioned

persons or entities either concert, combination or independently to the aforementioned persons.

c.  Any request for leave of absences of any kind, any correspondence by any agent on behalf of Madison, and/or any complainants or suggestions, implicitly or explicitly, to the various instances of subjugation of disparate and disparaging treatment and impact towards Madison made in either concert, combination or independently to the aforementioned persons.

d.  In addition, any emails, mailings, written correspondence of any kind, facsimiles, logs, quality management systems required documentation, incident reports, corrective and preventative action reports, root cause analysis, OSHA and safety log, Quality Engineer or Coordinator monthly report and the like regarding investigation of any work place infractions by any of the aforementioned persons or other persons involved in said investigations relative to any portion of the investigation from the root cause analysis to the final disposition to the corrective and preventive actions, as well as, emails from Madison or on the behalf of Madison to any of the aforementioned persons or entities.

e.  In addition, any emails, mailings, written correspondence of any kind, facsimiles, logs, quality management systems required documentation, incident reports, corrective and preventative action reports, root cause analysis, OSHA and safety log, Quality Coordinator monthly report and the like regarding drug and diabetic testing relating to Madison or issued by Madison.

**RESPONSE: Defendant objects to this request because it is overly broad, vague and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of the litigation.**

109.  Information forwarded to regulatory agencies regarding Madison complaints

IDHR

1.  Position Statements

2.  Verified Response

3.  Exhibits

4.  All other correspondence regarding complaints including but not limited to eeo report, disciplinary comparables, and the like

5.  Emails

E E O C

1.  Position Statements

2.  Verified Response

3.  Exhibits

4.     All other correspondence regarding complaints including but not limited to eeo report, disciplinary comparables, and the like

5.     Emails

**RESPONSE**: **See Kenco 000079-001724, EEOC and IDHR FOIA response documents.**

110.   Names, addresses, and pertinent information of witnesses relevant to defendant. All documents containing or referencing the profit and loss of Defendant, as well as, the name of Defendant's insurance carrier(s) for Defendant's general liability insurance, umbrella and its directors and officers liability policies.

**RESPONSE**: **Defendant objects to this request because it does not seek documents as required by Fed. R. Civ. Pro. 34.**

111.   Any proffering's to any agency or person relating to the allegations waged by Madison against Kenco-Mars.

**RESPONSE**: **Defendant objects to this Request because it is vague and ambiguous.**

112.   Comparable disciplinary measures and actions instituted on non-African Americans or those who did not oppose such disparate and disparaging treatment and impact upon Madison and others.

**RESPONSE**: **Defendant objects to this Request because it is vague, overly broad and seeks information that is not relevant to any party's claims or defenses and not proportional to the needs of this litigation.**

113.   The specific policy that was used as a weighted measure or metric to rank competencies, offenses, infractions, and violations of company policy against one another, as well as, the policy that also determined the use of the performance improvement plan for Madison.

**RESPONSE**: **Defendant objects to this Request because it is vague and ambiguous.**

114.   All documents that support that Defendant did not obstruct the administration of justice when Defendant's outside legal counsel made blatant mistruths and misleading statements to the IDHR and EEOC with regard to Edith McCurry.

**RESPONSE**: **Defendant objects to this Request because it is argumentative seeks information that is not relevant to any party's claims or defenses.**

115.   All documents that support that Defendant did not obstruct the administration of justice when Defendant's outside legal counsel made blatant mistruths and misleading statements to the IDHR and EEOC with regard to alleged performance issues of Madison, including, but not limited to Madison's Project Plan and Business Continuity Plan.

**RESPONSE: Defendant objects to this Request because it is argumentative and seeks information that is not relevant to any party's claims or defenses.**

116.    All documents that support that Defendant did not conspire against to commit fraud the administration of justice when Defendant's outside legal counsel made blatant mistruths and misleading statements to the IDHR and EEOC with regard to Edith McCurry.

**RESPONSE: Defendant objects to this Request because it is argumentative and seeks information that is not relevant to any party's claims or defenses.**

117.    All Documents that support that Defendant did not conspire to commit fraud against the administration of justice when Defendant's outside legal counsel made blatant mistruths and misleading statements to the IDHR and EEOC with regard to alleged performance issues of Madison, including but not limited to Madison's Project Plan and Business Continuity Plain that were not cited or contained in Madison's PIP.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

118.    All documents that support that Defendant did not perjure itself when Defendant's outside legal counsel made blatant mistruths and misleading statements to the IDHR and EEOC with regard to Edith McCurry.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

119.    All documents that support that Defendant did not perjure its self when Defendant's outside legal counsel made blatant mistruths and misleading statements to the IDHR and EEOC with regard to the alleged performance issues of Madison, including, but not limited to Madison's Project Plan and Business Continuity Plan that were not cited or contained in Madison's PIP.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

120.    All documents that support that Defendant did not conspire to obstruct the administration of justice when Defendant's Tammi Fowler appeared as a witness postulating herself as viable material witness, with firsthand knowledge, to the IDIIR and EEOC during the exhaustive Administrative process.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

121.    All documents that support that Defendant did not attempt to commit fraud upon the court when Defendant's outside legal counsel intentionally and willfully made blatant mistruths and misleading statements made to the IDHR and EEOC under oath.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

122.    All documents that support that Defendant did not attempt to commit fraud upon the court when Defendant's outside legal counsel intentionally and willfully materially altered statements from Edith McCurry as it relates to reporting of disparate and disparaging treatment and impact from Madison to McCurry.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

123.    All documents that support that Defendant did not attempt to commit fraud upon the court when Defendant's outside legal counsel intentionally and willfully intentionally omitted Edith McCurry as material witness for Defendant relating to reporting of disparate and disparaging treatment and impact from Madison to McCurry.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

124.    All documents that support that Defendant did not attempt to commit fraud upon the court when Defendant's outside legal counsel intentionally and willfully intentionally mischaracterized Edith McCurry as a mere clerk that was unable to receive any reports of disparate and disparaging treatment and impact on Defendants behalf from Madison.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

125.    All documents that support that Defendant did not tamper or destroy with evidence in the obstruction of the administration of justice when Defendant supplied fraudulent documents to the IDHR and EEOC during the exhaustive Administrative process.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

126.    All documents that support that Defendant did not violate the protected rights of Plaintiff.

**RESPONSE: Defendant objects to this Request because it is argumentative.**

127.    postulated Defendant's in house attorney to be viable material witness to the IDHR and EEOC during the exhaustive Administrative process.

**RESPONSE: Defendant objects to this Request because it is vague, incomprehensible and argumentative.**

128.    All documents and communications gathered and sent by Karen Smith on behalf of Defendant, as it relates to Plaintiffs allegations.

**RESPONSE: Defendant objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine.**

129.    All documents you or your agents have submitted to any federal, state or local government agency relating to any of the allegations in the Complaint.

**RESPONSE: See Kenco 000079-001724, EEOC and IDHR FOIA response documents.**

130.    All documents you contend constitute or contain admissions against interest by Defendant.

**RESPONSE: None.**

131.    All documents you contend constitute or contain admissions against interest by Plaintiff.

**RESPONSE: None.**

132.    All pages of any social media site (e.g., Facebook, MySpace, Linkedin, a blog, etc.) to which you have subscribed and/or maintained from May, 2013 to the present and in which you discuss anything related to Plaintiffs employment with Defendant, or Plaintiff's claims against Defendant or Defendant's Defense against Plaintiff s allegations against Defendant.

**RESPONSE: None.**

133.    All documents relating to any communications, including electronic, internet or online communication, posting, response to posting, update, response to update, comment, response to comment, e-mail, instant message, text message, voice mail message, twitter message or tweet, between you and any person, including but not limited to your friends, family, neighbors, current or former co-workers, colleagues, acquaintances, and strangers, that relate to Defendant, your employment with Defendant, or your claims against Defendant.

**RESPONSE: Defendant objects to this request because it is overly broad and not proportional to the needs of the litigation.**

134.    All other documents (not otherwise produced) identified in, or to be identified in, Plaintiffs disclosures to Defendant under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE: See all documents produced by Kenco.**

Dated: April 6, 2017

Respectfully submitted,
KENCO LOGISTIC SERVICES, LLC

By: _____
One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Julia P. Argentieri, the undersigned certifies that on April 6, 2017, I caused

to be served true and correct copy of the foregoing **RESPONSE TO PLAINTIFF'S**

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** by causing a copy to

be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

Mary Madison
9758 South Charles
Chicago, Illinois 60643

By: _____
One of the Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,                              )
                                           )
            Plaintiff,                     )
                                           )        Case No. 15-cv-2290-CSB-EIL
                                           )
        v.                                 )
                                           )
KENCO LOGISTIC SERVICES, et. al.,          )
                                           )
            Defendants.                    )

## DEFENDANT KENCO'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed R. Civ. P."), Defendant Kenco Logistics Services, LLC ("Defendant"/ "Kenco"), hereby responds and objects to Plaintiff's First Set of Interrogatories ("Interrogatories") as set forth below:

## GENERAL ANSWERS AND OBJECTIONS

Kenco incorporates the following answers and objections into each and every Interrogatory answer set forth below:

1.     In answering the following Interrogatories, Kenco will ascribe to terms the normal definitions given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2.     Kenco objects to Plaintiff's Interrogatories to the extent they purport to impose obligations on Kenco that are broader than required by the Federal Rules of Civil Procedure.

3.     Kenco objects to Plaintiff's Interrogatories to the extent they are overly broad, unduly burdensome, and not proportional to Plaintiff's claims.

4.     Kenco objects to each Interrogatory to the extent it purports to require it to disclose information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

5.     Where, in response to a particular Interrogatory, Kenco identifies specific documents that are responsive, Kenco does not thereby represent or warrant that other documents may not also be responsive to the Interrogatory.

6.     Kenco objects to definition "C" because it is vague and ambiguous as to why "you/your" would refer to Plaintiff Mary Madison.

7.     Kenco's investigation of this matter is ongoing.  Kenco therefore reserves the right to supplement its responses to each and every interrogatory (or part of an interrogatory).

## INTERROGATORIES

1.     For all entities involved and herein defined, identify by name, address, position, title, and responsibility the person answering the below interrogatories and what part each person contributed to the answer.

**RESPONSE: Defendant objects to Interrogatory No. 1 to the extent that it seeks information that is privileged and because it is vague and ambiguous as to "for all entities involved and herein defined." Without waiving objections, answers were prepared by Counsel for Defendant with assistance from Jay Elliot, Vice President of Legal at Kenco, and reviewed/verified by Defendant.**

2.     For all entities involved and herein defined, identify in detail, state and provide the protocol, procedure, or policy that relates to corporate misconduct and how this policy, procedure or protocol was applied when Madison reported allegations of workplace hazards and violations, public safety hazards and violations, document falsification, and corporate fraud/embezzlement.

**RESPONSE: Defendant objects to Interrogatory No. 2 because it is overly broad, vague and ambiguous. Without waiving objections, Madison's job duties are listed on her job description, bates labeled Kenco 001731-001733. Her job duties included providing oversight for the warehouse's compliance with food and safety requirements. Madison received various standard policies from Kenco to use and expand upon in her role as a quality engineer. Kenco is not aware of Madison making any reports of workplace hazards and violations, public safety hazards and violations, document falsification, and corporate fraud/embezzlement.**

3.     For all entities involved and herein defined, identify in detail, state and provide the policies, procedures, protocols, and forms that correlate to the competencies listed, as well as, how these specific competencies were chosen that were listed on the Performance Improvement Plan (PIP) given to Mary Madison and in detail identify how each competency listed on the PIP given to Mary Madison related to the job duties and responsibilities of Madison, as a Quality Engineer, as well as, how each one cited was not met by Madison.

**RESPONSE: Defendant objects to Interrogatory No. 3 because it is overly broad, vague and ambiguous. Without waiving objections, Madison's Performance Improvement Plan was previously produced and is bates labeled Kenco 000021-000024. The competencies involved in her performance improvement plan are listed in detail on the documents, and can be compared to the job duties listed on her job description, bates labeled Kenco 001731-001733.**

4.     For all entities involved and herein defined, specifically in detail, state, identify and provide the specific policy, protocol, or procedure that correlates to the Performance Improvement Plan (PIP) given to Mary Madison, during the relative time, as well as, Defendant's

correlating Appendix F or A cataloguing the policy, protocol, or procedure according to Defendant's policies of QMS Documentation Policy - CPBP4.2.1.001, Document Control Policy-ISOBP4.2.3.001 and Document Change Notice form and log.

**RESPONSE: Defendant objects to Interrogatory No. 4 because it is overly broad, vague and ambiguous. Without waiving objections, Kenco's Policy CP-HR-6.2.2009 governed performance management of Exempt Employees, including Madison, while she was employed. A copy of this policy is bates labeled Kenco 001865-001869 and will be produced upon entry of a protective order.**

5.    For all entities involved and herein defined, specifically identify why the Performance Improvement Plan (PIP) did not conform to Defendant Kenco's Document Control Policy- ISOBP4.2.3.001, QMS Documentation Policy -CPBP4.2.1.001, Document Change Notice form and log- ISOBP4.2.3.00112 and Job Training and Certification Policy CP.QE.6.2.2.001.

**RESPONSE: Defendant objects to Interrogatory No. 5 because it is vague, ambiguous and argumentative. Without waiving objections, Madison's Performance Improvement Plan conformed to Kenco's practices and was not a violation of any policy.**

6.    For all entities involved and herein defined, specifically delineate why Defendant represented to the various regulatory agencies, including the IDHR and EEOC, that Madison's Project Plan and Business Continuity Plan were inferior, inept and/or wasted or dissipated business resources and specifically identify why these issues were not addressed in Madison's PIP.

**RESPONSE: Defendant objects to Interrogatory No. 6 because it is vague and ambiguous. Without waiving objections, the Business Continuity Plan is one of many examples of the performance problems exhibited which were identified in Madison's Performance Improvement Plan, including failing to communicate effectively, poor project management, interpersonal skills and insufficient communication with her**

chain of command. See Kenco 00021-Kenco 000024 for Madison's Performance Improvement Plan as well as Kenco 001746-Kenco 001846 for documents related to the Business Continuity Plan which will be produced upon entry of a protective order.

7.    For all entities involved and herein defined, specifically identify in detail the rules, regulations, protocols, procedures, and policies that Madison was to use as a standard or basis to implement the Quality Management System and bring conformity to the Mars Manteno Facility that Madison was hired to do.

**RESPONSE:** Defendant objects to Interrogatory No. 7 because it is overly broad, vague and ambiguous. Without waiving objections, implementation of the Quality Management System, including identifying improvements for new and current operations was one of Madison's basic job duties, as identified on her job description, Kenco 001731-001733. Madison received copies of existing Kenco policies but was expected not only to use them but to improve them, in her role as a Quality Engineer.

8.    For all entities involved and herein defined, specifically identify in detail what Defendant's Quality Management System was comprised of, why the system was in place, who was responsible for it on a corporate and site level, how it related to the operation and organization of Defendant Kenco and Mars, as well as, how it conformed to FDA compliance and regulations.

**RESPONSE:** Defendant objects to Interrogatory No. 8 because it is overly broad, vague and ambiguous. Without waiving objections, see Madison's job description, Kenco 001731-001733.

9.    For all entities involved and herein defined, specifically identify in detail the corporate and site level policies, procedures, protocols and forms, as well as, the various FDA Mandates and other CFR that were applicable to Madison executing the essential duties and functions of her position as the Quality Engineer.

**RESPONSE:** Defendant objects to Interrogatory No. 9 because it is overly broad, vague, and ambiguous. Without waiving objections, see answer to Interrogatory No. 8.

10.    For all entities involved and herein defined, specifically identify and state in detail why Madison's signed job description of July 2013, letter dated July 23, 2013, in response to Madison's PIP, and other correspondence were not included in Madison's personnel file that Defendant produced by email in February 2017, as well as, why Defendant did not keep Madison's personnel file in accordance with Defendant's Document Retention Personnel Files policy -BP.HR. 4.2.4.002, as well as, State and Federal Record Retention Policies.

**RESPONSE:** Defendant objects to Interrogatory No. 10 because it is overly broad, vague, ambiguous, and seeks information that is not relevant to a party's claims or defenses. Without waiving objections, Kenco retained Madison's personnel records in accordance with its policies. Madison's signed Performance Improvement Plan response is included in her personnel file. See Kenco 000024-000040. The job description in Madison's personnel file does not have a spot for a signature, see Kenco 001731-001733. Kenco 000020 is a signed document where Madison accepted the position of Quality Engineer.

11.    For all entities involved and herein defined, specifically identify and state in detail why Defendant Kenco indicated to the IDHR and EEOC under oath that Leonard Szplett had firsthand knowledge relative to Madison, but has not failed to list him as a witness for Defendant in this ongoing matter.

**RESPONSE:** Defendant objects to Interrogatory No. 11 because it is overly broad, vague and argumentative. Without waiving objections, Kenco has complied with its obligations under Fed. R. Civ. Pro. 26(a) and identified all individuals that Kenco intends to rely upon to support its claims or defenses.

12.    For all entities involved and herein defined, specifically identify, state and provide in detail why Defendant Kenco and its outside legal counsel, Karen Smith, interview Edith McCurry with regards to her firsthand knowledge relative to Madison's allegations, but failed to list her as a witness to the IDHR and EEOC as a witness, but instead listed Tammi Fowler.

**RESPONSE: Defendant objects to Interrogatory No. 12 because it is vague and argumentative. Without waiving objections, Kenco has complied with its obligations under Fed. R. Civ. Pro. 26(a) as well any obligations to identify witnesses to the EEOC and IDHR, and identified all individuals that Kenco intends to rely upon to support its claims or defenses.**

13.    For all entities involved and herein defined, specifically identify, state and provide the goals, objectives, competencies and timelines provided to Madison to perform and execute as the Quality Engineer, as well as, who provided these goals, objectives, competencies and timelines to Madison and how they were provided to Madison.

**RESPONSE: Defendant objects to Interrogatory No. 13 because it is overly broad, and vague. Without waiving objections, Madison's job goals were communicated to her at the time of her hire in her job description. Goals were reinforced and discussed with Madison frequently in email communications, meetings or via telephone. Madison's Performance Improvement Plan further identified her job objectives, and the areas in which she was not meeting her objectives. In addition, Kenco hired an outside consultant named Tracie Clifford to assist Madison with understanding and completing her job objectives.**

14.    For all entities involved and herein defined, specifically identify, state and provide the goals, objectives, competencies, warranties, covenants and timelines imposed upon Defendant Kenco from Defendant Mars, as it related to the Mars Manteno facilities compliance to annual Mars audit, quality and federal compliance.

**RESPONSE:** **Defendant objects to Interrogatory No. 14 because it is overly broad, and vague. Without waiving objections, Madison's job goals were communicated to her by Kenco, not Mars, at the time of her hire and throughout her employment. See Kenco's answer to Interrogatory No. 13.**

15. For all entities involved and herein defined, identify and state in specific detail the overall rationale, infrastructure and reason for the Defendants (Kenco and Mars) quality management systems, individually and collectively, and how they interfaced, govern the employees, directly correlated to the terms and conditions of employee's employment and the operation of the facility.

**RESPONSE:** **Defendant objects to Interrogatory No. 15 because it is vague, ambiguous, overly broad and seeks information that is not relevant to any party's claims or defenses. Without waiving objections, Mars did not govern the terms and conditions of employment for Kenco employees.**

16. For all entities involved and herein defined, identify, state in detail and provide the how the policies, procedures, protocols and forms are communicated to employees, who communicates them to the employees and the verification process to ensure that the policies, procedures, protocols were communicated to the employees.

**RESPONSE:** **Defendant objects to Interrogatory No. 16 because it is vague, ambiguous, overly broad and seeks information that is not relevant to any party's claims or defenses. Without waiving objections, Kenco employees receive information about key policies at the time of hire, during orientation, as well as through periodic handouts, trainings, or other communications. Additionally, employees have access to Kenco's intranet where policies are maintained.**

17. Identify and state why every functional and operational aspect of the Mars Manteno facility and other Kenco managed facilities have quality management systems that include, but are not limited to: appendices, job descriptions, policies, procedures, protocols,

forms, and standard work associated with every aspect of the facility to address every function and operation within the facility.

**RESPONSE:** **Defendant objects to Interrogatory No. 17 because it is vague, ambiguous, overly broad and unintelligible.**

18.     Defendant stated under oath, in writing, to the IDHR and EEOC, that McCurry stated to Defendant's counsel that Plaintiff instructed McCurry not to do anything about what Plaintiff had reported. If Defendant's statement is true, explain in detail why Defendant refused to allow McCurry to authenticate her statement to the IDHR *and* EEOC during the investigation by listing McCurry as a witness for Defendant as it had the other non-black employees who were listed as witness with relevant knowledge.

**RESPONSE:** **Defendant objects to Interrogatory No. 18 because it is argumentative, vague and ambiguous. Without waiving objections, McCurry did not inform Defendant's counsel that Madison complained about discrimination or harassment at any time. Kenco identified and supplied appropriate information to the IDHR and EEOC.**

Dated: April 6, 2017

Respectfully submitted,
KENCO LOGISTIC SERVICES, LLC

By: _____
One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## **VERIFICATION**

I, Jay Elliott, do hereby affirm under the penalty of perjury that the foregoing Defendant's answers and objections to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

Dated: _4/6/17_

_____

Jay Elliott
VP of Legal, Kenco

## CERTIFICATE OF SERVICE

I, Julia P. Argentieri, the undersigned certifies that on April 6, 2017, I caused to be served true and correct copy of the foregoing **RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** by causing a copy to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

Mary Madison
9758 South Charles
Chicago, Illinois 60643

By: _____
One of the Attorneys for Defendant