IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MARY MADISON,            )
                         )
    Plaintiff,           )
                         )  Case No. 15-cv-2290-CSB-EIL
                         )
v.                       )
                         )
KENCO LOGISTIC SERVICES, et. al.,  )
                         )
    Defendants.          )

**DEFENDANT KENCO'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed R. Civ. P."), Defendant Kenco Logistics Services, LLC ("Defendant"/ "Kenco"), hereby responds and objects to Plaintiff's First Set of Interrogatories ("Interrogatories") as set forth below:

**GENERAL ANSWERS AND OBJECTIONS**

Kenco incorporates the following answers and objections into each and every Interrogatory answer set forth below:

1. In answering the following Interrogatories, Kenco will ascribe to terms the normal definitions given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2. Kenco objects to Plaintiff's Interrogatories to the extent they purport to impose obligations on Kenco that are broader than required by the Federal Rules of Civil Procedure.

3. Kenco objects to Plaintiff's Interrogatories to the extent they are overly broad, unduly burdensome, and not proportional to Plaintiff's claims.

4. Kenco objects to each Interrogatory to the extent it purports to require it to disclose information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

5. Where, in response to a particular Interrogatory, Kenco identifies specific documents that are responsive, Kenco does not thereby represent or warrant that other documents may not also be responsive to the Interrogatory.

6. Kenco objects to definition "C" because it is vague and ambiguous as to why "you/your" would refer to Plaintiff Mary Madison.

7. Kenco's investigation of this matter is ongoing. Kenco therefore reserves the right to supplement its responses to each and every interrogatory (or part of an interrogatory).

## INTERROGATORIES

1. For all entities involved and herein defined, identify by name, address, position, title, and responsibility the person answering the below interrogatories and what part each person contributed to the answer.

**RESPONSE: Defendant objects to Interrogatory No. 1 to the extent that it seeks information that is privileged and because it is vague and ambiguous as to "for all entities involved and herein defined." Without waiving objections, answers were prepared by Counsel for Defendant with assistance from Jay Elliot, Vice President of Legal at Kenco, and reviewed/verified by Defendant.**

2. For all entities involved and herein defined, identify in detail, state and provide the protocol, procedure, or policy that relates to corporate misconduct and how this policy, procedure or protocol was applied when Madison reported allegations of workplace hazards and violations, public safety hazards and violations, document falsification, and corporate fraud/embezzlement.

**RESPONSE: Defendant objects to Interrogatory No. 2 because it is overly broad, vague and ambiguous. Without waiving objections, Madison's job duties are listed on her job description, bates labeled Kenco 001731-001733. Her job duties included providing oversight for the warehouse's compliance with food and safety requirements. Madison received various standard policies from Kenco to use and expand upon in her role as a quality engineer. Kenco is not aware of Madison making any reports of workplace hazards and violations, public safety hazards and violations, document falsification, and corporate fraud/embezzlement.**

3. For all entities involved and herein defined, identify in detail, state and provide the policies, procedures, protocols, and forms that correlate to the competencies listed, as well as, how these specific competencies were chosen that were listed on the Performance Improvement Plan (PIP) given to Mary Madison and in detail identify how each competency listed on the PIP given to Mary Madison related to the job duties and responsibilities of Madison, as a Quality Engineer, as well as, how each one cited was not met by Madison.

**RESPONSE: Defendant objects to Interrogatory No. 3 because it is overly broad, vague and ambiguous. Without waiving objections, Madison's Performance Improvement Plan was previously produced and is bates labeled Kenco 000021-000024. The competencies involved in her performance improvement plan are listed in detail on the documents, and can be compared to the job duties listed on her job description, bates labeled Kenco 001731-001733.**

4. For all entities involved and herein defined, specifically in detail, state, identify and provide the specific policy, protocol, or procedure that correlates to the Performance Improvement Plan (PIP) given to Mary Madison, during the relative time, as well as, Defendant's

correlating Appendix F or A cataloguing the policy, protocol, or procedure according to Defendant's policies of QMS Documentation Policy - CPBP4.2.1.001, Document Control Policy-ISOBP4.2.3.001 and Document Change Notice form and log.

**RESPONSE:** **Defendant objects to Interrogatory No. 4 because it is overly broad, vague and ambiguous. Without waiving objections, Kenco's Policy CP-HR-6.2.2009 governed performance management of Exempt Employees, including Madison, while she was employed. A copy of this policy is bates labeled Kenco 001865-001869 and will be produced upon entry of a protective order.**

5. For all entities involved and herein defined, specifically identify why the Performance Improvement Plan (PIP) did not conform to Defendant Kenco's Document Control Policy- ISOBP4.2.3.001, QMS Documentation Policy -CPBP4.2.1.001, Document Change Notice form and log- ISOBP4.2.3.00112 and Job Training and Certification Policy CP.QE.6.2.2.001.

**RESPONSE:** **Defendant objects to Interrogatory No. 5 because it is vague, ambiguous and argumentative. Without waiving objections, Madison's Performance Improvement Plan conformed to Kenco's practices and was not a violation of any policy.**

6. For all entities involved and herein defined, specifically delineate why Defendant represented to the various regulatory agencies, including the IDHR and EEOC, that Madison's Project Plan and Business Continuity Plan were inferior, inept and/or wasted or dissipated business resources and specifically identify why these issues were not addressed in Madison's PIP.

**RESPONSE:** **Defendant objects to Interrogatory No. 6 because it is vague and ambiguous. Without waiving objections, the Business Continuity Plan is one of many examples of the performance problems exhibited which were identified in Madison's Performance Improvement Plan, including failing to communicate effectively, poor project management, interpersonal skills and insufficient communication with her**

chain of command. See Kenco 00021-Kenco 000024 for Madison's Performance Improvement Plan as well as Kenco 001746-Kenco 001846 for documents related to the Business Continuity Plan which will be produced upon entry of a protective order.

7. For all entities involved and herein defined, specifically identify in detail the rules, regulations, protocols, procedures, and policies that Madison was to use as a standard or basis to implement the Quality Management System and bring conformity to the Mars Manteno Facility that Madison was hired to do.

RESPONSE: Defendant objects to Interrogatory No. 7 because it is overly broad, vague and ambiguous. Without waiving objections, implementation of the Quality Management System, including identifying improvements for new and current operations was one of Madison's basic job duties, as identified on her job description, Kenco 001731-001733. Madison received copies of existing Kenco policies but was expected not only to use them but to improve them, in her role as a Quality Engineer.

8. For all entities involved and herein defined, specifically identify in detail what Defendant's Quality Management System was comprised of, why the system was in place, who was responsible for it on a corporate and site level, how it related to the operation and organization of Defendant Kenco and Mars, as well as, how it conformed to FDA compliance and regulations.

RESPONSE: Defendant objects to Interrogatory No. 8 because it is overly broad, vague and ambiguous. Without waiving objections, see Madison's job description, Kenco 001731-001733.

9. For all entities involved and herein defined, specifically identify in detail the corporate and site level policies, procedures, protocols and forms, as well as, the various FDA Mandates and other CFR that were applicable to Madison executing the essential duties and functions of her position as the Quality Engineer.

RESPONSE: Defendant objects to Interrogatory No. 9 because it is overly broad, vague, and ambiguous. Without waiving objections, see answer to Interrogatory No. 8.

10. For all entities involved and herein defined, specifically identify and state in detail why Madison's signed job description of July 2013, letter dated July 23, 2013, in response to Madison's PIP, and other correspondence were not included in Madison's personnel file that Defendant produced by email in February 2017, as well as, why Defendant did not keep Madison's personnel file in accordance with Defendant's Document Retention Personnel Files policy -BP.HR. 4.2.4.002, as well as, State and Federal Record Retention Policies.

RESPONSE: Defendant objects to Interrogatory No. 10 because it is overly broad, vague, ambiguous, and seeks information that is not relevant to a party's claims or defenses. Without waiving objections, Kenco retained Madison's personnel records in accordance with its policies. Madison's signed Performance Improvement Plan response is included in her personnel file. See Kenco 000024-000040. The job description in Madison's personnel file does not have a spot for a signature, see Kenco 001731-001733. Kenco 000020 is a signed document where Madison accepted the position of Quality Engineer.

11. For all entities involved and herein defined, specifically identify and state in detail why Defendant Kenco indicated to the IDHR and EEOC under oath that Leonard Szplett had firsthand knowledge relative to Madison, but has not failed to list him as a witness for Defendant in this ongoing matter.

RESPONSE: Defendant objects to Interrogatory No. 11 because it is overly broad, vague and argumentative. Without waiving objections, Kenco has complied with its obligations under Fed. R. Civ. Pro. 26(a) and identified all individuals that Kenco intends to rely upon to support its claims or defenses.

12. For all entities involved and herein defined, specifically identify, state and provide in detail why Defendant Kenco and its outside legal counsel, Karen Smith, interview Edith McCurry with regards to her firsthand knowledge relative to Madison's allegations, but failed to list her as a witness to the IDHR and EEOC as a witness, but instead listed Tammi Fowler.

**RESPONSE: Defendant objects to Interrogatory No. 12 because it is vague and argumentative. Without waiving objections, Kenco has complied with its obligations under Fed. R. Civ. Pro. 26(a) as well any obligations to identify witnesses to the EEOC and IDHR, and identified all individuals that Kenco intends to rely upon to support its claims or defenses.**

13. For all entities involved and herein defined, specifically identify, state and provide the goals, objectives, competencies and timelines provided to Madison to perform and execute as the Quality Engineer, as well as, who provided these goals, objectives, competencies and timelines to Madison and how they were provided to Madison.

**RESPONSE: Defendant objects to Interrogatory No. 13 because it is overly broad, and vague. Without waiving objections, Madison's job goals were communicated to her at the time of her hire in her job description. Goals were reinforced and discussed with Madison frequently in email communications, meetings or via telephone. Madison's Performance Improvement Plan further identified her job objectives, and the areas in which she was not meeting her objectives. In addition, Kenco hired an outside consultant named Tracie Clifford to assist Madison with understanding and completing her job objectives.**

14. For all entities involved and herein defined, specifically identify, state and provide the goals, objectives, competencies, warranties, covenants and timelines imposed upon Defendant Kenco from Defendant Mars, as it related to the Mars Manteno facilities compliance to annual Mars audit, quality and federal compliance.

**RESPONSE:** **Defendant objects to Interrogatory No. 14 because it is overly broad, and vague. Without waiving objections, Madison's job goals were communicated to her by Kenco, not Mars, at the time of her hire and throughout her employment. See Kenco's answer to Interrogatory No. 13.**

15. For all entities involved and herein defined, identify and state in specific detail the overall rationale, infrastructure and reason for the Defendants (Kenco and Mars) quality management systems, individually and collectively, and how they interfaced, govern the employees, directly correlated to the terms and conditions of employee's employment and the operation of the facility.

**RESPONSE:** **Defendant objects to Interrogatory No. 15 because it is vague, ambiguous, overly broad and seeks information that is not relevant to any party's claims or defenses. Without waiving objections, Mars did not govern the terms and conditions of employment for Kenco employees.**

16. For all entities involved and herein defined, identify, state in detail and provide the how the policies, procedures, protocols and forms are communicated to employees, who communicates them to the employees and the verification process to ensure that the policies, procedures, protocols were communicated to the employees.

**RESPONSE:** **Defendant objects to Interrogatory No. 16 because it is vague, ambiguous, overly broad and seeks information that is not relevant to any party's claims or defenses. Without waiving objections, Kenco employees receive information about key policies at the time of hire, during orientation, as well as through periodic handouts, trainings, or other communications. Additionally, employees have access to Kenco's intranet where policies are maintained.**

17. Identify and state why every functional and operational aspect of the Mars Manteno facility and other Kenco managed facilities have quality management systems that include, but are not limited to: appendices, job descriptions, policies, procedures, protocols,

forms, and standard work associated with every aspect of the facility to address every function and operation within the facility.

RESPONSE: Defendant objects to Interrogatory No. 17 because it is vague, ambiguous, overly broad and unintelligible.

18. Defendant stated under oath, in writing, to the IDHR and EEOC, that McCurry stated to Defendant's counsel that Plaintiff instructed McCurry not to do anything about what Plaintiff had reported. If Defendant's statement is true, explain in detail why Defendant refused to allow McCurry to authenticate her statement to the IDHR *and* EEOC during the investigation by listing McCurry as a witness for Defendant as it had the other non-black employees who were listed as witness with relevant knowledge.

RESPONSE: Defendant objects to Interrogatory No. 18 because it is argumentative, vague and ambiguous. Without waiving objections, McCurry did not inform Defendant's counsel that Madison complained about discrimination or harassment at any time. Kenco identified and supplied appropriate information to the IDHR and EEOC.

Dated: April 6, 2017

Respectfully submitted,
KENCO LOGISTIC SERVICES, LLC

By: _____
One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Julia P. Argentieri, the undersigned certifies that on April 6, 2017, I caused to be served true and correct copy of the foregoing **RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** by causing a copy to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

> Mary Madison
> 9758 South Charles
> Chicago, Illinois 60643

By: _____
One of the Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15-cv-2290-CSB-EIL ) |
| KENCO LOGISTIC SERVICES, et. al., | ) ) |
| Defendants. | ) ) |

### DEFENDANT KELVIN WALSH'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Kevin Walsh ("Walsh"), by his attorneys, Jackson Lewis P.C., for his answers to Plaintiff's First Set of Interrogatories, states as follows:

### GENERAL ANSWERS AND OBJECTIONS

Walsh incorporates the following answers and objections into each and every Interrogatory answer set forth below:

1. In answering the following Interrogatories, Walsh will ascribe to terms the normal definitions given them under the normal rules of English vocabulary, usage, grammar, and syntax.

2. Walsh objects to Plaintiff's Interrogatories to the extent they purport to impose obligations on Walsh that are broader than required by the Federal Rules of Civil Procedure.

3. Walsh objects to Plaintiff's Interrogatories to the extent they are overly broad, unduly burdensome, and not proportional to Plaintiff's claims.

4. Walsh objects to each Interrogatory to the extent it purports to require it to disclose information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, or to the extent it unreasonably invades the privacy of non-parties to this action.

5. Where, in response to a particular Interrogatory, Walsh identifies specific documents that are responsive, Walsh does not thereby represent or warrant that other documents may not also be responsive to the Interrogatory.

6. Walsh's investigation of this matter is ongoing. Walsh therefore reserves the right to supplement its responses to each and every interrogatory (or part of an interrogatory).

## INTERROGATORIES

1. For all entities involved and herein defined, identify by name, address, position, title, and responsibility the person answering the below interrogatories and what part each person contributed to the answer.

**RESPONSE:** Defendant objects to Interrogatory No. 1 to the extent that it seeks information that is privileged and because it is vague and ambiguous as to "for all entities involved and herein defined." Without waiving objections, answers were prepared by Counsel for Defendant with assistance from Kelvin Walsh, Kenco's former General Manager and were reviewed/verified by Walsh.

2. Describe in detail your highest level of education completed to date of May 2013 to August of 2013; in addition to: any requisite knowledge relative to quality management and its systems, ISO 9001, Six Sigma, and FDA regulations, as well as, when, where and how you obtained the knowledge the certifying body, along with the specific application of such knowledge.

**RESPONSE:** Defendant objects to Interrogatory No. 2 because it is overly broad, vague and ambiguous. Without waiving objections, Walsh has a high school diploma as well as some college coursework completed. Walsh also worked as a General Manager for Tyson Foods prior to being hired by Kenco and, in that role, gained knowledge of quality management.

3. Since you stated that Plaintiff was too valuable to loose [sic]; describe in detail when, how and what steps, measures or actions were taken to ensure Plaintiff was successful and remained an employee. This could include, but not be limited to outlining and or providing goals (SMART goals), objectives, expectations, providing resources, resource material, counseling, mentoring, plans of actions and the like.

**RESPONSE:** Defendant objects to Interrogatory No. 3 because it is overly broad, vague and argumentative. Without waiving objections, Kenco provided Plaintiff with a job description which included objectives at the time of her hiring, and later provided Madison with a Performance Improvement Plan (PIP) to outline specific performance problems and provide guidance for how to improve. Kenco also hired an outside consultant, Tracie Clifford, to provide additional quality engineering support and resources to Madison.

4. Describe in detail how Plaintiff's Project and Business Continuity Plan were deficient according to Defendants standards, as well as, industry standards of project management relative to the Project Plan and the Department of Homeland Security and FEMA relative to the Business Continuity Plan.

**RESPONSE:** Defendant objects to Interrogatory No. 4 because it is overly broad, vague and ambiguous. Without waiving objections, Walsh does not recall the specific details of Madison's Business Continuity Plan and the reasons it was unsatisfactory, but refers Madison to those documents themselves which have been produced by Kenco. See Kenco 1737-1837 for Kenco documents related to Madison's Business Continuity Plan.

5. Describe in detail why you referred to Plaintiff, as a "crazy black bitch" to the HR Manager Leonard Szplett, after you terminated Plaintiff.

**RESPONSE:** Walsh never made the statement alleged in Interrogatory No. 5.

6.  Describe in detail why it took weeks even months, to review the work Plaintiff submitted to Defendant, if it was reviewed at all.

**RESPONSE:** Defendant objects to Interrogatory No. 6 because it is overly broad, vague, and argumentative. Without waiving objections, Walsh does not recall when each assignment was submitted by Madison to Walsh, and when it was reviewed, but states that her work was reviewed and discussed with her throughout her employment. Madison received feedback throughout her employment, including in a Performance Improvement Plan, as well as regular email and verbal communications. See documents produced by Kenco, including but not limited to Kenco 1734-1864 for email communications related to Madison's work performance.

7.  It was stated that Plaintiff often referred to lengthy governmental regulations, specifically cite, state and describe in detail the regulations that Plaintiff should have cited instead of the lengthy governmental regulations and the authority to which these alternative regulations are correlated too and their ability to bring compliance to company and federal mandates.

**RESPONSE:** Defendant objects to Interrogatory No. 7 because it is vague, and incomprehensible.

8.  Describe in detail: why you refused a meeting with Plaintiff because of allegedly having meetings with Mars all day long and turned around and accepted the same meeting request with a non-black just minutes later, as well as, why most times you would cancel scheduled and mandatory meetings with Plaintiff.

**RESPONSE:** Defendant objects to Interrogatory No. 8 because it is argumentative, vague, and incomprehensible.

9. Describe in detail and state why you did not give Plaintiff an action plan to remediate Plaintiff's PIP, as well as, Plaintiff not being given feedback or at least one follow up meeting to the PIP.

**RESPONSE:** Defendant objects to Interrogatory No. 9 because it is argumentative, vague, and seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the litigation. Without waiving objections, Walsh refers Madison to Kenco 24-40, her Performance Improvement Plan, which identifies the plan of action for her recommended improvement.

10. Describe in detail and state why you instructed Plaintiff to provide additional remediation material for ServiceMaster and not provide Plaintiff with any resources and materials to remedy Plaintiff's alleged deficiencies that had never been mentioned prior to the PIP.

**RESPONSE:** Defendant objects to Interrogatory No. 10 because it is overly broad, argumentative, incomprehensible and vague. Without waiving objections, Walsh worked with Madison to identify and appropriately resolve issues related to ServiceMaster, in addition to other deficiencies noted in Madison's Performance Improvement Plan. See Kenco 24-40 for a copy of Madison's Performance Improvement Plan.

11. Describe in detail and state why you chastised, berated, bullied and intimidated Plaintiff in public in a room of non-black and males, with regard to Plaintiff's requiring the outside vendor to comply with company and public policy as it relates to safety.

**RESPONSE:** Defendant objects to Interrogatory No. 11 because it is overly broad, argumentative, incomprehensible and vague. Without waiving objections, Walsh did not chastise, berate, bully or intimidate Madison.

12. Describe in detail and state why you felt that Service Masters "pencil whipping"

essentially forging legal documents was acceptable and not a violation of company and public policy.

**RESPONSE:** Defendant objects to Interrogatory No. 12 because it is overly broad, vague, argumentative, and incomprehensible.

13. Describe in detail and state specifically how was it that you came to admit that you had been in possession of the information that Plaintiff had sought to perform essential functions of Plaintiff's job since 2012.

**RESPONSE:** Defendant objects to Interrogatory No. 13 because it is overly broad, vague, argumentative, and incomprehensible.

14. Describe in detail and specifically state why you intentionally, willfully, maliciously and deliberately withheld information from Plaintiff that Plaintiff requested since Plaintiff's first day of work and intentionally interfered with Plaintiff's business relationships with Kenco and Mars.

**RESPONSE:** Defendant objects to Interrogatory No. 14 because it is overly broad, vague, argumentative, and incomprehensible. Without waiving objections, Walsh never maliciously withheld information from Madison.

15. Describe in detail your actions and reasoning for not placing Service Master on a ten (10) day remediation plan, as your boss, Paula Hise VP of Operations had instructed to be done and instead placing Plaintiff on a PIP.

**RESPONSE:** Defendant objects to Interrogatory No. 15 because it is overly broad, vague, argumentative, and incomprehensible. Without waiving objections, Walsh took appropriate steps, which were supported by Hise and Kenco, to identify and remedy any Service Master issues.

16. Describe in detail why it was not a function of Plaintiff's job function to oversee the cleanliness and sanitation of the facility, as well as, bring compliance in those and other areas of workplace and public safety hazards and violations.

**RESPONSE:** Defendant objects to Interrogatory No. 16 because it is vague, argumentative, and incomprehensible. Without waiving objections, overseeing compliance and sanitation of the Kenco facility was part of Madison's job functions. See Madison's job description bates labeled Kenco 1731-33.

17. Describe in specifics and detail the alternative ideas and/or ways of doing things, that were never mentioned in detail, that you stated in Plaintiff's PIP that Plaintiff should have been receptive too and how these alternative ideas and/or ways of doing things complied with the various regulatory requirements, as well as, company and public policy; in addition to, what authority and/or standard were these alternative ideas and/or ways of doing things based upon, as well as, why they were better suited for the tasks at hand.

**RESPONSE:** Defendant objects to Interrogatory No. 17 because it is overly broad, vague, argumentative, and incomprehensible. Without waiving objections, see Madison's PIP, bates labeled Kenco 24-40 for feedback provided to Madison.

18. Describe in detail and specifically state why Defendant, Walsh, despite ongoing employee complaints, thought that it was lawful and sanitary to spread human feces over the warehouse, or allow cross-contamination in the warehouse, exposing employees to various bacterial, viral and parasitic infections, including but not limited to: dysentery, E.coli, Salmonella, Shingella, Rotavirus, norovirus, or Hepatitis.

**RESPONSE:** Defendant objects to Interrogatory No. 18 because it is overly broad, vague, argumentative, and not relevant to the claims and defenses in this lawsuit. Without

waiving objections, Walsh did not think that it was lawful and sanitary to spread human feces over the warehouse, or allow cross-contamination in the warehouse, exposing employees to various bacterial, viral and parasitic infections, including but not limited to: dysentery, E.coli, Salmonella, Shingella, Rotavirus, norovirus, or Hepatitis.

Dated: April 13, 2017

KELVIN WALSH

By: _____
One of His Attorneys

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Phone: (312) 787-4949
Fax: (312) 787-4995
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## VERIFICATION

I, Kelvin Walsh, do hereby affirm under the penalty of perjury that the foregoing Defendant's answers and objections to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

Dated: 4/12/17

_____
Kelvin Walsh

## CERTIFICATE OF SERVICE

I, Julia P. Argentieri, the undersigned certifies that on April 13, 2017, I caused to be served true and correct copy of the foregoing **ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BE PROPOUNDED UPON DEFENDANT WALSH** by causing a copy to be placed in the U.S. Mail, first-class postage prepaid, addressed as follows:

>Mary Madison
>9758 South Charles
>Chicago, Illinois 60643

_____
Julia P. Argentieri