IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2290-CSB-EIL |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, et. al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO STRIKE AND BAR PLAINTIFF'S PROPOSED EXPERT JAMES KOLKA

Defendants, Kenco Logistics Services, LLC and Kelvin Walsh by and through their undersigned attorneys, move to strike Plaintiff's Expert Report and Bar Testimony by James Kolka. In support thereof, Defendants state the following:

## INTRODUCTION

This is an employment discrimination case. At issue is whether Madison was terminated by her former employer, Kenco, for performance reasons, or for discriminatory or retaliatory reasons.

Madison has provided Defendants with a lengthy report (2,292 pages, including exhibits, attached here as *Exhibit A*) from her proposed expert, James Kolka. Defendants believe that Kolka's expert report should be stricken and his testimony should be barred for several independent reasons. Kolka's opinions are neither relevant nor reliable. His opinions will not assist with advancing any issue in the litigation. Madison cannot use expert testimony to argue that she should not have been terminated from Kenco, because Kenco's assessment of her performance problems, primarily her poor communication style, is not an issue that will be aided by expert opinion. In addition, Kolka's opinions are on completely improper topics on which he

1

has no basis to serve as an expert. Finally, Kolka has not provided any explanation for the methodology used to arrive at these opinions or why they are reliable. For all of these reasons, Defendants request that the Court strike and bar Madison's expert witness James Kolka.

## ARGUMENT

### I.     STANDARD FOR EXPERTS

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court focused upon the admissibility of scientific expert testimony. The Court pointed out that such testimony is admissible only if it is both relevant and reliable. It held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. The Court also discussed certain more specific factors, such as testing, peer review, error rates, and "acceptability" in the relevant scientific community, some or all of which might prove helpful in determining the reliability of a particular scientific "theory or technique." *Id*. at 593-94. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "Daubert's general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *See Fed. Rule Evid. 702 (*A qualified witness may testify as an expert if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case).

In evaluating whether or not to admit an expert's testimony, courts apply a flexible test that examines both the relevance and reliability of the expert's opinions. *Jones v. Nat'l Council of*

*YMCA,* 2013 U.S. Dist. LEXIS 129236, *16 (N.D. Ill. Sept. 5, 2013). To be relevant, the expert's testimony must "logically advance a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1315 (9th Cir. 1995). Applying these guidelines to this case, it is clear that the proposed expert opinions contained in James Kolka's report are neither relevant nor reliable, and as a result, Kolka should be barred as an expert in this litigation.

## II.  KOLKA'S OPNIONS ARE NOT RELEVANT OR RELIABLE.

Unfortunately, Kolka's expert report is extremely disorganized and lacks any coherent summary as to why he has been hired as an expert or on what topics he intends to opine. Defendants' best attempts to discern how Kolka's opinion could possibly aid the jury identify the following statements in Kolka's report which appear to be the topics about which Kolka intends to provide expert opinions:[1]

- **Opinion #1:** Kenco's discovery responses are vague and ambiguous and Kolka believes a third party auditor should investigate "what is being hidden" *(Exhibit A, Page 7)*
- **Opinion #2:** Madison's PIP did not adhere to ISO standards or Kenco's policies because it was not on a company document and was too subjective in nature *(Exhibit A, Page 8)*
- **Opinion #3:** Kenco did not sufficiently investigate the health violations Madison brought to Kenco's attention such as pests/fecal matter *(Exhibit A, Page 8)*
- **Opinion #4:** Kenco also failed to properly investigate Madison's complaints, including complaints about discrimination *(Exhibit A, Page 8)*
- **Opinion #5:** Walsh intentionally withheld key information from Madison relative to Mars' audit findings *(Exhibit A, Page 17)*
- **Opinion #6:** Certain Kenco policies were not prepared in accordance with ISO standards *(Exhibit A, Page 17)*

### A. Kolka's Opinions Are Not Relevant.

Kolka's opinions do not advance any aspect of Madison's claims against Defendants. The issue in this litigation is whether Madison was terminated for legitimate performance reasons or for unlawful reasons. Whether or not Kenco had the correct compliance policies in place, or

---

[1] Kolka may be intending to give other "expert" opinions but due to the disorganization of the report and the number of unsupported statements in it, it is difficult to separate out which specific statements he considers his expert opinions.

3

whether the Performance Improvement Plan had a Company logo on it -- none of these proposed so-called "expert" opinions shed light on the truth of Madison's claims or on her alleged damages.[2] Whether or not Kenco's policies followed the ISO standards is not at issue in this case. Madison needs to prove that her PIP, and subsequent termination, both of which stemmed primarily from communication problems, were a pretext for discrimination or retaliation. *See Collier v. Bradley Univ.,* 113 F. Supp. 2d 1235, 1249 (C.D. Ill. 2000) (Questioning whether proffered expert testimony would be useful to a jury where opinions by social psychologist overlapped with the jury's common sense knowledge).  Even if all of Kolka's proposed expert opinions were correct, they are not relevant in any way to Madison's wrongful discharge claims. *Accord Durkin v. Equifax Check Servs.,* 406 F.3d 410, 420 (7th Cir. 2005).

### B. Kolka's Opinions Are Not Reliable.

Both the Federal Rules of Evidence and *Daubert* require that "[a]n expert's opinion must be reasoned and founded on data." *Bielskis v. Louisville Ladder, Inc.,* 663 F.3d 887, 894 (7th Cir. 2011). The court must evaluate the methodology used by the expert and the reliability of the opinions under the framework set forth in *Daubert. Kumho Tire Co. v. Carmichael,* 526 U.S. at 158 (affirming district court's exclusion of expert testimony).  Kolka's expert report provides no supporting methodology for any of his opinions. The opinions are unreliable.

*Opinion #1.* Kolka lacks expert qualifications to speak to whether Kenco's discovery responses are vague or ambiguous.  Moreover, such opinions are not even an appropriate topic for an expert since it has no relationship to the underlying facts of the case. Accordingly, Kolka should

---

[2] Madison agrees that she received a performance improvement plan, and in fact, she submitted a lengthy response to it. There is no need for an expert opinion to discuss the format of the PIP and whether it should have contained a Kenco logo or been organized in a different manner.

be barred from providing any expert opinions or testimony related to Kenco's discovery answers, because such an opinion is improper under FRE 702. Along the same lines, with respect to *Opinion #4* purporting to opine on whether Kenco properly investigated Madison's complaints, Kolka has no expertise in employment discrimination, and his opinion that Kenco did not properly investigate Madison's complaints of discrimination is simply a general observation, not founded on any scientific methodology. Accordingly, it is not a proper expert opinion. *See Jones,* 2013 U.S. Dist. LEXIS at *29-*30 (striking report and testimony of proposed expert where opinions appeared to be speculative and lack scientific basis).

Similarly, Kolka is not qualified to testify regarding *Opinions #3* (Kenco did not sufficiently investigate health violations) or *#5* (her supervisor intentionally withheld key audit findings from Madison). What information Madison needed in order to perform her job falls within Kenco's business judgment, and is not an appropriate area for expert testimony. Likewise, whether Kenco properly investigated certain health and safety issues *(Opinion #3)* is merely another general observation that is not supported by any expert testing or methodology.

Kolka identifies himself as an expert in Quality Management and ISO standards. With respect to *Opinion #2*, whether a disciplinary document was written on Company letterhead or if it was "subjective in nature" is not a proper subject for expert testimony, and is again a general, unscientific observation. The parties to this litigation are in the best position to provide testimony about Madison's performance improvement plan; no expert testimony is needed to understand why Madison was placed on the improvement plan and her objections to being placed on the plan. Finally, for *Opinion #6*, it is unclear how Kolka determined that certain Kenco policies were not in compliance with ISO standards, or how that determination advances Madison's employment discrimination claims.

5

In similar situations, where expert opinions appear to consist of generalized observations that are not founded in any technical knowledge, expert testimony does not meet the requisite level of reliability in order to be admissible. The Seventh Circuit's opinion in *Naeem v. McKesson Drug Co.,* 444 F.3d 593 (7th Cir. 2006) is instructive. The court of appeals stated that "experts' work is admissible only to the extent that it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff – deploying neither data nor analysis – is not an acceptable methodology." *Id.* at 608. The court held that an expert's general observations regarding what is normal or usual business practice did not meet the requisite level of reliability. Relying on *Kumho Tire Co.,* the Court stated that the objective of *Daubert* is to ensure that "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

Here, Kolka's proffered expert testimony is neither reliable, lacking any intellectual rigor, nor is it relevant to plaintiff's burden of proof.

## CONCLUSION

WHEREFORE, for all the reasons stated herein, Defendants request that this Court strike the proposed expert report of James Kolka submitted by Madison, bar his testimony in accordance with Federal Rule of Evidence 702, and grant such further relief as this Court deems just and proper.

Dated: June 13, 2017　　　　　　　　　　　　Respectfully submitted,

**KENCO LOGISTIC SERVICES, LLC
AND KELVIN WALSH**

By:/　/s/ Jody Wilner Moran　　　　
　　　One of its Attorneys

6

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

**CERTIFICATE OF SERVICE**

    I, Jody Wilner Moran, an attorney, hereby certify that on June 13, 2017, I electronically filed a copy of the foregoing **Defendants' Motion to Strike Madison's Expert Report and Bar Testimony from James Kolka** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via U.S. mail to:

    Mary Madison (*pro se*)
    9758 South Charles
    Chicago, IL 60643


    By: /s/ *Jody Wilner Moran*
          One of the Attorneys for Defendant