IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2290-CSB-EIL |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO SCHEDULE A HEARING REGARDING THE ACCURACY OF MADISON'S *IN FORMA PAUPERIS* APPLICATION**

Defendants, Kenco Logistics Services, LLC and Kelvin Walsh by and through their undersigned attorneys, file the instant Motion to Schedule a Hearing regarding the accuracy of Madison's *in forma pauperis* application and state as follows:

1.  On December 8, 2015 Madison submitted an application to proceed *in forma pauperis* in this litigation (DOC 2.)

2.  On this application, Madison stated that she had approximately $100 in her bank account, and did not disclose any other assets except a house (with a mortgage).[1]

3.  The pertinent statute governing an application to proceed *in forma pauperis* provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

---

[1] Madison's application also disclosed that she receives gifts and inheritances including: random amounts of money from friends and family and a royalty check. There is no information provided about this "royalty check" such as the amount of money or the frequency, and when questioned at her deposition about the royalties, she responded with vague and non-responsive answers.

1

[person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C.S. §1915 (Lexis 2017).

4.     On June 16, 2017 Defendants took Madison's deposition. During her deposition Madison carried a designer (Chanel) purse and appeared professionally dressed, despite not having worked for four years.

5.     Madison testified that she has not worked since August 2013, is not receiving any government assistance; she has sufficient money available to her such that she has not needed to work since her termination from Kenco almost four years ago. Pertinent portions of Madison's deposition testimony regarding her financial condition are attached as *Exhibit A*.

6.     Madison refused to provide an estimate of how much money is in her bank account, but provided interrogatory answers stating that she is receiving "royalties." Defendants are concerned that Madison has misrepresented her financial situation to the Court. At a minimum, the amount of money that Madison has spent on housing, food, vacations, shopping, and other expenses during the eighteen months since this lawsuit was filed stands in contradiction to what she represented to be in her bank account on her *in forma pauperis* application.

7.     Madison testified that she "had money before" she worked for Kenco, and has taken various trips over the last several years. She further testified that she has additional money stored under her mattress, plus what is in her bank account. *See Exhibit A*.

8.     In order to proceed *in forma pauperis,* a plaintiff's income must be at or near the poverty level. *See Bulls v. Marsh,* 1989 WL 51170 at *1 (N.D. Ill. May 5, 1989); *Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980). It appears that Madison is not living near the poverty line based on her deposition testimony. *See Exhibit A*.

9.      Based on Madison's recent deposition testimony, and the fact that she has supported herself for four years without employment or government assistance despite claiming to possess only $100, it is reasonable to explore whether Madison committed perjury on her *in forma pauperis* application. If the Court confirms that material misrepresentations were made, dismissal with prejudice is the appropriate remedy. *See Oquendo v. Geren,* 594 F. Supp. 2d 9, 12 (D.D.C. Jan. 27, 2009) (dismissing complaint with prejudice as to plaintiff because of her knowing misrepresentations regarding financial condition).

10.     Defendants believe that further discovery or testimony, including a hearing, on the issue of Madison's financial condition would be useful to this litigation in order to determine whether she accurately represented her financial condition on her *in forma pauperis* application.

WHEREFORE, Defendants Kenco Logistics Services, LLC and Kelvin Walsh, respectfully request that this Court schedule a hearing or take such other steps as necessary to evaluate the propriety of Madison's previously submitted *in forma pauperis* application grant such further relief as this Court deems proper.

Dated: July 11, 2017                    Respectfully submitted,

                                        **KENCO LOGISTIC SERVICES, LLC
                                        AND KELVIN WALSH**

                                        By:    /s/ Jody Wilner Moran
                                               One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

3

**CERTIFICATE OF SERVICE**

I, Jody Wilner Moran, an attorney, hereby certify that on July 11, 2017, I electronically filed a copy of the foregoing **Defendants' Motion to Schedule a Hearing Regarding the Accuracy of Madison's** *In Forma Pauperis* **Application** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via electronic and U.S. mail to:

>Mary Madison (*pro se*)
>9758 South Charles
>Chicago, IL 60643
>Mdj123197@aol.com

>By: /s/ *Jody Wilner Moran*
>One of the Attorneys for Defendant