IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2290-CSB-EIL |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED**

Defendants, Kenco Logistics Services, LLC and Kelvin Walsh by and through their undersigned attorneys, file the instant response in opposition to Plaintiff's Motion to Deem Facts Admitted (DOC. 63) and state as follows:

**INTRODUCTION**

Madison's Motion to Deem facts admitted should be denied. In accordance with Federal Rules 26 and 36, Defendants timely and properly objected in writing to Madison's voluminous and harassing Requests to Admit. Defendants also offered to discuss reaching an agreement upon a more appropriate quantity of discovery that would serve the issues of the litigation without needlessly increasing costs. Madison refused to cooperate or discuss this issue. Despite the fact that Defendants believe they have provided all pertinent documents and information to Madison already and these voluminous Requests for Admission are inappropriate, Defendants remain willing to respond to a reasonable sub-set of proper Requests to Admit if the parties can cooperate, or with Court intervention. For the reasons discussed below, we request that the Court exercise its discretion: (1) to strike all of these Requests for Admission because they were untimely, improper and harassing in violation of Fed. Rule 26(g); or (2) to conduct any proceedings the Court deems

1

best to resolve this dispute and narrow the requests so that they comply with the Federal Rules of Civil Procedure, as to both proportionality and substance.

**ARGUMENT**

1. Madison's lack of cooperation and good faith throughout this litigation has turned a simple employment discrimination lawsuit into protracted and costly litigation.[1] She has refused to cooperate on the most basic issues in this litigation such as scheduling a deposition or entering a protective order, resorting instead to harassing motions containing unfounded personal attacks on Defendants and their Counsel.

2. In yet another attempt to needlessly increase costs and harass Defendants, Madison bombarded Defendants with a flurry of harassing and largely improper discovery requests and then refused to discuss reaching any agreement about a more appropriate volume of discovery requests.

3. Madison's motion includes no certification that she has complied with Fed. R. Civ. Pro. 37(a)(1) and attempted to reach an agreement about Defendants' good faith objections to the Requests for Admission and avoid motion practice. Defendants remain willing to discuss this issue and find a reasonable solution.

4. Several months after the initial deadline to serve discovery had passed, and after Kenco had already voluntarily identified and produced pertinent documents, Madison served the following discovery requests on Defendants:

   a. 18 Interrogatories to Kenco received on February 27;
   b. 134 Requests for Production to Kenco received on February 27;
   c. 18 Interrogatories to Walsh received on March 6;
   d. 134 Requests for Production to Walsh, received on March 6;
   e. 116 Requests to Admit to Kenco, received on March 20;
   f. 78 Requests to Admit to Walsh, received on March 28;

---

[1] The Court sanctioned Madison once for failing to respond to requests to schedule her deposition (DOC. 56.) Her prior tactics in discovery should be considered in evaluating her behavior in refusing to cooperate to address these voluminous Requests for Admission.

    g.  19 additional Requests for Production to Kenco, received on March 28. [2]

5.    On April 3, 2017, Counsel for Kenco and Walsh sent a letter to Madison containing their objections to Madison's Requests for Admission. A copy is attached as *Exhibit A*. In summary, Defendants pointed out that all discovery must be served for a proper purpose and not to harass or needlessly increase costs. Defendants offered to discuss the recent voluminous discovery with Madison and come to an agreement about which Requests for Admission were reasonable.[3]

6.    Not only was the volume of these discovery requests harassing in nature, but many of the individual Requests for Admission were not seeking the admission of facts within the scope of Fed. R. Civ. Pro. 26(b)(1) that bear on the claims or defenses of the litigation. By way of example,

    60.  Admit that persons with firsthand knowledge of Plaintiff's adverse employment decisions were ostracized by Defendant and not listed as having firsthand knowledge in these proceedings.
    61.  Admit that Edith McCurry was ostracized by Defendant as a witness during the IDHR and EEOC investigation.
    79.  Admit that Defendant intentionally choose to apply a lesser punitive standards to non-African Americans that actually violated company and PIP policy.
    88.  Admit that it is unlawful to remove documents from a person's personnel file.
    91.  Admit that it was an obstruction of justice to destruct evidence.

7.    Madison sent an email response to Defendants on April 3, 2017 indicating that she disagreed that her discovery was harassing or unreasonable. A copy of her response is attached as *Exhibit C*.

---

[2] It is important to consider that Madison chose not to conduct any discovery for nearly a year after this case was filed, and well past the initial discovery cutoff date. And then within a month she served seven different requests with hundreds of requests within them in a flurry of activity.

[3] Kenco and Walsh have not refused to respond to discovery at any time, but have tried to avoid duplicative and harassing requests that are targeted to increase litigation costs. Defendants responded to hundreds of Requests for Production and several sets of interrogatories and have spent significant time during telephone court status hearing discussions exploring what, if any, additional documents Madison is still seeking, which Kenco promptly provided. A copy of this communication is attached as *Exhibit B*.

8. Fed. Rule of Civil Procedure 36(a)(3) provides that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer <u>or objection</u> addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. Pro. 36(a)(3) *(emphasis added).*

9. The advisory committee notes relative to Fed. R. Civ. Pro. 36 further state that "(3) The requirement that the objecting party move automatically for a hearing on his [or her] objection is eliminated, and the burden is on the requesting party to move for an order." *Fed. R. Civ. Pro. 36.*

10. The voluminous and confusing number of requests relative to the straight-forward issues in this litigation was not appropriate; Madison served nearly 200 Requests for Admission, most of which are immaterial, vague and confusing, argumentative and harassing. These requests are disproportional in light of the issues in this case – the termination of an employee who worked for Kenco for less than three months – and deficient in substance.

11. "Admissions sought under Rule 36 should not be of such great number and broad scope as to cover all the issues of a complex case…Obviously admissions should not be sought in an attempt to harass an opposing party." *See Lantz v. New York C. R. Co.,* 37 F.R.D. 69, 69 (N.D. Ohio 1963) (sustaining objections to various requests); *see also Taylor v. Great Lakes Waste Servs.,* 2007 U.S. Dist. LEXIS 97966, *6 (E. Dist. Mi. Feb. 2, 2007) (finding 297 requests for admission to be oppressive and in violation of Fed. R. Civ. Pro. 26 and permitting party to issue no more than 25 requests for admission); *Joseph L. Conn v. Dep't of Children & Families,* 225 F.R.D. 400, **12 (D. Conn. Jan. 13, 2005) (granting protective order against vexation, oppressive and overly burdensome set of Requests for Admission).

4

12.     Even in situations where a party has not responded, or objected, to Requests for Admission, the Court has discretion to permit a party to amend responses if it would promote the presentation of the merits of the action and would not prejudice the requesting party. *See Warfield v. City of Chicago,* 565 F. Supp. 2d 48 (N.D. Ill. July 16, 2008).

13.     This lawsuit should be resolved on the merits and a finding that Defendants have admitted all of the nearly 200 Requests for Admission would be detrimental to such a result. The Court has discretion to manage discovery in a way that encourages the parties to comply with the Federal Rules, cooperate in good faith, and allow a party to use discovery for harassment or abuse toward the other party.

14.     In consideration of Madison's harassing and voluminous Requests for Admission which violate Fed. R. Civ. Pro. 26(g), and Defendants' timely objections as well Defendants' good faith efforts to cooperate and resolve the disputes, Madison's Motion to deem the Facts Admitted should be Denied in its entirety.  In the alternative, should the Court determine that any reasonable number of these Requests are seeking proper facts and require further response, Defendants will agree to respond to them promptly.

    WHEREFORE, Defendants Kenco Logistics Services, LLC and Kelvin Walsh, respectfully request that this Court deny Plaintiff's Motion to deem facts admitted (DOC. 63) and grant such further relief as this Court deems proper.


 Dated: July 12, 2017                                    Respectfully submitted,

                                                         **KENCO LOGISTIC SERVICES, LLC
                                                         AND KELVIN WALSH**

                                                         By:/     /s/ Jody Wilner Moran
                                                                 One of its Attorneys

2:15-cv-02290-CSB-EIL    # 66    Filed: 07/12/17    Page 6 of 7

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

6

**CERTIFICATE OF SERVICE**

    I, Jody Wilner Moran, an attorney, hereby certify that on July 12, 2017, I electronically filed a copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion to Deem Facts Admitted** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via electronic and U.S. mail to:

    Mary Madison (*pro se*)
    9758 South Charles
    Chicago, IL 60643
    Mdj123197@aol.com


                By: /s/ *Jody Wilner Moran*
                      One of the Attorneys for Defendant