E-FILED
Wednesday, 12 July, 2017 11:42:28 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT C

| | |
|---|---|
| **From:** | Mary <mdj123197@aol.com> |
| **Sent:** | Monday, April 03, 2017 11:50 PM |
| **To:** | Argentieri, Julia P. (Chicago) |
| **Cc:** | Kimberly Overbaugh; Tom Davies; Moran, Jody Wilner (Chicago); Watkins, Brittany (Chicago) |
| **Subject:** | Re: Madison v. Kenco |

Good day,

I will apologize about your perception that the request is harassive and voluminous.

With that being said, my discovery was timely served. It meet the criteria for discovery. I am entitled to discovery from all defendants and just because you provided me with thousands of pages of documents that were capriciously and randomly placed in a box does not mean that it meets my established needs.

Furthermore, what you provided is only what was provided by myself and your client to the IDHR and EEOC; in which, I am in possession of and have tendered to you as well.

In addition, it is your ethical and fiduciary duty to tender discovery that is intended to be used at trial for the defense of your clients Kenco and Walsh. In the apps made manner and standards you required and that you held me too.

Moreover, per your request I catalogued and categorized each and every document that was sent to you and correlated it to your requests.

The documentation requested is a mere fraction of the information that was tendered to you. Therefore, in my opinion the request is not harassive, unreasonable, burdensome, or voluminous. As you should know or should know, your client has an extensive company policy list of well over 300 policies, excluding there subparts. Not to mention emails, correspondence and the like that are associated with this matter.

Furthermore, as indicated to you relevant documents were omitted and excluded from my personnel file that was tendered to the IDHR, EEOC and myself. With that being said, I am left with no other choice, but to exercise the rights afforded to me.

From your statement and your actions, should my takeaway be that this is the information that you intend to use at trial or is this part of some alternate judicial scheme that was not outlined as the course of action by the court. Please advise.

Moreover, it seems odd that after the discovery is well over due, this presence of mind emerges that the discovery is harassive and voluminous.

Since you cited regulations and authority relative to my discovery request, please identify and specify exactly how you derived at this presence of mind and relegate it to the proper and governing regulation and authority.

Thanks


sent from my iPad

On Apr 3, 2017, at 6:21 PM, "Argentieri, Julia P. (Chicago)" <Julia.Argentieri@jacksonlewis.com> wrote:

Ms. Madison-
Please see the attached letter and let us know if you'd like to set up a time to discuss the discovery issues identified.

Regards,
Julie Argentieri

**Julia P. Argentieri**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2533 | Main: (312) 787-4949
Julia.Argentieri@jacksonlewis.com | www.jacksonlewis.com
***Jackson Lewis P.C. is included in the 2016 rankings of the AmLaw 100 and Global 100 law firms.***

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

<Discovery Letter to Madison 040317.pdf>