IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
JUL 25 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

MARY MADISON,

    Plaintiff,

                               Case No. 15-ev-2290-CSB-EIL

V.

KENCO LOGISTIC SERVICES, et. al.,

Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION ON THE ACCURACY OF MADISON'S IN FORMA PAUPERIS APPLICATION

In a scorched earth approach and yet another desperate attempt to avoid the merits of this case, which addresses the actions taken by Defendants and their counsel to impair, impede, hinder, frustrate and thwart the fundamental rights of Plaintiff, Defendants have filed a Motion to alleging that Plaintiff had filed a misleading (In forma pauperis) IFP on December 7, 2015 document number 2.

To cut straight to the chase before I express my disconcertedness and discontentment about the Defendants maligning, collusive and overreaching intentional misstatements, attached is my bank statement from November 19, 2015 to December 19, 2015 hereto attached as Exhibit A. The beginning balance was $197.16 on November 19, 2015, on the date that the IFP was filed on December 7, 2015 the balance was $13.99 hereto attached as Exhibit B. Based upon the amounts

1

in the bank immediately before and at the time filing, I did not have sufficient liquid assets or the resources necessary to file the case; thereby prompting me to file for the IFP. Plaintiff indeed was in an impecunious situation.

Moreover, the application is consistent with the information provided to Defendants' counsel in discovery. Therefore, Plaintiff does not understand how Defendants counsel came to the conclusion that Plaintiff had sufficient assets not to have proceeded in IFP. In addition, to quail any other questions that may arise this is also the same bank account that Defendant directly deposited Plaintiff's payroll in in 2013.

Furthermore, it is my belief that Defendants' counsel in retaliation for raising issue about their misconduct, as it relates to making fraudulent and misleading statements to the court and tribunals, committing fraud on the court, as well as, impeding and obstructing justice, filed this meritless and baseless motion in a vain attempt to undermine Plaintiff's credibility using a snowman's chance in Hades, as a glimmer of hope to either have Plaintiff sanctioned again or Plaintiff's case dismissed.

Plaintiff believes that this motion was a contrived and colluded stunt between Defendants Walsh, Kenco, Mars and their respective legal counsel to hinder, delay, frustrate and thwart Plaintiff's rights. Undoubtedly, any person that is unemployed, no revenue or a sufficient revenue stream, will dissipate their assets. This is simple mathematics; this would even hold true for Warren Buffet, Bill Gates, Jeff Bezos, Amancio Ortega, or Carlos Slim Helu, if their income streams became stifled or stagnated. Therefore, Plaintiff cannot understand how Defendant came to this conclusion without any factual evidence.

Plaintiff also believes this to be true from Defendant Mars and Kenco's concerted actions as it relates to Plaintiff's deposition. Plaintiff was not noticed by Defendant Mars in writing according to the Civil Rules of Procedure, but informed that Plaintiff would be deposed by Mars the day of the Kenco Deposition. In addition, upon information, belief and research Defendant Mars counsel at the time had not made application with the court according to the local rules and had not registered with the Attorney Registration Committee of Illinois to practice law. However, he was indeed at the law offices of Jackson and Lewis unbeknownst to me to conduct a portion of the deposition.

Plaintiff also believes this to be true from the contrived scheme in which Defendant Kenco impeded and hindered justice by filing a motion to amend a scheduling order at the Department of Labor, another tribunal, by making a patently false and misleading statement that the discovery was agreed upon to be in concert and that *because this court had not resolved their discovery issues they had not taken my deposition*[1]; when in fact the court had resolved those issues weeks before their motion was filed[2] and Defendant had of their own volition rescheduled the Deposition of September 2016. In addition, to that Defendants' counsel went on to say on the status call of April 4, 2017 that she was trying to figure out how to set up the deposition for both matters; when in fact she had already set up the combined deposition without speaking with me for this matter or the counsel on the other matter and sent notice by email and Fedex after they had decided to combine the matters on or about March 29, 2017; clearly before the status call.

This in turn caused me to raise issue with this practice. In addition, Defendant continued to make all types of misleading, unethical and patently false statements to this court in an effort to

---

[1] The court had resolved the outstanding discovery issues on February 8, 2017 by court order according to document number 46.
[2] The motion to reschedule with the Department of Labor was filed on or about February 24, 2017; clearly several weeks after this court's order of February 8, 2017.

create a subterfuge for Defendants egregious misconduct; thereby causing me causing me to be sanctioned for advocating for my rights in some type of contrived plan of trickery and deceit by Defendant. My contention is that if Defendants counsel had followed proper protocol and not been contriving, conniving, as well as, intentionally and patently deceiving that situation or scenario would not have occurred whereby it gave the appearance that I was not following the courts directive and being contemptuous. To date, no alleged combined deposition has taken place nor has a deposition for that matter happened.

Plaintiff also believes this to be true because Defendants' have either failed to produce documents that they are mandated by law to have and retain to be complaint or have provided documents that do not fit into the mandated documented scheme of document control or the prevailing quality management system of ISO 22000, FSMA, Bioterrorism Act and other codified standards.

Plaintiff also believes that Defendants' motion and other antics are a waste and dissipation of judicial resources and time, as well as, a blatant misrepresentation of the facts in an effort to hinder justice. Plaintiff also believes that Defendants actions were harassive, as well as, retaliatory. Plaintiff also believes that this was done in bad faith, as Defendant had no tangible or factual basis to make such an outrageous claim. Plaintiff also knows that cheaters never win.

**Wherefore, in conclusion** based upon the aforementioned reasons Plaintiff respectfully request that Court deny Defendants' Motion.

Respectfully submitted, **MARY MADISON**

By: _____

Pro Se
MARY MADISON
9758 S. Charles
Chicago, IL 60643

## CERTIFICATE OF SERVICE

Please take notice that on July 25, 2017, I, Mary Madison, hereby, certify that I did file a **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION ON THE ACCURACY OF MADISON'S IN FORMA PAUPERIS APPLICATION** with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 15-cv-02290-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

_____
Pro Se
MARY MADISON
9758 S. Charles
Chicago, IL 60643
773.297.9569

Kimberly J. Overbaugh
Thomas R. Davies
Harmon & Davies, P.C.
2306 Columbia Ave
Lancaster, PA 17603

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601