IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-2290-CSB-EIL |
| v. | ) |
| | ) |
| KENCO LOGISTIC SERVICES, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO SUPPLEMENT RECORD RELATED TO DOCKET 65, THE ACCURACY OF TESTIMONY AND SUBMISSIONS OF PLAINTIFF**

Defendants, Kenco Logistics Services, LLC and Kelvin Walsh by and through their undersigned attorneys, move to supplement the previously filed motion related to the accuracy of Madison's *in forma pauperis* application (Dkt. 65) with additional information related to the truthfulness of Madison's testimony and court submissions as follows:

1.   On May 24, 2017 Plaintiff Mary Madison was deposed. During her deposition, she was asked about her relationship with Jordan Hoffman, the attorney who has not filed an appearance, but by her own testimony, is assisting her, and other plaintiffs, in their *pro se* lawsuits against Kenco.[1]

2.   Madison testified that she had never performed work for Jordan Hoffman. Specifically, she was asked about how long she had known Hoffman and stated:

> **A:   I've known him – it's – it's been a number of years. I can't put a date to it, but it's been a number of years.**
> Q.   More than five years?
> **A:   Yes.**
> Q:   More than ten years?
> **A:   Probably.**

---

[1] The issue of Jordan Hoffman's involvement is presently pending before the court in *Tyson v. Kenco,* 15-cv-02288. *See* text order entered July 25, 2017 and hearing held August 7, 2017.

> Q: Okay. Did you ever work for him?
> **A: Absolutely not.**
> Q: And how would you describe the nature of your relationship?
> **A: A business casual relationship.**

*See Ex. A, Madison Dep. Tran. 12:4-14.*

3. In the process of responding to discovery requests for the *Edith McCurry v. Kenco* lawsuit, Case No. 16-CV-2273, Counsel for Defendants reviewed McCurry's IDHR file which was received in response to a FOIA request, and noticed that Mary Madison had identified herself as a legal representative for Edith McCurry from Jordan Hoffman's law firm in communications to the IDHR. The notes state that *"Madison refused to reference her availability and refused to allow **her client** McCurry to state her availability. Madison also stated 'I am not prepared today to provide my availability or my clients availability,' and indicated that she would get back to Staff immediately after the interview to provide availability." See Ex. B, IDHR Investigator Telephone Notes (emphasis added).* The notes further refer to Madison as "Complainant Attorney Assistant Madison." *Id.*

4. Madison's statement that she "absolutely" did not work for Hoffman appears to stand in direct contradiction to her representations to the IDHR investigator that she was a representative for her client, Edith McCurry, from Jordan Hoffman's office. *Compare Ex. A with Ex. B.*

5. Furthermore, Madison's testimony that she has not worked since 2013 appears to contradict the investigator's notes indicating that she was holding herself out as an employee of Jordan Hoffman's law firm to the IDHR investigator in September 2015. *See Ex. B.*

6. Additionally, it is troubling if Madison was practicing law without a license by attempting to act as a legal advocate to Edith McCurry and other *pro se* plaintiffs who have lawsuits against Kenco.

7. Defendants respectfully request that the Court consider this additional information in making a determination on the pending motion related to the accuracy of Madison's statements on her *in forma pauperis* application.

## CONCLUSION

WHEREFORE, for all the reasons stated herein, Defendants request that this Court supplement the pending motion related to the accuracy of Madison's *in forma pauperis* application (Dkt. 65) with newly discovered information that has come to the attention of Defendants related to Madison's potential misrepresentations and/or improper practicing of law without a license and grant such further relief as this Court deems just and proper.

Dated: September 1, 2017

Respectfully submitted,

**KENCO LOGISTIC SERVICES, LLC AND KELVIN WALSH**

By: /s/ Jody Wilner Moran
       One of its Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
**Jackson Lewis P.C.**
150 North Michigan Ave., Suite 2500
Chicago, Illinois  60601
Telephone: (312) 787-4949
moranj@jacksonlewis.com
julia.argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, hereby certify that on September 1, 2017, I electronically filed a copy of the foregoing **Defendants' Motion to Supplement Record Related to Dkt. 65, the Accuracy of Testimony and Submissions by Plaintiff** with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy was also sent via U.S. mail and email to:

>Mary Madison (*pro se*)
>9758 South Charles
>Chicago, IL 60643
>Mdj123197@aol.com

>By: /s/ *Jody Wilner Moran*
>     One of the Attorneys for Defendant